UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE and CARLY VICKERS MORSE, on behalf of themselves and all others similarly situated, </br></br>Plaintiffs,</br></br>v.</br></br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ED MURNANE, WILLIAM G. SHEPHERD and CITIZENS FOR KARMEIER,</br></br>Defendants. | Case No.: 3:12-cv-00660-DRH-PMF</br></br>Chief Judge David R. Herndon</br></br>**ORAL ARGUMENT REQUESTED** |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel of record, and pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiffs' Class Action Complaint ("Complaint") on the following grounds:

1.   Plaintiffs' Complaint asserts RICO claims challenging the judgment that the Illinois Supreme Court rendered against Plaintiffs in *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 835 N.E.2d 801 (2005), a nationwide class action brought against State Farm in Illinois state court in 1997.  Plaintiffs were named plaintiffs and class members in *Avery*.

2.   In their Complaint, Plaintiffs allege that State Farm supported the election campaign of Illinois Supreme Court Justice Lloyd Karmeier and that Justice Karmeier's participation in the decision in *Avery* was improper.  Plaintiffs also allege that State Farm

misrepresented its support of Justice Karmeier's campaign in submissions filed with the Illinois Supreme Court.

3. In 2005, 2006, and 2011, Plaintiffs presented substantially similar allegations and arguments regarding Justice Karmeier's participation in *Avery* in multiple motions and memoranda submitted to the Illinois Supreme Court and in a Petition for Certiorari filed in the United States Supreme Court. Those allegations and arguments were rejected by the Illinois Supreme Court, and certiorari was denied by the United States Supreme Court.

4. Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for a lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Plaintiffs' claims are "inextricably intertwined" with the Illinois Supreme Court's decision in *Avery* and would impermissibly require this Court to review that decision and hold that it was improperly reached.

5. In the alternative, Plaintiffs' Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because their claims are barred by the *res judicata* and/or collateral estoppel effect of the Illinois Supreme Court's decision in *Avery*.

6. Plaintiffs' Complaint also should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim. As a matter of law, Plaintiffs' RICO claims accrued in 2005 when the judgment in *Avery* was reversed, or, at the latest in 2006, when Plaintiffs' petition for certiorari was denied, and became time-barred in 2009 or 2010. In addition, Plaintiffs have not adequately pled the requisite elements of proximate cause, a pattern of racketeering activity, an enterprise, predicate acts, or conspiracy.

7. Attached as Exhibit A to this Motion is a table showing in detail the substantial similarities and repetitions between Plaintiffs' present Complaint and their earlier filings in *Avery*.

8. Attached as Exhibit B to this Motion is State Farm's Appendix, which contains various orders by the Illinois and United States Supreme Courts in *Avery* and the related filings by the parties. For ease of identification, State Farm has numbered each page of the documents contained within the Appendix as "SF-[number]" and has included a detailed index at the beginning of the Appendix.

9. In further support of this Motion, State Farm also has submitted State Farm's Memorandum of Law in Support of Its Motion To Dismiss Plaintiffs' Class Action Complaint.

WHEREFORE, for the reasons set forth in this Motion and the supporting Memorandum of Law, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests that Plaintiffs' Class Action Complaint be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, with prejudice pursuant to Rule 12(b)(6).

Dated: July 10, 2012                                               Respectfully submitted,


|  |  |
|---|---|
|  | */s/ Patrick D. Cloud* |
| J. Timothy Eaton, #0707341 | Patrick D. Cloud #06282672 |
| SHEFSKY & FROELICH, LTD | HEYL, ROYSTER, VOELKER & ALLEN |
| 111 East Wacker | Mark Twain Plaza III, Suite 100 |
| Suite 2800 | 105 West Vandalia Street |
| Chicago, IL 60601 | P.O. Box 467 |
|  | Edwardsville, IL 62025 |
|  |  |
| Of Counsel: |  |
| Sheila L. Birnbaum | Joseph A. Cancila, Jr. #06193252 |
| Douglas W. Dunham | James P. Gaughan #6204406 |
| Ellen P. Quackenbos | SCHIFF HARDIN, LLP |
| Douglas E. Fleming III | 6600 Sears Tower |
| SKADDEN, ARPS, SLATE, MEAGHER | 233 South Wacker Drive |
|   & FLOM LLP | Chicago, IL 60606 |
| Four Times Square |  |
| New York, NY 10036 |  |

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above Defendant State Farm Mutual Automobile Insurance Company's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Class Action Complaint was served upon the following counsel on July 10, 2012, via the Court's CM/ECF system:

Charles F. Barrett – Charles@cfbfirm.com
Attorney for Mark Hale, Carly Vickers Morse
and Todd Shadle

Laura C. Hayden – lch@greensfelder.com
Russell K. Scott – rks@greensfelder.com
Attorneys for Williams G. Shepherd


Dated:  July 10, 2012

                                                               /s/ Patrick C. Cloud
                                                         HEYL, ROYSTER, VOELKER & ALLEN

18905339v1