IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HALE, TODD SHADLE, and CARLY VICKERS MORSE,** on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.   12-cv-660-DRH-SCW |
| vs. ) ) | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ED MURNANE,** and **WILLIAM G. SHEPARD,** ) ) ) ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

This matter is before the Court on Defendant State Farm Mutual Automobile Insurance Company's Motion to Stay Discovery (Doc. 72). Defendants Ed Murnane and William G. Shepard have joined in with Defendant State Farm's motion (Docs. 74 & 76). Defendants ask that discovery be stayed until an order is issued on Defendants' pending motion to alter or amend (Docs. 72, 73, & 75). Plaintiffs have filed a Response in opposition to Defendants' motion (Doc. 88). Defendants have filed a Reply (Docs. 95, 96, & 97). The Court rules as follows.

Defendants seek to stay discovery in this case pending the resolution of their motion to reconsider which seeks a reconsideration of Chief Judge David R. Herndon's Order denying Defendants' motion to dismiss (Doc. 70). Defendants argue that their motion to reconsider presents strong arguments for Chief Judge Herndon to reconsider his ruling on the motion to dismiss which, if granted, will dispose of the case and render any discovery taken in this case moot. Defendants argue that the Court has all the information it needs before it to rule on the pending motion to alter or amend, and further discovery would likely raise complex privilege issues which could be avoided by

staying discovery.

The power to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at * 2 (S.D. Ill. May 24, 2007) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (internal citations omitted)). The decision to issue a stay rests within the district court's discretion, subject to the requirement that such a discretion be exercised in a manner that is consistent with equity and judicial economy. *See Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1955)(citing *Landis*, 299 U.S. at 354); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (broad discretion in matters of discovery); *Cherokee Nation of Okla. v. United States,* 124 F.3d 1413, 1416 (7th Cir. 1997) (when and how to stay proceedings within sound discretion of the court); *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) (broad discretion in controlling discovery); *George v. Kraft Foods Global, Inc.,* No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D.Ill. Dec. 22, 2006). A stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988); *Landstrom v. Ill Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (qualified immunity should be decided before allowing discovery).

Here, the Court **DENIES** Defendants' motion to stay discovery. Although Defendants contend that they have strong arguments which will likely convince the District Court to reconsider its findings on the motion to dismiss, Defendants have failed to offer any new arguments or insight to suggest that Chief Judge Herndon will grant their motion to reconsider. Defendants argue

that Chief Judge Herndon failed to consider their exhibits and take judicial notice of certain documents, and overlooked Seventh Circuit precedent.  However, nothing Defendants offer in support of their arguments leads this Court to believe that Chief Judge Herndon did not consider the exhibits and facts Defendants point to.   Nor do their offerings suggest that Chief Judge Herndon did not review and reject all of the arguments offered by Defendants in support of their motion to dismiss.  Instead, it appears to the undersigned that Chief Judge Herndon gave substantial consideration, in his *forty-three page* opinion, to the arguments presented in the briefs, and rejected Defendants' position.  Nothing the Defendants present now gives the undersigned any confidence that the District Court will reconsider its prior ruling, especially given the high bar that Defendants must meet in seeking to overturn the Court's prior ruling.  Further, the undersigned notes that Chief Judge Herndon specifically directed in his Order (Doc. 67) that the stay in this case be lifted and that discovery will proceed.  The undersigned sees no reason not to follow that directive from the District Court.  Accordingly, the Court **DENIES** Defendants' motion to stay (Docs. 72, 74, & 76).

**IT IS SO ORDERED**.
DATED: May 21, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge