IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK HALE, TODD SHADLE,**
**and CARLY VICKERS MORSE,**
**on behalf of themselves and all**
**others similarly situated,**

**Plaintiffs,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, EDWARD**
**MURNANE, and WILLIAM G. SHEPHERD,**


**Defendants.**                                    **No. 12-0660-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

**I. Introduction**

Pending before the Court is defendant State Farm Mutual Automobile
Insurance Company's motion to alter or amend the Court's memorandum and
Order dated March 28, 2013 or, in the alternative, for certification for
interlocutory review pursuant to 28 U.S.C. § 1292(b) (Doc. 70).[1]  In a nut shell,
defendants argue that the Court should alter or amend its Order because the
Court overlooked and misapprehended controlling Seventh Circuit precedent and
that Court overlooked indisputable facts that were entitled to judicial notice and
the Court relied solely on the allegations of plaintiffs' complaint.  Plaintiffs filed an

---

[1] Defendants Murnane and Shepherd joined in the motion (Docs. 73 & 75).

opposition to the motion (Doc. 87) and defendants filed a reply (Doc. 94).  Based on the following, the Court denies the motion.

## II. Analysis

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously.  *Harrington v. City of* Chicago, 433 F.3d 542, 546 (7th Cir. 2006); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001)("Rule 59(e) requires that the moving party ... 'present newly discovered evidence' or 'clearly establish a manifest error of law or an intervening change in the controlling law.'"); Matter *of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).  The Seventh Circuit has emphasized that Rule 59(e) may not be used to relitigate issues already argued or to present new arguments that *could have been presented* before judgment was entered.  *See, e.g., Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers Resource, Inc., v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**.**

Defendants contend that the Court failed to consider judicially noticeable facts and misapprehended the legal standards for a motion to dismiss; that the Court misapprehended the law and facts as to the *Rooker-Feldman* issue; that the Court overlooked controlling Seventh Circuit law when it found that plaintiffs'

claims were not time-barred; that the Court overlooked judicially noticeable facts establishing the absence of causation regarding the RICO claims and that the Court misapprehended the legal principles as to the RICO predicate act.  Plaintiffs oppose the motion asserting that defendants, in both the motion to dismiss and the motion to alter or amend, repeatedly attempt to mischaracterize plaintiffs' theories and factual allegations.   Plaintiffs also assert that defendants are repeating and rehashing previous arguments that have been rejected.  The Court agrees with plaintiffs.

After review of the record and case law *again*, the Court finds that defendants neither presented newly discovered evidence nor identified a manifest error of law of fact.  The Court did not overlook judicially noticeable facts, as defendant suggests.  Defendants' motion merely takes umbrage with the Court's ruling and rehashes old arguments.  In rendering this Order and the forty-three page Memorandum and Order denying the motions to dismiss, the Court examined the evidence and case law submitted by the parties.  The Court remains convinced of the correctness of its position.  Thus, the Court rejects defendants' motion to alter or amend its March 28, 2013 Memorandum and Order.  Further, the Court is not persuaded that there are controlling issues of law or that an appeal of this will materially advance the ultimate termination of this litigation.

Section 1292(b) states that when a district court judge believes that an order for an interlocutory appeal involves 1) a controlling question of law, 2) to which there is a substantial ground for difference of opinion, and 3) an immediate

appeal from the order may materially advance the ultimate termination of the litigation, then the district judge may certify the request for such an appeal. Thereafter, the Court of Appeals has discretion in permitting an appeal from such an order. *See* 28 U.S.C. § 1292(b); *In re Text Messaging Antitrust Litigation,* 630 F.3d 622, 624 (7th Cir. 2010) (stating that the district court must give permission to allow an interlocutory appeal before the Court of Appeals makes a final decision about an immediate appeal).    The criteria under 1292(b) are "conjunctive, not disjunctive."*Ahrenholz v. Bd. Of Trs.,* 219 F.3d 674, 676 (7th Cir. 2000).   Further, a request for an interlocutory appeal must be filed "within a *reasonable time* after the order sought to be appealed." *Id.* at 675–76 (emphasis in original).

As noted above, an appeal under 1292(b) must involve a controlling question of law as to which there is substantial ground for difference of opinion.[1] Defendant has failed to demonstrate that these are controlling questions of law.  A "question of law" under section 1292(b) must be a "pure" question of law, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine …" *Id.* at 676–677. Application of a legal standard is a question of law. *In re Text Messaging Antitrust Litigation,* 630 F.3d at 626. However, the determination here does not

---

[1]This involves three separate issues. (1) the question must be *controlling;* (2) the question must be a question of *law;* and (3) the question must be a question to which there is substantial ground for difference of opinion.

involve pure questions of law, but will require the Seventh Circuit to look at evidence, facts and affidavits.

Judicial efficiency is an underlying principle behind section 1292(b). Certification by a district court for an interlocutory appeal may be justified upon the basis that it will expedite litigation. *Matter of Hamilton*, 122 F.3d 13, 15 (7th Cir. 1997) ("[N]o basis has been laid for thinking that answering the former will expedite the litigation."). Defendants provide no evidence that an immediate appeal from the Order would materially advance the termination of this litigation and the Court finds no evidence that approving defendants' motion would expedite this litigation.   Further, the Court does not find that exceptional circumstances exist to allow the interlocutory appeal.  As pled in the complaint and as stated numerous times by the Court, this case does not seek a review of *Avery*; rather it is a new and different cause of action based on entirely different conduct.  Defendants' arguments miss the mark.  Therefore, this Court does not find that an immediate appeal would materially advance the litigation.

### III. <u>Conclusion</u>

Accordingly, the Court **DENIES** defendant State Farm Mutual Automobile Insurance Company's motion to alter or amend the Court's Memorandum and Order dated March 28, 2013 or, in the alternative, for certification for interlocutory review pursuant to 28 U.S.C. § 1292(b) (Doc. 70).  Further, the Court **LIFTS** the temporary discovery stay Order (Doc. 132) and **FINDS as moot** defendant's appeal of Magistrate Judge's ruling denying motion to stay discovery

(Doc. 126).   Again, the Court **DIRECTS** Magistrate Judge Williams to issue a
Scheduling and Discovery Order.

**IT IS SO ORDERED.**

Signed this 4th day of December, 2013.

David R.
Herndon
2013.12.04
14:59:11 -06'00'

**Chief Judge**
**United States District Court**.