IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HALE, et al.,** | ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) ) Case No.   12-cv-660-DRH-SCW |
| **STATE FARM AUTOMOBILE INSURANCE COMPANY, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On August 27, 2014, the Court held a discovery dispute conference to discuss various issues including the two pending motions regarding the relevant time frames for discovery (Docs. 227 and 233).  The following summarizes the Court's findings and rulings at that hearing.

**A.     Scheduling of Arguments for Tillery Privilege Assertions (Doc. 236).**

The parties first discussed the briefing schedule and hearing date for State Farm's recently filed Motion to Overrule Tillery Group's Privilege Assertions (Doc. 236).  The parties indicated that they agreed to an extension of time on the response deadline, setting the deadline for **September 12, 2014**.  The Court agreed to the consented extension along with a reply brief deadline of **September 22, 2014**.  While State Farm sought to have a separate hearing on the Tillery Group's privilege assertions from any issues with Plaintiff's privilege assertions, which have yet to be discussed between the parties and for which a motion is not currently pending, Plaintiffs indicated that some of the legal issues might overlap and they requested to have a chance to discuss their position on any of the privilege arguments which also relate to their privilege assertions.  The Court noted that there should be additional meet and confers regarding Plaintiff's privilege assertions and set a September 15,

2014 status conference to discuss the progress of those discussions. At that time, the Court will discuss setting further briefing schedules regarding Plaintiff's privilege assertions and the framing of the issues regarding both sets of privilege assertions in order to determine if any of the potential issues with Plaintiff's assertions overlap with the arguments raised regarding the Tillery Group's assertion. A hearing date for the motions will also be set at that time. Telephone conference on this issue is set for **September 15, 2014 at 3:15 p.m.** Parties may appear by phone or in person. The Court also sets a discovery dispute hearing for **10/1/14 at 1:00 p.m.** at which time the Court will address any discovery disputes that are ripe.

**B.     Motions Regarding Relevant Time Frame for Discovery**

The Court next took up dueling motions regarding the relevant time frame for discovery filed by both Plaintiffs (Doc. 228) and Defendants (Doc. 227) and the respective responsive briefs (Docs. 239 and 233, respectively). Defendant State Farm seeks a limitation on discovery starting on November 1, 2002, a year prior to when the RICO enterprise created by Defendants and non-party participants allegedly began, accordingly to Plaintiff's Complaint, in November 2003. State Farm argues that there are no acts alleged in the Complaint which occur prior to November 2003. It was only on November 26, 2002 when the ICJL allegedly discussed recruiting Justice Karmeier to run for the Supreme Court seat. Defendants also argued that discovery should be limited from November 1, 2002 to 2004, and then January 31, 2005 and September 19, 2011 as those two dates are the only dates of predicate acts identified by Plaintiffs in their Complaint. Defendants argue that Plaintiffs have offered no evidence of predicate acts from 2006 to 2011 which would allow for discovery for that time period. Plaintiffs, in return, argue that discovery should be allowed from April 5, 2001 to the present. Plaintiffs acknowledge that April 5, 2001 is the proper starting point for discovery as on that date the appellate court of Illinois affirmed the award in the *Avery* case. Plaintiffs

allege that after that date, Defendants began their enterprise to recruit and finance a candidate for the Illinois Supreme Court who would hear the *Avery* case. Plaintiffs also argue that they have already received documents from Defendants from 2001 which could show that Defendants were looking for candidates at that time. Plaintiffs also argue that evidence from 2001 until the present is relevant to whether Defendants sought to conceal their participation in the Karmeier Supreme Court election.

Federal Rule of Civil Procedure allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." **FED.R.CIV.P. 26(b)(1).** Information is discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Discovery is limited when "the burden or expense of the proposed discovery outweighs its likely benefit." **FED.R.CIV.P. 26(b)(2)(C)(iii).** Here, Defendants have not shown any burden or expense with which the Court could weigh the benefit of the discovery Plaintiff seek. Thus, the sole issue before the Court is whether the timeline of discovery Plaintiffs seek is potentially relevant or is reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs propose a timeline from April 2001 to the present. This is the date when the *Avery* decision was decided by the Illinois appellate courts and when, according to Plaintiffs, Defendants began their scheme of recruiting a candidate to fill the Illinois Supreme Court seat in order to overturn that verdict. The Court finds that this time frame, beginning immediately after the *Avery* decision, is reasonably calculated to lead to the discovery of admissible evidence as it could show the motives of the Defendants in seeking to conduct their alleged scheme. Further, Plaintiffs have offered some indication that there may be discoverable information from that time period which evidences the seeds of the alleged scheme involving State Farm and ICJL. In most cases, the activities of the parties preceding an event which forms the basis of a complaint are relevant to the merits. For instance, in employment cases where an employee alleges wrongful termination, while the Complaint

lists a specific termination date as the employer's improper conduct, activities prior to that date, including past interactions and dealings between the employee and his employer are relevant in determining whether an employee's termination was improper.

Similarly, the Plaintiffs have alleged a scheme to conceal the Defendants' activities in electing Justice Karmeier. If taken as true for purposes of discovery, there would be every reason to believe that there would be some discoverable information evidencing such a scheme to conceal from the time of the scheme's inception to the present. Defendants arguments to the contrary are more along the lines of "this didn't happen and there is no reason to believe any such evidence exists." But that amounts to a premature discussion of the merits. Plaintiffs are first entitled to discover whether such evidence exists.

In this case, evidence of past activities of the Defendants, particularly those which occurred after the *Avery* opinion was issued, between the 2005 and 2011 filing dates, and all the way up to the present time, could lead to evidence showing the Defendants' motives and intent to both elect Karmeier and cover-up their involvement in the election after the fact. Thus, the Court will not put an artificial time limit as suggested by Defendants. As such, the Court limits discovery to the relevant time period of April 2001 to the present. The Court also notes that the principles of relevance and privilege still apply.

C.   Issues with Telephone Subpoenas

Counsel for Justice Karmeier indicated that he recently learned that Plaintiffs have obtained copies of both Justice Karmeier's and his wife's phone records, even though the Court previously ordered Plaintiffs to inform the phone companies not to provide them with such records. Counsel indicated that he learned Plaintiffs had not only received those documents, but disseminated them to the Defendants and possibly others. Plaintiffs indicated that counsel who served those

subpoenas did, in fact, email the phone companies about the Court's order but that those records were included inadvertently in the phone company's submissions to Plaintiffs. However, they were not aware that they had received the records as they were included in other records that they had properly requested and they had not reviewed those documents. They also acknowledged that they provided Defendants with a copy of all of the records and that Defendants, in fact, informed Plaintiffs of the inclusion of the Karmeier records. Since that time, Plaintiffs indicate that they have segregated the information and they have not reviewed the records nor have they disseminated them to any party other than Defendants.

Accordingly, the Court **DIRECTED** all parties to immediately segregate the records, to the extent they have not done so already, and provide a copy of the Karmeier records to his counsel. Parties were also instructed to meet and confer on this issue. If there are further disputes regarding this issue, the Court will take those matters up at the next hearing. Plaintiffs were **DIRECTED** to provide Karmeier's counsel with a copy of the phone records by close of business on **August 28, 2014**.

**IT IS SO ORDERED**.
DATED: August 27, 2014.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge