IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HALE, et al.,** | ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) ) Case No.   12-cv-660-DRH-SCW ) |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On February 25, 2015, the Court held a discovery dispute conference on pending discovery issues. The following memorializes the Court's findings and rulings at that hearing.

**A.     Plaintiffs' Issues with State Farm's Productions**

The Court first took up Plaintiffs' issues with the sufficiency of State Farm's disclosures as to certain sources of electronically stored information ("ESI"). The Court had previously ordered the parties to meet and confer multiple times on the ESI issue prior to the scheduled hearing. While State Farm has produced some information as to what sources it has searched for ESI as to the custodians and individuals listed by Plaintiffs, Plaintiffs have an additional list of ESI sources which Plaintiffs seek to determine whether or not State Farm has searched those sources and, if not, why it has not searched those sources. The Court **DIRECTED** State Farm to respond to request I(A) in Plaintiffs' letter submission which sought disclosure of the ESI sources which were searched for each individual on State Farm's custodian list and the individuals identified by Plaintiffs in their Rule 30(b)(6) notice. State Farm's response shall be in letter format to Plaintiffs and is due on **March 17, 2015**. While State Farm conducts research into these questions, the Court also **DIRECTS** the parties to continue with

their meet and confers on this topic with State Farm to provide progress updates as information becomes available. The parties are **DIRECTED** to meet for at least **three (3) hours** per week until the next scheduled discovery dispute conference, which is scheduled for **March 26, 2015 at 2:30**. Prior to that hearing, the parties shall submit letter briefs to the Court identifying what issues still remain after State Farm's production. Briefs are due by **March 24, 2015 at noon**.

Related to the issue of ESIs, State Farm indicates that it has provided its document retention policy from both 2003-2004 and 2011. State Farm indicates that the policy has evolved significantly since the 2003-2004 policy and Plaintiffs note that they have some confusion about how the policy has been implemented. State Farm has identified an individual who has knowledge of the policies to try to clarify some of Plaintiffs' confusion. The Court **DIRECTS** the parties to move forward with scheduling a Rule 30(b)(6) deposition as to this individual regarding the interpretation of State Farm's document retention policies.

As to other issues which Plaintiffs identified as pending, the parties inform the Court that the issues are now moot or not ripe. Plaintiffs note that the identification of IT personnel for State Farm is moot in light of State Farm's ordered ESI disclosures. Further, the parties note that they are still meeting and conferring on documents regarding State Farm's budget and political contributions as well as minutes from State Farm's Board of Director's meetings.

B.     **State Farm's Issues with Plaintiffs' Productions**

The Court also took up several issues State Farm has with Plaintiffs' productions. State Farm indicates that it take issues with Plaintiffs' productions as Plaintiffs offered little detail as to their own search efforts for materials produced. State Farm takes issue with Plaintiffs' indication that they would not provide documents in their possession from the investigators as they would be duplicative of the documents State Farm obtained from the investigators themselves and that they would not

produce communications between the Plaintiffs' attorneys or a privilege log of those communications. Plaintiffs provided an explanation for how each of the attorney groups provided documents to State Farm, namely that each firm looked through their own documents and then compared those responsive documents to those already produced in order to ensure that any new documents were not merely duplicates. The Court finds nothing amiss with this procedure. Further the Court will not require inter-counsel communication disclosures at this time as there has been no showing as to why these communications would be relevant and not protected by privilege.

State Farm also noted that there is a pending issue as to whether Plaintiffs should have to log any communications between Plaintiffs and the Tillery group regarding the Karmeier election. The parties are to provide a status on that dispute at the next hearing to determine if further briefing and discussion is necessary on this topic.

**IT IS SO ORDERED**.
DATED: February 27, 2015.

>*/s/ Stephen C. Williams*
>STEPHEN C. WILLIAMS
>United States Magistrate Judge