IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK HALE, et al.,   )
　　　　　　　　　　　)
　　　　Plaintiffs,   )
　　　　　　　　　　　)
vs.   )   Case No.   12-cv-660-DRH-SCW
　　　　　　　　　　　)
STATE FARM MUTUAL AUTOMOBILE   )
INSURANCE COMPANY, et al.,   )
　　　　　　　　　　　)
　　　　Defendants.   )

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

On July 22, 2015, the Court held a discovery dispute conference. The following memorializes the Court's findings and rulings at that hearing.

### A. Search Terms

After the Court's July 8, 2015 hearing in which it narrowed the search terms offered by Plaintiff, the parties were left with eight search terms that had not fully been resolved. The Court directed the parties to meet and confer about the scope of those terms. The parties report to the Court that they are in the process of meeting and conferring and will further provide an update and present any remaining issues related to those terms at the hearing currently scheduled for August 11, 2015.

### B. Format of ESI Production (EDFolder and file path issues)

The Court next took up Plaintiffs' issues with the production format of State Farm's electronic discovery. The dispute stems from Plaintiffs' initial requests for production which were submitted to State Farm on March 28, 2014. Plaintiffs argue that those requests sought original metadata from the productions including the EDFolder and filepath but that State Farm manipulated and eliminated that

information from their production. The parties dispute whether this formatting information was ever requested from State Farm, whether the issue was resolved prior to production, and whether the information is relevant and discoverable.

What is clear to the Court is that this issue was not properly brought before the Court until only recently and nearly a year after the parties identified the formatting of electronic discovery as an issue. It appears to the Court that there was some discussion between the parties about the formatting of the production in June and July of 2014, both in written format, as well as verbally in a meet and confer on July 2, 2014. However, the last time that this issue was raised was in Plaintiffs' letter to State Farm on July 16, 2014. The issue was never resolved and State Farm made its initial production on July 18, 2014 with the format that was specified in the July 14, 2014 letter from State Farm. That letter indicated that State Farm would produce load files containing metadata fields as identified by Plaintiffs, except that the productions would not include EDFolder information as State Farm noted in a footnote the meaning of that field would need to be discussed as would the availability of such information.

After reviewing the parties' letter submissions and hearing oral arguments on the issue, the Court makes the following rulings regarding the format of State Farm's production of emails and other documents.

### 1. *Email Productions*

As to State Farm's production of electronic emails, Plaintiffs' June 2, 2014 letter setting forth the format Plaintiffs sought for electronic productions, indicated that Plaintiffs sought certain, specific load metadata fields including EDFolder. The parties discussed the request for EDFolder back and forth in their June and July correspondence but ultimately the parties never reached an agreement as to what EDFolder was or what information it included. However, State Farm was aware that Plaintiffs

sought EDFolder information for the emails produced but indicated in its July 14, 2014 letter that it would not be producing the EDFolder information. Thus, the Court finds that State Farm produced the documents it had collected subject to the objection regarding the EDFolder information and that issue was never resolved. This topic should have been the subject of meet and confers and worked out, or brought to the Court, prior to production of the documents but that did not occur. Instead, State Farm produced the documents subject to its objection. It was a calculated move on its part and was subject to possible overruling by the Court at some point in the future.

Although Plaintiffs have waited a lengthy period to raise the issue, Plaintiffs, in essence, now seek to overrule the objection State Farm made in producing the EDFolder information. Plaintiffs believe that this information may lead to relevant information, including where the document originated, where the document was sent, and who viewed or touched the document. Plaintiffs also believe this information could lead to the identities of other potential custodians. State Farm disputes this, arguing that the EDFolder will only show the location of where the document was housed in the architecture of the electronic system and will not show the information that Plaintiffs believe it will. It is unclear at this time exactly what the EDFolder filepath information will reveal, but Plaintiffs have at least articulated a basis for the information being reasonably calculated to lead to discoverable information.

Further, Plaintiffs requested the information well before the first production made by State Farm and State Farm chose to produce the documents without the information and without first resolving the issue. The Court finds this complies with Plaintiffs' obligations to specify the form of ESI production. **Fed.R.Civ.P. 34(b)(2)(D).** To the extent State Farm now believes that there will be an additional burden in having to go back and produce the metadata with the redaction of any recent changes to the documents, as State Farm did not insulate the documents at the time of the

search from future changes, that burden is on State Farm as it appears it could have protected and produced the EDFolder initially without undue burden. That they did not, but instead produced the documents without the EDFolder filepath information was done at their own peril. Thus, any burden now is a result of their own actions in initially producing the documents. State Farm also argues that producing the EDFolder could result in the production of work product but State Farm has not clearly shown that the production of such information would amount to work product. To the extent it does, it can be redacted.

As the Court finds that the information was clearly requested prior to State Farm's production and is reasonably calculated, the Court now **OVERRULES** State Farm's objection to the production and **ORDERS** State Farm to produce EDFolder information for all of its productions related to email from the time the request was made by Plaintiffs. This includes the three July productions, the September 9, November 17, and December 11 productions, and all future productions to Plaintiffs. State farm will have sixty (60) days from the date of this Order to produce the EDFolder information for its previous productions.

### 2. *Filepath Information*

As to the filepath information, not related to emails, after reviewing Plaintiffs' letters it is clear that this information was not articulated or requested until Plaintiffs' July 16, 2014 letter. Thus, it was not clear to State Farm at the time it made its July productions that Plaintiffs sought such information. However, after the July 16, 2014 letter, State Farm was on notice that the filepath information was sought but the issue was never resolved. Thus, the Court **OVERRULES** any objection that State Farm had to the production of the filepath information from the time they were on notice and order such information produced. This includes the September 9, November 17, and December 11 productions, but does not include the July productions as Plaintiffs had not yet raised the issue at the

time of those productions.   State Farm also has sixty (60) days to make this production.

### C. Rule 30(b)(6) Depositions

Plaintiffs issued a Rule 30(b)(6) deposition notice on March 20, 2015 seeking testimony regarding State Farm's creation and retention of electronic repair records used to identify Avery class members.  Those witness depositions have now taken place and Plaintiffs noted that none of the witnesses were able to provide any information on manually-generated records.   In light of this lack of information gathered from the first depositions, Plaintiffs seek to notice a second Rule 30(b)(6) deposition on the targeted topic of the process of creating and storing manually generated automobile repair estimate records.   State Farm objects to the notice, arguing that the notice is an attempt at a seriatim Rule 30(b)(6) deposition which the rules do not allow.   State Farm argues that this second notice on a similar topic places an enormous burden on State Farm as it now has to designate and educate yet another person on the topics in the notice, when it could have educated that person earlier if the topic had been designated in the original notice

However, the Court does not find Plaintiffs' subsequent deposition notice to be an attempt at a re-deposition under **Federal Rule of Civil Procedure 30(a)(2)(A)(ii)**.   Further, the rules do not place a strict limitation on what topics must be placed in the same deposition notice.   Thus, the Court finds nothing problematic with Plaintiffs seeking to depose a witnesses on this topic, which although similar, is distinct and narrowed from the topics in the first Rule 30(b)(6) notice.   Accordingly, the Court will allow the deposition to proceed but the deposition will be limited to one, 2 ½ hour deposition.

**IT IS SO ORDERED**.
DATED: July 24, 2014.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge