IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HALE, et al.,** | ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) )  Case No.   12-cv-660-DRH-SCW |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,** | ) ) ) ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On August 11, 2015, the Court held a discovery dispute conference. The following summarizes the Court's findings and rulings at that hearing.

### A. Supplemental Discovery Requests

The Court first took up Plaintiffs' supplemental discovery requests #'s 79-99. The Court had previously categorized these requests to produce as "contention requests to produce" and preliminary ruled that all subsections except for (a) (in its modified format), (l), (e), (f), and (g) were inappropriate as the requests sought privileged information. The Court allowed the parties to further brief the issues with the requests for the August 11, 2015 hearing. Having reviewed those briefs and the case law submitted by the parties, the Court rules as follows:

The Court sustains State Farm's objections to requests 79-99 in whole as the requests are not proper under the discovery rules. Looking at the requests, they clearly request mental impressions from State Farm's attorneys. For example, subsection (e) requests documents in State Farm's or its attorney's possession that would show that certain statements made in the 2005 and 2011 briefs were accurate or not accurate. Similarly, subsection (f) asks for any documents that either State Farm or its

attorneys generated after those same briefs that would show the statements made in the briefs were accurate or not accurate. These documents ask State Farm to show its mental impressions. It would require the attorney to exercise judgment as to what documents support or negate their claims. *See* **FRCP 26(b)(3)(B)**. And it would require State Farm's counsel to exercise judgment as to what documents show a certain statement to be false, even though State Farm believed the statement to be true. That exercise of such judgment is work product. *Id.* Even subsection(a) of the requests, which would require the disclosure of documents forming the basis of a statement, ultimately requires the revelation of the attorney's mental impressions concerning what *evidence* – within the full universe of documents in Defendant's possession or control - supports particular statements contained in a brief.

The Court further finds that the statements in the 2005 and 2011 briefs which Plaintiffs seek documents on are actually denials, not factual statements. Thus, the Court finds that requiring State Farm to provide every document which they believe supports or does not support their denials would be akin to requiring production of all documents, by category, supporting each denial contained in the answer to Plaintiffs' Complaint. The Court finds that the discovery rules do not require such detailed and burdensome revelations of counsels' mental impressions.

To be sure, the Federal Rules of Civil Procedure specifically require the revelation of mental impressions with respect to certain evidence. *See* **FRCP 26(a)(1)(A)(i) - (iii) & (3)(A).** Thus, the rules require the disclosure of witnesses and evidence to be used *at trial* in support of claims or defenses. *Id.* Importantly, this affirmative identification of evidence is limited to that which the party intends to use at trial. Not every possible document, and not documents that a party perceives as helpful to the opposing side's case. It is left to the opposing party to identify such documents it receives through other available discovery channels such as a request to produce documents by category. *See* **FRCP 34 & 45.** As it relates to theories of damages, the Rules also require the

identification of documents and materials that support the specific categories of claimed damages. **FRCP 26(a)(1)(A)(iii).** But, other than documents relating to damages, the Rules do not require the parties to break down their disclosures by cataloguing those documents supportive of each factual allegation in a complaint or affirmative defense, or each denial in an answer.

The Plaintiffs contend that these contention requests to produce are no different than contention interrogatories, which are specifically allowed under the Rules. *See* **FRCP 33(a)(2).** But it is not clear to the Court that Rule 33 would further require an answering party to not just provide the factual basis for its contention, but also identify all evidence, whether or not it intended to use such evidence, that supported (or tended to refute) that contention. Furthermore, to the extent that contention interrogatories could be so used, the Rules limit the number of interrogatories a party can propound to 25, thereby limiting the burden which could be imposed by such discovery. But the Court need not answer this question at this time. At issue are requests to produce. To simply treat them as interrogatories would eliminate the presumptive limits imposed by the Rules of Civil Procedure and allow any party to any litigation to circumvent those limits with carefully worded "contention requests to produce."

Plaintiffs point to cases which they argue show that there are times where such production of mental impressions has been allowed. *See Burnett & Morand Partnership v. Estate of Youngs*, **Case No. 10-cv-3-RLY-WGH, --F.Supp.2d--, 2011 WL 1237950 (S.D. Ind. April 4, 2011) (Hussmann, Mag. J.);** *Heckler & Koch, Inc. v. German Sport Guns GmbH*, **Case No. 11-cv-1108-SEB-TAB, 2014 WL 533270, at *2-3 (S.D. Ind. Feb. 7, 2014) (Baker, Mag. J.).** While the Court is not bound by these decisions, the Court feels compelled to explain how they are easily distinguishable from the issues now presented. In *Burnett*, defendant was required to designate which documents "*it intends to use at trial* to support its affirmative defenses." *Burnett,* **at *4.** Thus,

the Court's order did require disclosure beyond what is required by Rule 26(a)(1)(A), but only as to those issues on which the defendant had made an affirmative defense for which it had the burden of proof. Additionally, the disclosure only required, as with Rule 26(a)(1)(A), those documents intended to be used at trial. Lastly, the disclosure was not required until the end of discovery. In *Heckler,* another case cited by Plaintiffs, the Court allowed the production of documents relating to responses to contention interrogatories and defenses. *Heckler,* at *2. But it is unclear what specifically was being sought. Thus, the case generally stands for the proposition that contention requests for production may be appropriate in some instances where related to a response to a contention interrogatory or to an affirmative defense. Neither of which are situations before this Court.

Here, Plaintiffs do not seek documents supporting *factual* allegations or documents that State Farm intends to use at trial. Rather, Plaintiffs seek to have State Farm review all of the documents that have already been produced to Plaintiff and break them down into categories identifying documents that support *denials* contained in briefs – whether or not State Farm intends to use the documents. And Plaintiffs seek not only the identification of documents in support of each of State Farm's denials, they also seek the identification of documents which State Farm believes refutes those denials. Plaintiffs basically request that State Farm tell them which documents negate their denials or show the weakness in their case. The requests seek the mental impressions of counsel, they are unduly burdensome, and they circumvent the limits on discovery imposed by the Federal Rules. Allowing the requests would turn the adversarial process on its head.

The Court, thus, **SUSTAINS** State Farm's objection to Request #'s 79-99. While the Court does not find that contention requests to produce would always necessarily be improper, for the reasons explained on the record and in this summary order, the Court holds that these are.

### B. Remaining Search Terms

The Court next took up issues with the remaining search terms. The remaining search terms which were in dispute, and which the Court previously directed the parties to meet and confer on, were Terms 33, 37, 39, and 41. The parties indicate that Term 35 was also previously in dispute but the parties have worked out the issues with that term.

As to Terms 33, 37, 39, and 41, the Court agrees that Plaintiffs' not be limited as State Farm proposes. Doing so would run the risk of being under-inclusive. The Court's reasoning as to each term can further be found on the transcript.

### C. Submissions of Prior Discovery Disputes and Redactions

In response to the Court's Order in July to review all of the parties' prior discovery dispute submissions for release to the Madison County Record and to provide the Court with requested redactions to the submissions, State Farm provided a disc to the Court with part of their past submissions and proposed redactions. The request from the press related, however, to all prior submissions to the Court from the parties. State Farm only provided prior submissions which were related to the search term issue. Thus, the Court **DIRECTS** the parties to submit all prior discovery dispute submissions to the Court with their proposed redactions. Requested redactions are due **August 21, 2015** and, to the extent there are any disputes about potential redactions, will be discussed at the next hearing set for **September 24, 2015 at 1:30 p.m.**

**IT IS SO ORDERED**.
DATED: August 19, 2015.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge