IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HALE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No.   12-cv-660-DRH-SCW |
| ) | |
| **STATE FARM MUTUAL AUTOMOBILE** ) | |
| **INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendants' request that the Court order production of certain documents maintained by Plaintiffs' retained investigators which are the subject of a claim of work-product privilege. **Fed.R.Civ.P. 26.** The documents are referenced on two privilege logs maintained by Tactical Investigations (DENTON and WOJO) and Daniel Reece (REECE). The Court previously found that Plaintiffs had waived the work product privilege as to at least some documents maintained by the investigators as a consequence of Plaintiffs' affirmative testimonial use of affidavits executed by investigators Reece and Wojcieszak in their filings with the Illinois Supreme Court in *Avery* well as in their filings in this case. *See* **Fed.R.Evid. 502(a).** The parties engaged in further meet and confers narrowing the documents to which the Plaintiffs maintained a claim of privilege. The parties submitted supplemental letters to the Court in December of 2014. The Court received the final version of the Tactical Investigations privilege log in January, 2015. The Court received the final version of the Reece log in May of 2015. The Court has already ordered the production of certain documents from the Tactical Investigations log on the basis that the documents were not work product at all, but public relations documents that were not covered by the work product privilege.

The Court has now completed an exhaustive review of both logs and will order additional documents disclosed to the Defendants based on waiver through affirmative use of the affidavits as well as certain additional documents from the REECE privilege log which are also public relations documents not covered by the work product privilege.

In deciding which additional documents are subject to waiver of the work product privilege the Court is guided by Federal Rule of Evidence 502(a) and Seventh Circuit precedent.  As the Seventh Circuit has pointed out Rule 502 "abolished the dreaded subject matter waiver, ie. that any disclosure of privileged matter worked as a forfeiture of any other privileged information that pertained to that same subject matter." *Appleton Papers, Inc. v. Environmental Protection Agency,* **702 F.3d 1018, 1026 (7th Cir. 2012) (quoting** *Trustees of Elec. Workers Local No. 26 Pension Trust Fund v. Trust Fund Advisors, Inc.* **, 266 F.R.D. 1, 11 (D.D.C. 2010)).**  This is consistent with the advisory committee notes to Rule 502 which provide while "the rule does not purport to supplant applicable waiver doctrine *generally*[,]" the rule does govern "certain waivers by disclosure."  *See* **Fed.R.Evid. 502, Advisory Committee Notes (emphasis added).**  It thus applies, and supplants, prior law concerning voluntary disclosure in a federal proceeding.

Under Rule 502(a) when a disclosure of otherwise protected material is made in a federal proceeding, "waiver extends to an undisclosed communication or information . . . only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together."  Thus, under the rule, waiver is "reserved for those unusual situations in which  fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." **Fed.R.Evid. 502, Advisory Committee Notes to Subdivision (a).**

With these principles in mind the Court first finds that the only real issue concerns the third prong of the 502(a) test. The first is clearly met in that the affidavits in question were filed in this case in support of discovery motions decided by the Court. The affidavits were affirmatively used and the waiver of the information contained therein was intentional. Additionally, large portions of the documents referenced in the privilege logs relate to the same subject matter as that addressed by the affidavits – generally extending to all aspects of the funding and control of the Karmeier campaign. So the thrust of the Court's analysis focused on what should, in fairness, be considered with the affidavits in order to prevent selective disclosure. In making this assessment the Court generally eliminated drafts of the affidavits, pleadings, strategy discussions between the investigators or between investigators and counsel and duplicate documents. What the Court is ordering generally consists of factual statements or assessments of information related to that addressed in the affidavits. And as previously mentioned, the Court also is ordering disclosure of additional REECE documents on the grounds that they are public relations documents – not work product (marked as "PR").

The Court orders the following documents produced in whole:

| | |
|---|---|
| REECE0004268 | R EECE0005572 |
| REECE0004266 | DENTON0041238 |
| REECE0004284 (PR) | DENTON0041349 |
| REECE0004316 (PR) | DENTON0041409 |
| REECE0004324 | DENTON0041738 |
| REECE0004348 (PR) | WOJO0027094 |
| REECE0004351 (PR) | WOJO0027573 |
| REECE0004359 | WOJO0028416 |
| REECE0005141 (PR) | WOJO0035121 |
| REECE0005142 (PR) | WOJO0026820 |
| REECE0005427 | WOJO0027723 |

The Court orders the following documents produced with redactions:

| | |
|---|---|
| REECE0004127 (pgs. 27-38) | REECE0004861 |
| REECE0004144 | REECE0004918 |
| REECE0004354 (PR) | REECE0004924 |
| REECE0004357 | REECE0004925 |

| | |
|---|---|
| REECE0004930 | DENTON0041623 |
| DENTON0041394 | DENTON0041684 |
| DENTON0041403 | DENTON0041735 |
| DENTON0041264 | DENTON0041824 |
| DENTON0041425 | DENTON0041920 |
| DENTON0041578 | |

Plaintiffs are directed to contact the court directly for an in camera explanation of what redactions are permissible prior to production. Finally, the Court notes that on the hard copy of the final REECE privilege logs there were several documents listed that were not produced for in camera review. The Court assumes the following documents were produced to Defendants but inadvertently left on the last hard copy of the privilege log:

| | |
|---|---|
| 4118 | 5370 |
| 4120 | 5371 |
| 4122 | 5375 |
| 4124 | 5425 |
| 4126 | 5507 |
| 4270 | 5508 |
| 4318 | 5510 |
| 4347 | 5513 |
| 5369 | |

If the Court is incorrect then the Plaintiffs are directed to produce these listed documents to the Court for further review.

**IT IS SO ORDERED**.
DATED: September 28, 2015.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge