**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MARK HALE, et al.,** | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   Case No.   **12-cv-660-DRH-SCW** |
| | ) |
| **STATE FARM MUTUAL AUTOMOBILE** | ) |
| **INSURANCE COMPANY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

**WILLIAMS, Magistrate Judge:**

The Court held a discovery dispute conference on October 20, 2015.  The following summarizes the Court's findings and rulings at that hearing.

### A. Testing of Search Terms

The Court first took up the issue of testing search terms.   Plaintiffs requested that State Farm test search terms that were previously designated by the Court in order to test for the under-inclusiveness of the terms.   State Farm objected to the request.

The Court agrees that some testing is necessary to determine if the terms designated are sufficient to capture responsive documents.  The Court notes, as it has in the past, that this entire process involving the search terms should have taken place at an earlier time and the process eventually decided upon by the Court was intended to be an accelerated process given the late presentation of the issue to the Court.   The process, unfortunately, has not turned out to be a quick one.   Given the time restraints posed by this late and accelerated process, the Court recognizes that the results of the search term searches will never be 100% accurate but the Court is looking to obtain reasonably accurate results.

The Court acknowledges that State Farm conducted initial efforts in obtaining relevant documents through its searches. Plaintiffs then offered additional search terms to seek any additional relevant documents. Those search terms were ultimately narrowed by the Court. In light of this process, the Court finds that some testing is necessary in order to test the adequacy of the designated search terms. Further, the Court finds that additional testing will not be overly burdensome on State Farm, given the search efforts that have already been conducted by State Farm and the high stakes involved in this case.

Thus, the Court **DIRECTS** State Farm to conduct a testing of the designated search terms. In order to conduct this testing, State Farm should create a null set of 2,000 documents from the documents that have been exported to its vendor for searches. The set should be compiled from documents that were not produced as a result of a hit by the designated search terms initially used by State Farm and subsequently submitted by Plaintiffs. State Farm shall then review those 2,000 documents in order to determine if any documents are responsive. State Farm shall report their results to Plaintiffs. The Court will not require State Farm to conduct a further hit list search as requested by Plaintiffs.

### B.  Sampling of Individual Names

The Court previously directed the Plaintiffs to provide State Farm with 71 names as a sampling for searching in State Farm's files. Plaintiffs indicate that they will provide the list of names no later than Thursday, October 22, 2015. As it relates to the names searches, the Court **ORDERS** that Plaintiffs be provided with the total number of hits from the name search and the total number of unique, relevant documents from the name search that were not found by the search terms.

### C. Redactions

The Court previously ordered the parties to provide the Court with a letter brief on the production of prior unfiled discovery submissions for review by any interested media, specifically identifying any redactions that the parties sought from the previous letter briefs.   State Farm submitted a letter on August 8, 2015 requesting specific redactions.   State Farm indicated that it had submitted a letter requesting redactions from an additional submission, but the Court noted that it never received that submission.   State Farm is to resubmit the additional requested redactions for the Court's review.   Plaintiffs have not specifically objected to any redactions other than noting its general preference that all submissions be public.

### D. Deposition of Ed Murnane

The parties noted that deposition of Ed Murnane is set to take place one week from today and while the deposition is scheduled for seven hours, the Plaintiffs expressed concerns in being able to conduct the deposition in the standard allotted time.   The Plaintiffs ask for additional time to conduct the deposition.   The Court will allow the deposition to last 8 ½ hours, with 7 hours allotted to Plaintiffs.   Due to concerns over Murnane's age and health, the deposition may be broken up into two settings if needed.

### E. Scheduling of Wojcieszak Deposition

State Farm indicates that the deposition of Wojcieszak was set to take place within the first two weeks of October and initially scheduled for October 7, 2015.   However, State Farm learned in late September that Wojcieszak was involved in a car accident in July 2015 and was provided a doctor's note on October 2 indicating that he should not participate in the deposition at this time. Wojcieszak's attorney proposed dates in December.   State Farm wants the deposition to take place before it responds to the class certification motion.   The Court notes that Wojcieszak's attorney is not

present to respond to the scheduling issue.   Thus, the Court reschedules the matter for hearing on **October 29, 2015 at 10:00 a.m.**  State Farm is to provide notice to Wojcieszak's counsel of the hearing and that counsel is to show cause why the deposition should not take place on or before November 13, 2015.

As to the sequencing of depositions, the scheduling of Wojcieszak's deposition should not affect the scheduling of the Reece or Denton depositions.   However, as the Court previously ordered that Wojcieszak's deposition would take place in early October which would provide State Farm with ample time to use any of the information from the deposition in response to the class certification motion, the Court notes that the response deadline for that motion may need to be adjusted but the issue will be discussed at the hearing.

### F.  Justice Karmeier Deposition and other Related Discovery Issues

Plaintiffs and counsel for Justice Karmeier indicate that they are working on issues regarding the timing and scope of Karmeier's deposition.   Plaintiffs also indicate that there are issues regarding searches of computers owned by the Illinois Supreme Court.  Plaintiffs discovered that Karmeier participated in an interview with a journal affiliated with the University of Illinois and at that interview, Karmeier presented a timeline to the journal.  That timeline was not produced by Karmeier in his production to Plaintiffs.   Counsel for Karmeier notes that it was not produced because it was created after November 2014 and after the subpoena was issued to Karmeier.   Counsel for Karmeier argues that it does not have a duty to supplement its responses to the subpoena and the document was not located on Karmeier's individual computer but computers owned by the Illinois Supreme Court which were not searched in response to the subpoena.   The parties are to further meet and confer on this issue to narrow the scope of the topic and present any issues to the Court at the next scheduled hearing on October 29, 2015.   At that time, the Court will discuss a briefing schedule as necessary.   Plaintiffs

are also to email a copy of the timeline to the Court for review.

### G. State Farm's Privilege Log

Plaintiffs indicate that they have reviewed State Farm's privilege log and have found several categories of documents that they believe should not be characterized as privileged.   These categories include documents related to membership in various organizations, documents regarding judicial elections, documents regarding tort reform or class action efforts, and documents regarding judicial review of Karmeier.   The parties previously met and conferred on this topic and State Farm offered to de-designate some of the documents as long as the designation was subject to a protective order which kept the production as acting as a waiver of the privilege.   Plaintiffs object, arguing that the documents are not privileged.

State Farm requests to brief the contested documents and seeks a challenge in writing from Plaintiffs as to the documents which they believe are not privileged.   The Court **ORDERS** letter submissions on the documents.   Plaintiffs are to provide their specific objections to the documents within 14 days with a letter limited to 10 pages.   State Farm's response is due 14 days after the initial submission and is also limited to 10 pages.   Plaintiffs will have seven days to file a reply letter which is limited to 5 pages.

### H. Remaining Discovery Issues

The parties also provided the Court with updates on various pending and upcoming discovery issues.   As to a search of State Farm's phone records, those records are being migrated to a new platform which is searchable.   State Farm reports that the migration is close to being, or actually is, completed.   State Farm has agreed to run a search of the phone records and that will begin once the migration is completed.   The parties note there are still some issues with the production of filepath

information and the parties will meet and confer on that issue.  Plaintiffs are also supposed to designate seven (7) additional custodians for document searches and will do so by the end of the week.

These issues and any other issues for the Court's review are set for the next hearing, set for **December 3, 2015 at 10:00 a.m.**   The Court directs the parties that any agenda items for the hearing, as well as arguments, should be provided to the Court in writing no later than 5:00 p.m. on December 1, 2015.

**IT IS SO ORDERED**.
DATED: October 22, 2015

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge