IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 12-cv-660-DRH-SCW ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On December 3, 2015, the Court held a discovery dispute conference. The following memorializes the Courts' findings and rulings at that hearing.

### A. State Farm's Privilege Log

Plaintiffs challenge three categories of documents which State Farm labels on their privilege log. These include documents related to State Farm's membership or financial contributions to outside organizations, documents regarding judicial elections, and documents regarding tort reform or class action reform efforts/lobbying. However, the Court is unable to tell from the log whether the documents in question involve the giving of legal advice or involve other types of advice. If it is not legal advice, then it would not be privileged. The Court acknowledges that under the lobbying category, a lawyer who is also a lobbyist could give legal advice that would be considered privileged, but if that lawyer is giving advice as a lobbyist then it would not be privileged. But these issues cannot be determined by a mere review of the log. As such, the Court will conduct an in-camera review of the documents categorized as remaining privileged documents, which State Farm has already provided to the Court. As to the documents categorized as potentially releasable documents upon

non-waiver-order, the Court **DIRECTS** State Farm to produce the document subject to that by **December 17, 2015.**

B. Term 32

The parties also indicate that they cannot come to an agreement as to Search Term 32. Term 32 was run by State Farm and produced over forty thousand documents. A sample review of 200 of those documents revealed that none of the documents are relevant. The Court agrees that a modification is necessary. The parties are to meet and confer as to the qualifiers "Illinois", "Supreme", and possibly other qualifiers that Plaintiffs might suggest as well as the number of words away the qualifiers should appear from the terms "court" and "courts". The parties are to meet and confer and report back to the Court on **December 10, 2015** if an agreement cannot be reached. Should an agreement not be reached, the parties should *call* the Court to schedule a follow-up hearing on the issue.

C. Inclusion of Barney Schultz

State Farm also disputes Plaintiffs' inclusion of Barney Schultz as one of the 71 names that Plaintiffs designated to cross-check communications between State Farm and third party entites. State Farm argues that Schultz does not fall within this category of names that were allowed by the Court as he is long term, outside counsel for State Farm and is already included in search terms related to the ISBA. The Court agrees with State Farm as Barney Schultz does not fall within the purposes of the 71 names that the Court allowed Plaintiff to designate. Further, there are already search terms which include Schultz and State Farm has indicated a sufficient burden in being required to search for Schultz in this context given his relationship with State Farm. Thus, the Court will strike search names 57 and 58.

**D. Custodians**

Plaintiffs next dispute the inclusion of four prior employees in Plaintiffs' selected list of seven additional custodians which the Court previous allowed Plaintiff to select. These individuals include David Hill, Mark Denzler, Brandaue, and Sternberg[1]. Plaintiffs argue that these individuals are not custodians as they are no longer employees for State Farm but that State Farm should be required to search their hard files in addition to the seven custodians in order to determine that State Farm has adequately searched its hard files for relevant documents. Plaintiffs do not want to include these individuals as custodians as that would prevent them from labeling current employees, whose ESI could be searched, as custodians.

State Farm has already indicated that all relevant hard files were searched for discoverable information. State Farm indicates that it did search Hill's hard copy files as part of its initial search because it believed that his files would have relevant documents. But the Court is not required to question State Farm's response to every interrogatory or request to produce in order to determine whether a source was properly searched or not. The Court relies on the parties' good faith following of the discovery rules and has also allowed Plaintiffs to designate additional custodians so that there can be a check on whether there are further relevant documents found in files that State Farm did not check or did not believe to be relevant. As such, Plaintiffs may include those prior employees as part of its seven custodians, but the Court will not require State Farm to search the files in addition to Plaintiffs designating additional custodians. If Plaintiffs want these four prior employees hard files searched, then they must count those four individuals toward their additional seven custodians which were allowed by the Court.

---

[1] Plaintiffs indicate that State Farm informed them that Sternberg's files were transferred to another custodian, but State Farm clarifies that only Sternberg's *Avery* files were transferred to another custodian.

### E. Number of Remaining Depositions

Plaintiffs also indicate that they wish to take fifteen more depositions after the twelve depositions they have already taken. Plaintiffs were previously allowed twenty-five depositions and State Farm notes that an additional fifteen would be twenty-seven, not an additional fifteen depositions in excess of twenty-five. In any event, Plaintiffs have provided the Court with a list of fifteen individuals which they wish to depose.

Three of the individuals, Agnes Warfield, Sean McBride, and Rob Engstrom, are members of the Chamber of Commerce and State Farm believes there may be some dispute with the Chamber over whether those individuals can be deposed. The Court will table discussion of the three chamber employees until January. There is also no dispute that Justice Karmeier, who is also in the list of fifteen, will be deposed as the District Court has already ordered that deposition to take place. The Court will allow the deposition of the six State Farm employees which Plaintiffs seek to depose. That list includes Ed Rust, Kim Brunner, David Hill, Steve McManus, Alan Maness, and Bill Shepherd. State Farm believes that the deposition of Regina Dillard is unnecessary and the parties will meet and confer on this issue and report back in January. If necessary the Court will decide whether Regina Dillard should be deposed. As to the other four individuals, Carter Hendren, Dwight Kay, Cristin Connerty, and Cliff Pintak, State Farm does not object to their deposition but indicates that each individual might object. Ed Murnane's counsel indicates that he also represents Cristin Connerty, who was Murnane's administrative assistant, and he will meet and confer with Plaintiffs about her deposition. Hendren is represented and will be allowed to be deposed subject to any objections on his part. The Kay deposition has been set for December 18, 2015 and no party objects to his deposition. Pintak is also represented and there is no objection from him or any of the parties so that deposition will proceed.

Plaintiffs also indicate that there is currently one Rule 30(b)(6) notice pending and there will be an additional notice that will include approximately six topics. The parties are to meet and confer on those notices if there are any issues and report back to the Court at the January hearing.

F. **Justice Karmeier's Access to Discovery Documents Labeled Confidential**

The Court next took up issues related to Justice Karmeier. Counsel for Justice Karmeier indicated that the Administrative Office of the Illinois Courts conducted a search of the Justice's computer for the timeline previously discussed with the Court, found the file, and produced the file in its native format to a thumb drive which Justice Karmeier's counsel brought to court for the parties. Counsel indicates that no emails were found on Justice Karmeier's court computer related to the file.

Justice Karmeier also asks for access to the parties' discovery including those documents marked confidential in anticipation of the Justice's deposition. As to those documents marked confidential, the protective order in this case governs (*See* Doc. 215, ¶ 5(b)(8)-(9)). The protective order indicates that confidential documents may be disclosed to third-party witnesses if the witness is an author or recipient of the documents or by written consent of the party who produced the confidential documents. As the protective order clearly spells out under what circumstances and what documents Justice Karmeier may receive that are marked confidential, the Court need not take further briefing on the matter.

The next discovery dispute conference is scheduled for January 8, 2015 at 10:30 a.m. The parties should come prepared to discuss the status of overall discovery.

**IT IS SO ORDERED**.
DATED: December 4, 2015

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge