IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


MARK HALE, TODD SHADLE,
LAURIE LOGER, and MARK COVINGTON,
on behalf of themselves and all
others similarly situated,


Plaintiffs,


v.


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,


Defendants.                                        No. 12-0660-DRH


**MEMORANDUM and ORDER**


**HERNDON, District Judge:**

Pending before the Court is plaintiffs' February 23, 2017 motion for clarification of the class certification Order (Doc. 587). Specifically, plaintiffs seek clarification of the class definition contained in the class certification Memorandum and Order. On February 24, 2017, the Court directed defendants to respond to the motion on or before the close of business March 3, 2017 (Doc. 588). Defendants filed an opposition to the

motion (Docs. 590 & 593).[1] After reviewing the motion and response, the pleadings pertaining to class certification and the class certification Memorandum and Order, the Court finds that the omission of the language "or specified for" in the class definition clearly is a scrivener's error. Thus, pursuant to Federal Rule of Civil Procedure 60(a), the Court concludes that the class definition must be modified/clarified so that it is consistent with the Court's findings/conclusions contained in class certification Memorandum and Order.

Accordingly, the Court **GRANTS** the motion for clarification of the class certification order (Doc. 587). Pursuant to Federal Rule of Civil Procedure 60(a), the Court **MODIFIES, CERTIFIES** and **DEFINES** the full class as follows:

> All persons in the United States, except those residing in Arkansas and Tennessee, who, between July 28, 1987, and February 24, 1998, (1) were insured by a vehicle casualty insurance policy issued by Defendant State Farm and (2) made a claim for vehicle repairs pursuant to their policy and had non-factory authorized and/or non-OEM (Original Equipment Manufacturer) "crash parts" installed on or specified for their vehicles or else received monetary compensation determined in relation to the cost of such parts. Excluded from the class are employees of Defendant State Farm, its officers, its directors, its subsidiaries, or its affiliates.
>
> The following persons are excluded from the class: (1) persons who resided or garaged their vehicles in Illinois and whose Illinois insurance policies were issued/executed prior to April

---

[1] On March 6, 2017, the Court granted Murnane and Shepherds' motion for joinder in State Farm Mutual Automobile Insurance Company's memorandum of law in opposition to plaintiffs' motion to clarify class certification Order (Doc. 592).

16, 1994,and (2) persons who resided in California and whose policies were issued/executed prior to September 26, 1996.

**IT IS SO ORDERED.**

Signed this 6th day of March, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.03.06 13:14:08 -06'00'

**United States District Judge**