# Exhibit 1

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARK HALE**, *et al.*<br><br>            Plaintiffs,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, *et al.*<br><br>            Defendants. | No. 3:12-cv-00660-DRH-SCW |

### DECLARATION OF SHERMAN "TIGER" JOYCE

I, Sherman "Tiger" Joyce, declare under the penalty of perjury that the following is true and correct to the best of my knowledge.

1. I am President of the American Tort Reform Association ("ATRA"). ATRA is a Washington D.C.-based nonprofit membership organization working to improve the civil justice system. ATRA's membership consists of large and small organizations, corporations, non-profit organizations, and small businesses. I submit this Declaration in opposition to Plaintiffs' Motion to Vacate Confidentiality Order.

2. Plaintiffs served a Subpoena Deces Tecum on ATRA on August 22, 2014. The subpoena sought information and documents related to sources of funding to ATRA, ATRA's use of its funds to support elections and political activity, and ATRA's internal communications containing the Association's political strategies, deliberations, and plans.

3. On September 26, 2014, ATRA sent a letter to Plaintiffs raising objections to this subpoena. Among other objections, ATRA stated that the requests intruded on the associational rights of ATRA and its members that are protected by the First Amendment.

4. ATRA communicated with Plaintiffs to reach an agreement on a set of documents to produce pursuant to the subpoena requests. Without waiving any objections raised in the September 26, 2014 letter, ATRA produced documents to Plaintiffs on December 30, 2014. ATRA has produced additional documents requested by Plaintiffs after that initial production.

5. A major factor in ATRA's decision to produce documents pursuant to the September 26, 2014 subpoena was the existence of the June 17, 2014 Confidentiality Order in this case. Provision seven in the Order specifically addresses concerns related to First Amendment privileges. When negotiating the scope of a production with Plaintiffs, ATRA relied on the protections of the Confidentiality Order.

6. Vacating the Confidentiality Order over the documents ATRA produced in this case would expose sensitive financial information, personal addresses of individuals involved with ATRA, confidential organizational documents, ATRA's internal communications, and communications with its members and third parties.

7. As a national membership organization involved in important, and sometimes sensitive, legal and policy issues, ATRA takes its associational rights under the First Amendment very seriously. Accordingly, ATRA strives to protect sensitive or confidential information about its internal operations, deliberations, political strategies, and plans, as well as similar information related to its members. Vacating the Confidentiality Order in this case would intrude on these associational rights protected by the First Amendment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 8, 2017

_____
Sherman "Tiger" Joyce