# Exhibit 2



233 SOUTH WACKER DRIVE
SUITE 6600
CHICAGO, ILLINOIS   60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

Nick Kahlon
(312) 258-5537
nkahlon@schiffhardin.com

September 8, 2014

**VIA E-MAIL**

Robert A. Clifford                           Steven P. Blonder
Clifford Law Offices                         Much Shelist
120 N. LaSalle Street                        191 North Wacker Drive
Suite 3100                                   Suite 1800
Chicago, IL 60602                            Chicago, IL 60606-1615

      Re:    *Hale v. State Farm*

Dear Gentlemen:

      This memorializes the parties' discussions during the meet and confer meeting at our office last Thursday.

      We anticipate that State Farm will produce early this week documents related to its information retention program during the January 2003-March 2005 and September 2011 time periods. We understand that Plaintiffs reserve the right, after reviewing these documents, to request additional documents related to State Farm's information retention program during other time periods, in which case the parties will confer regarding the relevance of any such further request.

      We confirmed that State Farm's July 18, 2014 initial document production was produced to Plaintiffs in searchable tiff format. If you encounter technical issues with these searchable documents, please let me know and we will assist you in resolving those issues. We also noted that the documents produced with State Farm's April 22, 2014 Supplemental Rule 26(a)(1) Initial Disclosures were produced as pdfs because they were scans of non-State Farm documents. Nevertheless, in order to accommodate Mr. Bellas's August 26, 2014 request, we attempted to convert those pdfs to searchable format and re-produced them to Plaintiffs on September 3, 2014.

      Regarding Plaintiffs' privilege logs, the parties are at issue concerning State Farm's challenges to Plaintiffs' work product assertions in respect to the Wojcieszak and Denton/Tactical Investigations documents. Plaintiffs' counsel did agree to review the privilege log entries asserting attorney-client privilege as to Denton and Wojcieszak and those asserting work product protection over Chamber-related deposition transcripts, and will confirm Plaintiffs' position on those entries early this week.

      Plaintiffs' counsel will also confirm Plaintiffs' position on investigator documents in Plaintiffs' counsel's files (i.e. documents or communications exchanged between Plaintiffs' investigators and their counsel). We believe such documents should be produced unless they are identified on Plaintiffs' privilege logs.

      We also discussed whether communications among counsel should be logged. Plaintiffs' position is that they are not required to produce, or log, pre-lawsuit communications between and among Plaintiffs' counsel. State Farm's position is that such communications are discoverable because they are



September 8, 2014
Page 2

placed at issue by the allegations in the complaint. We expect to have further discussions with you on this topic. The parties did agree, however, that both sides are not required to log communications involving counsel (inside or outside, whether between counsel or counsel and their clients) that post-date the filing of the lawsuit.

Plaintiffs confirmed that they did not intend to request, in their third-party subpoenas to telephone companies, Mayer Brown phone records. Plaintiffs will contact AT&T to confirm that Plaintiffs do not seek Mayer Brown phone records.

Plaintiffs questioned the confidentiality designations on HALEM0000137, 138, and 140-141. State Farm will review those documents and confirm its position regarding the designations. If Plaintiffs question the confidentiality designations for other documents, Plaintiffs will identify the documents and State Farm will confirm its position regarding those designations.

We inquired concerning what we understood would be a supplemental production from Denton and Wojcieszak that was reported to be forthcoming at the parties' last meet and confer meeting. Plaintiffs will determine whether such supplementation will occur, and if so when.

State Farm will supplement or amend its written discovery responses in light of the Magistrate's August 27 ruling by October 15. Plaintiffs will provide verifications for their interrogatory answers by October 15. State Farm will use reasonable efforts to attempt to complete its production in response to Plaintiffs' previously served discovery requests by November 15, 2014, with the understanding that complications may occur.

Plaintiffs will review the information retention program documents produced by State Farm and then visit further with us as to whether and the extent to which Plaintiffs would still seek Rule 30(b)(6) testimony.

Please let me know if I have failed to accurately record our discussions in any respect.

Sincerely,

Nick Kahlon

cc: Scott M. Berliant (by email)
Russell K. Scott (by email)
Patrick Cloud (by email)