IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK HALE, TODD SHADLE,
and LAURIE LOGER, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,

Defendants.                                              No. 12-0660-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

Now before the Court is Plaintiffs' appeal from Magistrate Judge Williams's non-dispositive Memorandum and Order for November 30, 2017, denying Plaintiffs' request for production or identification of documents reviewed by State Farm general counsel Steve McManus to prepare for his Rule 30(b)(6) deposition (Docs. 685 & 693). Specifically, Plaintiffs argue that Judge Williams erroneously denied their request when he found that plaintiffs, before taking a Rule 30(b)(6) deposition, must ask for documents reviewed by the deponent as there is no such requirement in Rule 30(b)(6); that Judge Williams did not impose such requirement and that the August 4, 2017 Order did not justify denying the documents

plaintiffs seek. Further, Plaintiffs argue that Judge Williams erred in his application of the work product rule. State Farm opposes the appeal (Doc. 691). Based on the following, the Court affirms Magistrate Judge Williams' November 30, 2017 Order and denies plaintiffs' appeal.

Local Rule 73.1(a) of the Southern District of Illinois provides:

> (a) Appeal of Non-Dispositive Matters – 28 U.S.C. § 636(b)(1)(A)
>
> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law. A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse a magistrate judge on a non-dispostive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *See also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

In his November 30, 2017 Memorandum and Order, Magistrate Judge Williams specifically held:

> The Court first took up the issue related to the deposition materials which McManus reviewed in preparation for his Rule 30(b)(6) deposition. Plaintiffs requested a copy of all the documents at the deposition which State Farm refused to provide. State Farm argues that the materials are work product. While Plaintiffs argue that they are entitled to the documents because this was a Rule 30(b)(6) deposition, the Court does not see any difference in the reasoning employed in the cited cases, particularly in the *Yaz* and *Pradaxa* decisions by Judge Herndon relating to deposition document production, between Rule 30(b)(6) and regular fact witnesses. The Court does agree that there is an even stronger argument to view documents reviewed by Rule 30(b)(6) witnesses given the analysis employed by Judge Herndon. But this case comes to the Court in a much different procedural posture. In this case, Plaintiffs have never made a request for documents in any of the Rule 30(b)(6) depositions completed prior to McManus' deposition. Further, there is a recent order from this Court which excluded production of documents reviewed by employee witnesses deposed by Plaintiffs (Doc. 664, p. 5). Thus, State Farm had every reason to expect that the ruling would be the same as to McManus' deposition. The Court

> notes that the request was not raised in the deposition notice or in advance of the deposition preparation. At this point, State Farm would be highly prejudiced by having to produce the reviewed binders at this time as it has previously been operating under the rules of the game which did not require them to produce such documents. If Plaintiffs had raised this issue earlier in the case or if they had requested the documents prior to McManus beginning his deposition preparation, the Court would probably have ruled differently based on the review of the cited cases and briefing on the topic. But this is the last Rule 30(b)(6) witness and the issue should have been raised earlier by Plaintiffs or Plaintiffs should have appealed the Court's previous order (Doc. 664) which set forth the procedure for dealing with employee witnesses. Thus, the Court finds that the request has been raised too late in the case and would be prejudicial to State Farm at this late stage, given that the parties were operating under firmly established rules to the contrary. Plaintiffs' request for the documents McManus reviewed in preparation of his deposition is **DENIED**.

(Doc. 683, ps. 1-2).

Here, the Court finds that plaintiffs' appeal misses the mark. Plaintiffs have not established that Magistrate Judge Williams' Memorandum and Order is clearly erroneous or contrary to the law. Magistrate Judge Williams' November 30, 2017 Memorandum and Order is well written and clearly sets out the reasons for his ruling. Judge Williams relied upon the prior order and practice that he has pursued in the management of the discovery in this case and not upon principles associated with work product, Federal Rule of Civil Procedure 30 or Federal Rule of Evidence 612. Moreover, Magistrate Judge Williams certainly had the discretion to find as he did and accordingly his ruling is not subject to a finding that it is contrary to the law. Thus, there is no

reason for this Court to vacate Magistrate Judge Williams' Memorandum and Order.

Accordingly, the Court **AFFIRMS** Magistrate Judge Williams' November 30, 2017 Memorandum and Order (Doc. 683) and **DENIES** Plaintiffs' appeal from Magistrate Judge Williams's non-dispositive memorandum and order of November 30, 2017, denying plaintiff's request for production or identification of documents reviewed by State Farm General Counsel Steve McManus to prepare for his Rule 30(b)(6) deposition (Doc. 685).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
14:57:17 -06'00'

**United States District Judge**