# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK HALE, TODD SHADLE,**
**and LAURIE LOGER, on behalf of**
**themselves and all others similarly situated,**

**Plaintiffs,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, EDWARD**
**MURNANE, and WILLIAM G. SHEPHERD,**

**Defendants.**                                    No. 12-0660-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is plaintiffs' motion to unseal exhibits to their opposition to State Farm Mutual Insurance Company's motion for summary judgment on plaintiffs' RICO claims and for use at trial (Doc. 773 & 774).[1] Specifically, plaintiffs maintain that defendants have not filed a

---
[1] The exhibits are: 1, 4, 5, 11, 17, 18, 22, 45, 47, 57, 59, 60, 78, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 112, 113, 114, 116, 118, 119, 120, 121, 122, 130, 132, 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 159, 161, 162, 164, 165, 166, 168, 169,

motion seeking to maintain the documents under seal as required by the June 17, 2014 Confidentiality Order (Doc. 215); that these documents form the basis of the parties' dispute and that these documents are required for use at trial. Defendants oppose the motion arguing that the motion is procedurally defective and fails substantively (Docs. 784, 785 & 787). After reviewing the pleadings, the exhibits under seal and the applicable law, the Court agrees with plaintiffs. Based on the following, the Court **GRANTS** the motion to unseal and **VACATES** the June 14, 2014 Confidentiality Order (Doc. 215) to the extent that it is applicable to any document which is being offered for evidence in the jury trial of this matter, any document filed relative to defendants' motion for summary judgment (Doc. 694), the motions to exclude testimony (Docs. 708 through 718), the plaintiffs' motion to unseal (Doc. 773), any motions in limine to be filed in the future, as well as any documents relative to any other motions filed relative to or involving any issue that relates to the trial. Any documents produced during discovery and which will not be used by either party for any reason during the trial of this case and which were noted to be confidential, including those which qualified for sealing, will not have the application of the Confidentiality Order modified. The Protective Order shall also be

---

170, 172, 176, 183, 186, 189, 193, 194, 196, 197, 198, 199, 201, 204, 207, 208, 209, 210, 212, 215, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226, 227, 228 and 231. Defendants **consent** to the unsealing of these documents: 5, 11, 45, 57, 59, 60, 86, 113, 118, 132, 135, 137, 139, 140, 142, 144, 145, 147, 155, 156, 164, 165, 166, 169, 170, 189, 193, 194, and 210 (Doc. 784, pg. 7).

vacated for any deposition which is to be relied upon by any party during the trial, including impeachment, and any exhibits used or attached thereto.

Plaintiffs move, pursuant to both paragraph 15 and paragraph 13 of the Confidentiality Order, to unseal their exhibits in support of their opposition to defendants' summary judgment motion and to unseal the documents for use at trial.[2] Plaintiffs argue that the public and the Class are entitled to know the content of the documents memorializing the conduct giving rise to their RICO claims and which are destined to influence or underpin the judicial decision on summary judgment and at trial. Plaintiffs argue that the mere classification of an item "Confidential" for the purpose of discovery does not necessitate that the document be "sealed" when filed with the Court. Further, plaintiffs maintain that the exhibits under review do not fall within the narrow exceptions to the disclosure rule. Defendants counter that plaintiffs have not complied with the Confidentiality Order; that plaintiff cannot employ paragraph 13 of the Confidentiality Order to justify pre-trial unsealing; that the motion is premature and that the exhibits should remain sealed until after the trial.

---

[2] Paragraph 13 provides: **Use of Confidential Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Paragraph 15 provides: **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.
(Doc. 215, ps. 7 & 8).

The Federal Rules of Civil Procedure provide that "for good cause shown, the court … may make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense, including … that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only is a designated way…." Fed.R.Civ.P. 26(c). A party seeking a protective order under Rule 26(c) bears the burden of demonstrating good cause. Fed.R.Civ.P. 26(c)(7).

Here, the Confidentiality Order provides that if a party challenges any such confidential designations, "the burden of persuasion in any such challenge proceeding shall be on the designating party." (Doc. 215, ¶ 11); see also *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)("Once a protective order is entered, a party must continue to show good cause for confidentiality when challenged."); *Heraeus Kulzer, GMBH, v. Biomet, Inc.*, 881 F.3d 550, 566 (7th Cir. 2018)("courts resolving such motions have placed the burden on party seeking confidentiality to show good cause for keeping the documents from public view")(citations omitted); *Baxter Int'l v. Abbott Lab.*, 297 F.3d 544, 548 (7th Cir. 2002), (noting "[t]he strong presumption for public disclosure" for "materials that formed the basis of the parties' dispute and the district court's resolution").

The Seventh Circuit has taken a strict position regarding requests to seal documents, stating that "what happens in the federal courts is

presumptively open to public scrutiny" and "insist[ing] that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (abrogation on other grounds recognized by *RTP LLC v. ORIX Real Estate Capital, Inc.,* 827 F.3d 689 (7th Cir. 2016)). "[T]hose documents ... that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009) (quoting *Baxter Int'l*, 297 F.3d at 547). A court should permit the sealing of documents only if there is good cause to do so, that is, the property and privacy interests of the movant outweigh the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The decision of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First*, 178 F.3d at 945 ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal.").

