IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, LAURIE LOGER, and MARK COVINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>Defendants. | Case No.  12-cv-00660 DRH-SCW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO UNSEAL EXHIBITS TO THEIR OPPOSITION TO STATE FARM MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' RICO CLAIMS AND FOR USE AT TRIAL[1]**

This case is a matter of great public importance. It involves RICO allegations grounded in State Farm's machinations to conceal enormous campaign contributions which served to compromise the impartiality of the Illinois Supreme Court when it assessed the propriety of a $1.05 billion judgment against the insurer. In opposing State Farm's most recent Motion for Summary Judgment, Plaintiffs relied on a collection of exhibits to establish that RICO liability follows from (1) Defendants' conspiracy to put Justice Lloyd Karmeier on the Illinois Supreme Court, and (2) State Farm's successful efforts to deceive the Illinois Supreme Court regarding its participation in and funding of the Karmeier campaign. Unfortunately, given that Plaintiffs are bound by the Confidentiality Order (ECF No. 215) entered over their objections on June 17, 2014, they were compelled to file under seal the most meaningful and revealing of those exhibits and to redact the

---

[1] Prior to the filing of this motion, Counsel for Plaintiffs inquired with Counsel for State Farm and Justice Karmeier, about joining Plaintiffs in their motion. State Farm and Justice Karmeier declined Plaintiffs' invitation.

significant portions of their Opposition invoking those exhibits.[2] The end result of these measures is to keep inquiring minds – including members of the certified Class – in the dark about the strong factual underpinnings which buttress Plaintiffs' claims and will provide the backdrop for this Court's eventual summary judgment ruling. Under established Seventh Circuit precedent, the public and the Class are entitled to know the content of documents memorializing the conduct giving rise to this litigation and which are destined to "influence or underpin the judicial decision" on summary judgment. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). For this reason, Plaintiffs now move under Paragraph 15 of the Confidentiality Order to unseal those exhibits.[3] Furthermore, with trial set to begin in September, Plaintiffs additionally move, pursuant to Paragraph 13 of the Confidentiality Order, to unseal these documents for use at trial.

Although Plaintiffs were constrained to file under seal documents designated by Defendants as "Confidential," the Confidentiality Order places upon Defendants the obligation to tender within ten days a motion "seeking to maintain the document[s] under seal." (Confidentiality Order ¶ 9, ECF No. 215.) Defendants have not taken the action necessary to maintain these documents under seal as required by the Court's Order. As a result, Defendants have waived the

---

[2] The documents in question are identified at the following numerical entries in the Index to Plaintiffs' Appendix submitted with their Summary Judgment Opposition: 1, 4, 5, 11, 17, 18, 22, 45, 47, 57, 59, 60, 78, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 112, 113, 114, 116, 118, 119, 120, 121, 122, 130, 132, 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 156, 157, 159, 161, 162, 164, 165, 166, 168, 169, 170, 172, 176, 183, 186, 189, 193, 194, 196, 197, 198, 199, 201, 204, 207, 208, 209, 210, 212, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, and 231.

[3] Plaintiffs previously filed a Motion to Vacate the Confidentiality Order in its entirety (ECF No. 614), but the Court denied that motion in large part because Plaintiffs had not heeded the Court's directive to submit a motion to "unseal[] documents previously sealed on the docket . . . pursuant to Paragraph 15 of the confidentiality order." (Mem. & Order of Mar. 26, 2018 at 5, ECF No. 755.) Plaintiffs apologize for their misunderstanding, and they respectfully submit that the present Motion "compl[ies] with the procedures set forth in the confidentiality order as well as this Court's previous order on the matter." (*Id.*)

right to insist on the continued sealing of these documents that memorialize the conduct giving rise to this litigation and affect the disposition of this case.

