IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>Defendants. | Case No.: 12-cv-00660 DRH-SCW |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
STATE FARM'S MOTION IN LIMINE NUMBER 1**

By its Motion in Limine No. 1, State Farm seeks to preclude evidence and testimony regarding the trebling of, or calculation of interest on, any damages award. *See* [792].

Plaintiffs agree with State Farm that the Parties, including Defendants, should not be allowed to put in testimony, evidence or argument to the effect that any judgment in favor of the Plaintiffs in this case will be trebled per the RICO statute. The fact that damages are trebled under RICO is irrelevant to Plaintiffs' claims and Defendants' defenses and could confuse the jury.

Plaintiffs also agree that, while "pre-judgment interest should be presumptively available to victims of federal law violations," the decision to award pre-judgment interest is left to the sound discretion of the court, not the jury. *See, e.g.*, *Pickett v. Sheridan Health Care Center*, 813 F.3d 640, 647 (7th Cir. 2016) (alterations and citations omitted). Therefore, this Court will decide whether the *Hale* Plaintiffs are entitled to pre-judgment interest on the damages that they

- 1 -

lost when their RICO causes of action accrued, and the jury should not hear evidence or testimony regarding pre-judgment interest on the *Hale* Plaintiffs' damages.

However, while Plaintiffs will direct their entitlement to *pre*-judgment interest to the Court, a different analysis applies to the *post*-judgment interest on the *Avery* judgment that had accrued at the time the *Hale* Plaintiffs lost their interest in that *Avery* judgment. Under Illinois law, "[j]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied." 735 Ill. Comp. Stat. 5/2-1303. Thus, the *Hale* Plaintiffs' damages—that is, the value of their interest in *Avery* judgment—includes the amount of the *Avery* judgment after the court of appeals decision *and* any post-judgment interest thereon up to the time that the *Hale* Plaintiffs' federal RICO claims accrued. In other words, the property interest that the *Hale* Plaintiffs had and lost included both the amount of the *Avery* judgment (as modified by the court of appeals) *and* any interest that had accrued on that judgment as a matter of Illinois law.

The jury should be entrusted to determine the total value of the damages that Plaintiffs' suffered which, again, includes post-judgment interest applied under Illinois law. Once that figure is determined by the jury based upon the evidence submitted, including by its financial fraud expert Thomas Myers, the Court will decide whether the damages amount (inclusive of post-judgment interest under Illinois law) should be trebled per the RICO statute and also whether any federal pre-judgment interest is appropriate in the *Hale* action.

In sum, post-judgment interest on the *Avery* judgment is qualitatively different from pre-judgment interest on the *Hale* verdict, and the amount of post-judgment interest owing on the *Avery* judgment as damages is an issue for the jury, not the Court. As such, Plaintiffs oppose that

- 2 -

1584073.2

part of State Farm's Motion in Limine No. 1 barring any argument relating to the issue of post-judgment interest on the *Avery* judgment.

| | |
|---|---|
| Dated: July 6, 2018 | /s/ *Robert J. Nelson*<br>Elizabeth J. Cabraser<br>Robert J. Nelson<br>Kevin R. Budner<br>Lieff Cabraser Heimann & Bernstein, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Tel: 415-996-1000 |
| Steven P. Blonder #6215773<br>Jonathan L. Loew<br>Much Shelist, P.C.<br>191 N. Wacker<br>Suite 1800<br>Chicago, IL 60606-2000<br>Tel: 312-521-2402 | Robert A. Clifford #0461849<br>George S. Bellas<br>Kristofer S. Riddle<br>Clifford Law Offices<br>120 N. LaSalle Street<br>31st Floor<br>Chicago, IL 60602<br>Tel: 312-899-9090 |
| John W. "Don" Barrett<br>Barrett Law Group, P.A.<br>404 Court Square North<br>P.O. Box 927<br>Lexington, MS 39095-0927<br>Tel: 662-834-2488 | Brent W. Landau<br>Jeannine M. Kenney<br>Hausfeld, LLP<br>325 Chestnut Street, Suite 900<br>Philadelphia, PA 19106<br>Tel: 215-985-3273 |
| Patrick W. Pendley<br>Pendley, Baudin & Coffin, LLP<br>Post Office Drawer 71<br>24110 Eden Street<br>Plaquemine, LA 70765<br>Tel: 888-725-2477 | Erwin Chemerinsky<br>University of California, Berkeley School of Law<br>215 Boalt Hall,<br>Berkeley, CA 94720<br>Tel: 510-642-6483 |
| Thomas P. Thrash<br>Marcus N. Bozeman<br>Thrash Law Firm, P.A.<br>1101 Garland Street<br>Little Rock, AR 72201<br>Tel: 501-374-1058 | Richard R. Barrett<br>Law Offices of Richard R. Barrett, PLLC<br>2086 Old Taylor Road<br>Suite 1011<br>Oxford, Mississippi 38655<br>Tel: 662-380-5018 |
| Gordon Ball<br>Gordon Ball PLLC<br>550 Main Street<br>Bank of America Center, Ste. 600<br>Knoxville, TN 37902<br>Tel: 865-525-7028 | Stephen A. Saltzburg<br>The George Washington University Law School<br>2000 H. Street, NW<br>Washington, D.C. 20052<br>Tel: 202-994-7089 |

*Class Counsel*

1584073.2

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(b), I certify that a copy of the foregoing was served upon counsel on via the Court's CM/ECF system.

>  */s/ Robert J. Nelson*
> Robert J. Nelson

- 4 -

1584073.2