# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MARK HALE, TODD SHADLE,**
**and LAURIE LOGER, on behalf of**
**themselves and all others similarly situated,**

**Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, EDWARD**
**MURNANE, and WILLIAM G. SHEPHERD,**

**Defendants.**                                                                 No. 12-0660-DRH

## ORDER

**HERNDON, District Judge:**

      The court's current plan is to summon the entire venire panel (panel) on August 29, 2018 to meet with the jury administrator for the purpose of the panel completing the joint questionnaire of the parties. As soon as practicable, the Clerk's office will provide copies of the completed questionnaires to the parties. The parties are advised that the court intends to provide the panel at that time a copy of the calendar of trial days, as attached, to facilitate their ability to fill out the questionnaires. The court requests the parties' questionnaire include a question, in light of the calendar, of any conflicts in their schedule or hardship issues (lack of pay, child care, adult care, prepaid trips, etc.). The court will have the jury administrator provide the questionnaire, trial calendar and order giving instructions to the panel upon their arrival in the building. See the court's proposed order and advise the court within 5 days if there is an objection to the order.

      In light of the calendar which has more recess days that at first believed (Doc. 825), the court will implement a method at trial to give the jurors a brief summary of the evidence received in the previous court days following a period of time when the trial has been in recess for more than three days. The court will present the summaries when first reconvening after such lengthy periods. So

based on the schedule attached, the court will be providing those summaries to the jury on September 11, September 17, October 15 and November 2. The summaries will be non-partisan (not advocating for a particular jury verdict) and simply act as a reminder of what evidence was adduced without any hint of persuasion. The summaries, however, can highlight that evidence which the particular party chooses to highlight. The court will read a limiting instruction to the jury advising the jury of the purpose and limitations of the summary about to be read.  The parties shall prior to September 7, 2018 provide the court with their proposed version of that limiting instruction or advise the court that they leave such drafting to the court. However, the parties shall submit versions of the summaries on each of the mornings when the court has ordered such summaries to be provided to the jury, or such other dates that summaries are to be read to the jury, if the above schedule must be changed.  The court will select the summary that best serves the objective of the court, although the court reserves the ability to edit one or both summaries for the final version to be read to the jury, including choosing what parts from each submission to include.  The court will read the summary to the jury prior to taking evidence on first day the jury returns after a recess in excess of four days.  The court will consider an alternative to the summary method described above at the hearing set August 29, 2018.  For example, each side could be given 5 minutes to present the summary orally.  Such oral presentations shall remain nonpartisan but each counsel may choose which evidence to discuss.

Any objection to this plan or action or the trial schedule must be filed no later than August 22, 2018.  Such filings shall be simultaneous with responses to each due no later than noon on August 28, 2018. Failing to file objections in advance of the hearing set August 29, 2018 may, but not with certainty, preclude raising objections at the hearing.  The court will assess the nature and scope of the objection before deeming the objection waived.

**So ordered**.

Judge Herndon
2018.08.16 11:13:30
-05'00'

**David R. Herndon**
**United States District Judge**