UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE and LAURIE LOGER, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 3:12-cv-00660-DRH-SCW |
| v. ) ) | Judge David R. Herndon |
| ) | Magistrate Judge Stephen C. Williams |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD, ) ) ) ) ) | |
| Defendants. ) | |

### DEFENDANT EDWARD MURNANE'S
### NOTICE OF JOINDER IN STATE FARM'S TRIAL BRIEF

Defendant Edward Murnane ("Murnane"), by its attorneys, hereby joins in Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") trial brief, which was filed August 21, 2018. (ECF No. 898) Additionally, Murnane supplements this joinder as follows.

### ARGUMENT

**I.  PLAINTIFFS MUST PROVE THEIR CLAIMS AS TO *EACH* DEFENDANT**

State Farm's trial brief appropriately identifies the key elements of Plaintiffs' RICO and RICO conspiracy claims. It is worth emphasizing that to prevail on a claim against Murnane, Plaintiffs must prove every element of their claim against Murnane himself – separate and apart from proving the elements of that claim as to State Farm or William Shepherd. For example, on the claim under 18 U.S.C. § 1962(c), Plaintiffs must prove not only that the "enterprise" described in the Complaint existed, but that Murnane knowingly conducted or participated in the affairs of the enterprise "through a pattern of racketeering activity." (Defendants' Proposed JI No. 3)

Taking this a step further, to succeed, Plaintiffs will have to establish that Murnane *himself* committed the two predicate acts of racketeering activity alleged – namely mail fraud. (Defendants' Proposed JI Nos. 7, 8; *Van Stelton v. Van Stelton*, No. C11-4045-MWB, 2013 WL 3776813, at *15 (N.D. Iowa July 17, 2013); *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litig.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011).) And to find Murnane liable for committing those predicate acts, Plaintiffs will need to prove that Murnane "knowingly devised or participated in a scheme" with an "intent to defraud the Illinois Supreme Court," that the scheme involved a "materially false or fraudulent representation," and that Murnane used the mails or caused the mails to be used "for the purpose of carrying out the scheme." (Defendants' Proposed JI No. 8)

## II. MURNANE'S STATE OF MIND IS CRITICAL

While Plaintiffs' allegations focus substantially on defendant State Farm, they elected to sue Murnane as well. Thus, they must strictly be held to the obligation to prove that Murnane had the required state of mind to violate RICO. That means, *inter alia*, that Plaintiffs have to prove Murnane "*knowingly* devised or participated in" a scheme with the *intent* to defraud the Illinois Supreme Court – that is, that he "intended to deceive or cheat another and to obtain money or property or cause the loss of money or property" by making materially false representations to the Court. (Defendants' Proposed JI Nos. 8-9) On the RICO conspiracy claim, Plaintiffs need to prove that Murnane "knowingly conspired to conduct or to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity," and "knowingly agreed to the overall objective or outcome of the conspiracy." (Defendants' Proposed Jury Instruction No. 15) If Murnane happened to act in a way that advanced some

object or purpose of the alleged conspiracy, but had no knowledge of that conspiracy, he simply cannot be held liable for violating 18 U.S.C. § 1962(d).

## CONCLUSION

As explained in State Farm's trial brief, Plaintiffs must clear a host of evidentiary and legal hurdles to permit a finding that State Farm is liable. Merely clearing those hurdles with respect to State Farm would not, however, establish Edward Murnane's liability. Murnane's conduct, and Murnane's state of mind in engaging in that conduct, are paramount to any determination of his liability.

Dated: August 21, 2018                    Respectfully submitted,

                                          Edward Murnane

                                          By: /s/ Paul E. Veith
                                              One of His Attorneys
                                              Paul E. Veith
                                              pveith@sidley.com
                                              Andrew J. Chinsky
                                              achinsky@sidley.com
                                              SIDLEY AUSTIN LLP
                                              One South Dearborn St.
                                              Chicago, IL 60603
                                              Phone: (312) 853-7000
                                              Fax: (312) 853-7036

                                              *Attorneys for Edward Murnane*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on August 21, 2018.

/s/ Andrew J. Chinsky
Andrew J. Chinsky

*Attorney for Defendant Edward Murnane*