Although discovery is generally done in secret, that "small subset of all discovery", which the parties submit to influence judicial opinion, is

presumptively open to inspection. *Baxter Int'l*, 297 F.3d at 545. A motion to file documents under seal must justify the claim of secrecy, analyzing the applicable legal criteria. *Citizens First*, 178 F.3d at 945; *see also, e.g., Cty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2007); *Baxter Int'l*, 297 F.3d at 547; *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). A party's mere assertion that a document is by its terms confidential and that its publication "could harm [a party's] competitive position" is not a sufficient explanation to justify keeping the document under seal. *Baxter Int'l,* 297 F.3d at 547. In this regard, "[t]he courts have insisted on a particular and specific of demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil v. Bernard*, 452 U.S. 89, 102 fn 16 (1981)(quoting 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)).

After reviewing the documents that plaintiffs wish to unseal, the Court agrees with plaintiffs' reasoning and finds that defendants have not established good cause to keep these documents sealed. The discovery in this case is long over and the trial is at hand (set for September 4, 2018). The Court cannot fathom a reason to keep these matters confidential any longer. It would be disingenuous for defendants to contend that any of the matters contained in the confidential documents is a trade secret as most of these documents are well over a decade old. An assertion that information is sensitive or confidential is not a sufficient showing. Further, the Court

finds that the public has a right to know what is in the record and that the Class Members must decide whether or not to remain in this litigation. As such, the Court finds that these documents do "form the basis of the parties' dispute," *Goesel v. Boley Int'l. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) and these will "influence and underpin the judicial decision" when deciding the summary judgment motion. *Baxter Int'l*, 297 F.3d at 545. The Court finds that defendants did not establish good cause to keep the challenged documents under seal as they do not fall within any of the three permissible categories to remain sealed.

Furthermore, after reviewing the June 14, 2014 Confidentiality Order and the four prong criteria set forth in *Heraeus*, 881 F.3d at 565, the Court finds that vacating the Confidentially Order is proper.[3] Courts consider: (1) the nature of the protective order; (2) the foreseeability at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification. *Id*. Factors 1 and 4 heavily weigh towards modifying the Confidentiality Order. As to factor 1, the nature of the Confidentiality Order, the Court finds that the Confidentiality Order it is overly board. See *Citizens First Bank*, 178 F.3d at 945. The biggest indicator of the broadness of the Confidentiality Order is the voluminous number of

---

[3] Paragraph 17 of the Confidentiality Order provides: **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on an application of a party or any other person with standing concerning the subject matter. The parties may reach an agreement to modify the times or dates set forth in this Order without the consent of the Court.

documents that have been filed under seal, marked as "confidential" (one brief indicates that State Farm designated confidential 10,500 documents) or redacted in this litigation. In essence, the Confidentiality Order allowed the parties to decide what portions of the record to keep sealed and out of public view. "Such an order is invalid." *Id*. ("The order is so loose that it amounts, as we suggested at the outset, to giving each party carte blanche to decide which portions of the record shall be kept secret.")

As to factor 4, whether good cause exists for the modification, the Court finds that good cause does exist. The circumstances changed when the number of documents that were being marked sealed and/or confidential began to rise in the litigation. Anybody could see that this would be problematic because of the broadness of the Confidentiality Order. One prime example of this is the absurd amount of redactions contained in plaintiffs' response brief in opposition to the summary judgment motion (Doc. 729). There is no way a public viewer can read, much less comprehend, plaintiffs' opposition to summary judgment. Furthermore, as stated supra, the discovery in this case is over and this matter is set for trial in less than three months. The purpose of the Confidentiality Order was to facilitate and govern the discovery stage/process by providing provisional protection for asserted confidential material disclosed by the parties.

Next, as to factor 2, the foreseeability, at the time of the issuance of the order, of the modification requested, the Court finds that it too leans toward vacating the Confidentiality Order as applied to certain documents. While many terms of the Confidentiality Order were agreed upon, plaintiffs objected to portions that State Farm proposed, that were ultimately adopted by Magistrate Judge Williams, and objected to portions that Magistrate Judge Williams ultimately modified. On multiple occasions, plaintiffs indicated to defendants and Magistrate Judge Williams of their intention to seek to modify the Confidentiality Order in its entirety. As evidenced by the huge amounts of sealed, redacted and/or marked "confidential" documents in this litigation, the Confidentiality Order has been abused and must be vacated as heretofore stated.

Lastly, factor 3, the parties' reliance on the order, does not help defendants' efforts to maintain the secrecy of so many documents since the Court finds the use of the Confidentiality Order to be an abuse.

Accordingly, the Court **GRANTS** the motion to unseal (Doc. 773) and **VACATES** the June 14, 2014 Confidentiality Order (Doc. 215). The Court **DIRECTS** the Clerk of the Court to **UNSEAL** any sealed documents filed in this case including sealed exhibits to documents. Further, the Court **DIRECTS** any party who has filed a document or exhibit that was redacted and which meets the description of those documents designated by the Court heretofore in this Order to require disqualification of the protective

order as they relate to trial matters to file an un-redacted version of that document which shall not be sealed.  However, the Court **STAYS** the unsealing of the documents and filing of the un-redacted documents or exhibits until June 18, 2018 to allow the parties to file a motion to stay pending further motions relative to this Order, if necessary.

    **IT IS SO ORDERED.**

Judge Herndon
2018.06.11
14:05:38 -05'00'

**United States District Judge**