More fundamentally, separate and apart from Defendants' failure to file a motion to keep the documents sealed, the mere classification of an item as "Confidential" for purposes of discovery does not necessitate that the document be "sealed" when filed on this Court's docket.[4] *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("[T]he parties' confidentiality agreement cannot require a court to hide a whole case from view."). Along these lines, the Seventh Circuit has emphasized that "'[d]ocuments that affect the disposition of federal litigation are presumptively open to public view.'" *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)). Continuing on, the court explained that "[t]he reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Id.*

Although exceptions exist to this preference for disclosure, they are very limited. Specifically, the Seventh Circuit "ha[s] insisted that *only genuine trade secrets*, or information within the scope of a requirement such as [the prohibition on publication of matters occurring before a grand jury] may be held in long term confidence." *Union Oil*, 220 F.3d at 568 (emphasis added). As this Court has observed, "[a]n assertion by a party that information is sensitive or

---

[4] It also deserves mention that the Confidentiality Order in this case is impermissibly overbroad in that it permits a confidentiality designation based on nothing more than a party's "belief" that a document "reflects, discloses, or contains" information described in Rule 26(c) of the Federal Rules of Civil Procedure. (Confidentiality Order ¶ 2, ECF No. 215.) According to the Seventh Circuit, when castigating as "too broad" for this same reason a similar protective order, "'belie[f]' is a fudge." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

3

confidential, or that disclosure could be commercially disadvantageous is not a sufficient showing." *MarTec, LLC v. Johnson & Johnson*, No. 07-825-DRH, 2008 WL 11382308, at *2 (S.D. Ill. Mar. 20, 2008) (Proud, J.). Because the exhibits presently under review fall within none of the narrow exceptions to the disclosure rule, they must be unsealed. *See Union Oil*, 220 F.3d at 568 ("[M]ost portions of discovery that are filed and form the basis of judicial action must eventually be released . . . ." (citing *Seattle Times Co. v. Rhineheart*, 467 U.S. 20, 36-37 (1984)).

Unsealing the materials *sub judice* is especially fitting, given that "interested members of the public" include Class Members who will soon be confronted with publication notice alerting them that a Class has been certified. As Class Members decide whether or not to remain in this litigation, it will be extremely relevant for them to know that documents in the case, including some of Defendants' own, establish such things as:

- State Farm is identified as "backing" Judge Karmeier on the "Confidential Agenda" for what appears to be the very first formal meeting of the Karmeier Campaign Committee. (PA0950 (Hale 156).)

- A Karmeier Campaign member during the campaign e-mailed a potential donor that State Farm had "contributed big through the U.S. Chamber . . . and less directly to . . . the Karmeier campaign." (PA2270 (Murnane006831).)

- Justice Karmeier met to celebrate his campaign victory with State Farm CEO Ed Rust shortly after Justice Karmeier was sworn in as the newest member of the Illinois Supreme Court. (PA0959 (Murnane000478).)

These examples constitute only a ***very small*** representation of the trove of relevant information in the sealed documents, all of which Class Members deserve to know as they elect to either opt-out or remain in the case, but all of which will be hidden from the Class unless this Motion is granted.[5] Furthermore, many of the documents and topics at issue here are nearly 15 years old.

---

[5] In a related vein, counsel for Justice Karmeier has recently asked for an unredacted copy of, among other things, Plaintiffs' Summary Judgment Opposition, which further justifies the

Succinctly stated, the sealed exhibits accompanying Plaintiff's Summary Judgment Opposition "form the basis of the parties' dispute," *Goesel*, 738 F.3d at 833, and they are materials "that influence and underpin the judicial decision" resolving State Farm's Motion for Summary Judgment, *Baxter Int'l*, 297 F.3d at 545. Significantly, the Seventh Circuit has "uniformly rejected" in a series of cases "requests to seal proceedings in order to implement the parties' preference for seclusion." *Union Oil*, 220 F.3d at 568 (citing *United States v. Ladd*, 218 F.3d 701 (7th Cir. 2000); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Pepsico, Inc. v. Redmond*, 46 F.3d 29 (7th Cir. 1995) (chambers opinion); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Krynicki*, 983 F.2d 74 (7th Cir. 1992) (chambers opinion); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302 (7th Cir. 1992). They have done so in this matter as well. On December 8, 2016, the 7th Circuit Court of Appeals denied State Farm's petition (accompanied by a voluminous Appendix) for permission to appeal, pursuant to FRCP 23(f), this Court's class certification. Under well-established precedent, the Court of Appeals made public a significant number of documents in order to demonstrate the sound basis for its ruling on the FRCP 23(f) motion. This Court should do the same.

Additionally, as anticipated by Paragraph 13 of the Confidentiality Order, these documents currently designated as confidential will be required for the trial of this case.

> 13. **Use of Confidential Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

---

unsealing of these documents. (*See* Letter from Cox to Blonder of Mar. 23, 2018.) Yet, when asked by Plaintiffs' Counsel to join in this motion, counsel for Justice Karmeier declined to do so.

(ECF No. 215).  In order to properly and fairly try their case, Plaintiffs require use of these documents in open court, unencumbered by their current confidentiality designation.  For this reason Plaintiffs' request, pursuant to Paragraph 13 of the Confidentiality Order, that these documents are de-designated as confidential and unsealed.

"Documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). A "strong presumption of public disclosure" applies to "materials that formed the basis of the parties' dispute and the district court's resolution." *Baxter Int'l, Inc.,* 297 F.3d 544, 548 (7th Cir. 2002). As the 7th Circuit has reminded litigants and counsel: "Secrecy makes it difficult for the public (including the bar) to understand the grounds and motivations of a decision, why a case was brought (and fought), and what exactly was at stake in it." *Mueller v. Raemish*, 740 F.3d 1128, 1135-36 (7th Cir. 2014); *see also Practitioner's Handbook to the United States Court of Appeals for the Seventh Circuit* 115, 141 (2014 ed.). "The reason for this right of public access to the judicial record is to enable interested members of the public, including lawyers, journalists, and government officials, to know who's monitoring the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (Posner, J. in chambers).

> As Holmes put it, "It is desirable that the trial of causes should take place under the public eye, not because the controversies of one citizen with another are of public concern, but because it is of the highest moment that those who administer justice should always act under the sense of public responsibility, and that every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is performed."

*Id.* (quoting *Cowley v. Pulsifer*, 137 Mass. 392, 394 (1884)).

This Court has recently recognized these concerns.  *In re Syngenta Actions*, 3:15-CV-01221-DRH, 2018 WL 309837 (S.D. Ill. Jan. 5, 2018) (order granting de-designation and

unsealing of filings marked confidential).  In *In re Syngenta* confidentiality designations in three filings were challenged as improper.  The Court explained that only three categories of material can be kept secret; trade secrets, privileged information and that which is required by statute.  *Id.* at 2.  After review of the filings at issue, the Court determined that the respondent did not establish good cause to keep the challenged documents under seal as they did not fall within any of the three permissible categories and ordered the docket entries unsealed.  *Id.*

WHEREFORE, for the reasons stated in this Memorandum and Plaintiffs' Motion to Unseal Exhibits to their Opposition to State Farm Mutual Insurance Company's Motion for Summary Judgment on Plaintiffs' RICO Claims and for Use at Trial, Plaintiffs respectfully request that all Exhibits to their Summary Judgment Opposition be unsealed, filed with the Clerk and permitted for use at trial.

Dated: May 14, 2018

/s/ *Robert A. Clifford*
Robert A. Clifford #0461849
Kristofer S. Riddle
George S. Bellas
Clifford Law Offices
120 N. LaSalle Street
31st Floor
Chicago, IL 60602
Tel: 312-899-9090

Steven P. Blonder #6215773
Jonathan L. Loew
Much Shelist, P.C.
191 N. Wacker
Suite 1800
Chicago, IL 60606-2000
Tel: 312-521-2402

John W. "Don" Barrett
Barrett Law Group, P.A.
404 Court Square North
P.O. Box 927
Lexington, MS 39095-0927
Tel: 662-834-2488

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Tel: 888-725-2477

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201
Tel: 501-374-1058

Gordon Ball
Gordon Ball PLLC
550 Main Street
Bank of America Center, Ste. 600
Knoxville, TN 37902
Tel: 865.525.7028

Elizabeth J. Cabraser
Robert J. Nelson
Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000

Brent W. Landau
Jeannine M. Kenney
Hausfeld, LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 215-985-3273

Erwin Chemerinsky
University of California, Berkeley School of Law
215 Boalt Hall,
Berkeley, CA 94720
(510) 642-6483

Richard R. Barrett
Law Offices of Richard R. Barrett, PLLC
2086 Old Taylor Road
Suite 1011
Oxford, Mississippi 38655
Tel: 662-380-5018

Stephen A. Saltzburg
The George Washington University Law School
2000 H. Street, NW
Washington, D.C. 20052
Tel. 202-994-7089

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(b), I certify that a copy of the foregoing was served upon counsel on via the Court's CM/ECF system.

/s/ *Kristofer S. Riddle*