# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, LAURIE LOGER, and MARK COVINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>Defendants. | Case No. 12-cv-00660 DRH-SCW<br><br>Judge David R. Herndon<br><br>Magistrate Stephen C. Williams |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S OBJECTIONS TO TRIAL SCHEDULE AND PLAN

Pursuant to the Court's August 16, 2018 Order, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") respectfully submits the following objections to the trial schedule attached to that Order and to the plan for using evidence summaries as part of the schedule.

## BACKGROUND

While there have been a few presumptive trial months, this case was first set for trial in March of this year. In its March 28, 2018 Order, the Court scheduled trial to begin on September 4, 2018 and continuing through October 12, 2018, as necessary, with trial to be held on Monday through Thursday except for the weeks of September 3 and October 8, when trial would be held Tuesday through Friday due to the Labor Day and Columbus Day holidays. [756]. The Court originally scheduled six contiguous weeks of trial, with four contiguous trial days in each week, for a total of 24 trial days.

Prior to the Court's August 16, 2018 Order, there were two adjustments to that 24-day schedule. On June 26, 2018, the Court directed that it had "another matter which conflicts with the trial during the week of October 8th, in the event the trial has not concluded prior to that date" and "[t]herefore, during the week of October 8, 2018 the case shall be adjourned during each court day of that week, if necessary." [825]. On August 1, 2018, at the request of the parties' counsel, the Court directed that the trial would not be held on September 10, 2018 and September 19, 2018, to accommodate the Rosh Hashanah and Yom Kippur holidays. [888].

The Court's August 16, 2018 Order further adjusts the trial schedule even more significantly by including a hiatus in the trial from September 12-14 and a two-week hiatus from October 22-November 1 in the event the trial is not completed by October 19. The result is that there are no longer 24 continuous trial days across six contiguous weeks, but instead there will be interruptions of three days (from September 12-14), one week (October 9-12) and potentially (but likely) two weeks (October 22-November 1) during trial.[1]

## OBJECTIONS

**I.  STATE FARM REQUESTS A TRIAL SCHEDULE WITHOUT SIGNIFICANT INTERRUPTIONS.**

State Farm appreciates the Court's attempt to develop a schedule through November 9 based on a variety of factors and the Court's invitation for alternative suggestions. State Farm respectfully submits that interrupting the trial for several days, a week or weeks at a time would have profoundly prejudicial effects on the parties, particularly the Defendants. Traditionally, jury trials are held on contiguous or continuous days, in order to minimize the burden on the jury and maintain their focus, which is critical to the just and efficient administration of trials. *See, e.g.,*

---

[1] The Parties have identified dozens of potential trial witnesses and have listed in the aggregate more than 3,000 exhibits, over 2,000 of which are listed on Plaintiffs' exhibit listed.

2

*United States v. Neuman,* No. 11-CR-00247, 2013 WL 5787176, at *15 (D. Or. Oct. 28, 2013) (Brown, J.) (finding that "breaking" for even a "few days would severely interrupt the presentation of the [party's] case and substantially interfere with the jury's ability to stay engaged in the proceeding."), *aff'd*, 621 F. App'x 363 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2406 (2016).[2] This acute concern for fair and efficient jury trials is reflected in Principle 12 of the ABA Principles for Juries and Jury Trials (2005), which recognizes that courts should "eliminate unnecessary trial delay and disruption" and that "[o]nce begun, jury trial proceedings with jurors present should take precedence over all other court proceedings except those given priority by a specific law and those of an emergency nature." *See also* Seventh Circuit American Jury Project (2008) at 45 (recognizing need to "eliminate trial delay and disruption"). These concerns are even more pronounced here.

      This case is uniquely ill-suited to a stop-and-start schedule for at least two reasons. First, the case is complex. For example, Plaintiffs have asserted a "money trail" attribution theory which involves numerous different organizations and transactions, involving millions of dollars. There are a multitude of organizations and witnesses involved in this issue alone. Keeping all of that sorted out will be challenging under the best of circumstances. Extended interruptions will make comprehension almost impossible.

      Defendants would be particularly prejudiced by the proposed schedule. It is not clear how much time Plaintiffs' case will consume. But even if they could complete their case in September, they would get at least two contiguous weeks of trial to conclude their case. Yet, assuming Defendants' case starts on approximately October 1, Defendants will have just one week of

---

[2] State Farm offers this non-precedential district court case because these issues generally are wrestled with at the trial court level.

3

evidence followed by a week's adjournment.  Then there will be another week of evidence followed by a two-week adjournment.  It is impossible to put on a cohesive and comprehensible case with that schedule.  The proposed schedule would violate Defendants' rights, under the Federal Rules of Civil Procedure and as a matter of basic due process and simple fairness, to present their case in an ordered, just and speedy fashion.  *See* Fed. R. Civ. P. 1.

Second, the nature of this case makes it especially ill-suited to this schedule.  This is a high-profile case, which has drawn significant media attention that will only increase once the trial begins.  The Court properly will instruct the jury that they must "**not** make any effort whatsoever to learn about this case outside of this courtroom." [894-1] at 3 (emphasis in original).  It is often difficult for jurors to avoid media reports, or input from family and friends under the best of circumstances.  When the Court is able to remind the jurors each day of their obligations and inquire about them each morning, that danger may be mitigated.  However, when jurors return home for several days or weeks at a time and are exposed, even innocently, to news articles and TV reports, without reference to the idle Internet research jurors may undertake when left alone to think about the trial for such long periods of time, that danger becomes real and present and unmanageable.  *See United States v. Sisk*, 629 F.2d 1174, 1177 (6th Cir. 1980) (affirming mistrial after unplanned month-long break because "recall of the evidence presented had diminished" and "publicity during the trial break").

Given these concerns, State Farm respectfully objects to the Court's August 16, 2018 trial schedule.  There are alternatives that State Farm believes would honor Defendants' right to present their evidence in an uninterrupted fashion.  For example, the Court could commence trial on November 5, 2018 in order to allow continuous trial days over 6 weeks as originally envisioned,

4

with the exception of the November 22-23 Thanksgiving holiday.[3] State Farm well understands that this is not the only case on the Court's docket and there might be competing demands on the Court's time. Other alternatives would be to adhere to the current start date, but have Magistrate Judge Williams preside over those portions of the trial for which the Court is otherwise unavailable (or even the trial in its entirety), assuming Plaintiffs would consent. State Farm recognizes that these alternatives also depend on Magistrate Judge Williams' schedule and availability.

## II. STATE FARM OBJECTS TO THE USE OF EVIDENCE SUMMARIES.

State Farm further objects to the Court's plan to give jurors "a brief summary of the evidence received in the previous court days following a period of time when the trial has been in recess for more than three days." [894] at 1. This plan may be based on *United States v. McGee,* 612 F.3d 627, 632 (7th Cir. 2010), where the Seventh Circuit affirmed the district court's decision to allow prosecution and defense counsel to give non-argumentative evidence summaries to the jury after a single weekend break. The Seventh Circuit cited Principle 13(G) of the ABA American Jury Project, which proposes the reading of "interim explanatory statements [summarizing evidence] *by attorneys* to the jury," *see* Seventh Circuit American Jury Project (2008) at 32 (emphasis added), and the Manual for Complex Litigation, which likewise suggests that "[i]n a lengthy trial, it can be helpful if *counsel* can intermittently summarize the evidence." *See* Federal Judicial Center, Manual for Complex Litigation § 12.34 (4th ed.) (emphasis added). None of these sources, however, endorse the number of trial breaks now contemplated and the consequent number of summaries. Moreover, these sources do not endorse the reading of summaries by *the court*, which would give the summaries, and their focus on particular pieces of evidence, undue

---

[3] State Farm does not know the Court's schedule in November and December, and thus, does not have information about whether the Court can accommodate this proposal.

weight by lending them the Court's imprimatur. As the United States Supreme Court has stated, "[t]his privilege of the judge to comment on the facts has its inherent limitations" given the "great weight" the jury gives the trial judge. *Quercia v. United States*, 289 U.S. 466, 470 (1933); *see also United States v. Brandom*, 479 F.2d 830, 835-36 (8th Cir. 1973) (where judge's jury instructions "summarized the evidence favorable to [one party] [but] failed to do the same with respect to the evidence submitted by the [other party]," he committed reversible error). Thus, although State Farm objects to the proposed use of evidence summaries and the lengthy interruptions of the trial, State Farm submits that, if the Court denies State Farm's objections, then, given the inherent difficulties in having the Court read evidence summaries on repeated occasions during trial, the evidence summaries should be given by the second alternative proposed by the Court, whereby each side would "be given 5 minutes to present the summary orally" in a "nonpartisan" manner. [894] at 2.

In any event, regardless of who reads the summaries to the jury, it is inevitable that the summaries will necessarily be selective, and even a summary that is intended to be even-handed in the selection of the testimony and evidence may raise questions and objections from both sides and may present a risk of improperly influencing the jury. *See United States v. Bailey*, No. CR 15-10011, 2018 WL 577225, at *2 (W.D. Tenn. Jan. 26, 2018) (Anderson, C.J.) (denying request for summaries after three-month break in trial; stating: that summaries would "by [their] very nature [be] selective and incomplete, [and] perhaps invade the province of the jury;" distinguishing *McGee, supra*).[4] The act of summarizing necessarily involves subjective judgments and includes a component of argument.

---

[4] Again, State Farm offers this non-precedential district court case because these issues generally are addressed at the trial court level.

Accordingly, State Farm submits that the use of summaries will not cure the problems that would result from the several lengthy interruptions in the Court's proposed trial schedule. Rather, the use of summaries will simply create additional problems. These problems are of constitutional dimensions. The delays and the use of summaries would erode the fundamental fairness of the proceeding and cause unfair prejudice to Defendants in contravention of Defendants' due process rights and Seventh Amendment right to a trial by jury. Jurors are supposed to "keep an open mind until all the evidence has been received." *See* Seventh Circuit Federal Civil Jury Instructions 2.01. Presenting a summary of evidence does not simply remind the jury of what has been presented, it invites the jury to categorize certain evidence as significant by virtue of its inclusion in the summary. It thus improperly would cause or encourage the jury to begin weighing the evidence before both sides have been heard and all the evidence received. *Cf. United States v. Yakobowicz*, 427 F.3d 144, 153-54 (2d Cir. 2005) (holding that repetitive summaries effectively invited jurors to close their minds by forming premature opinions and constituted reversible error in criminal case). Accordingly, State Farm submits that evidence summaries should not be utilized in the trial of this case.

## **CONCLUSION**

For the foregoing reasons, State Farm respectfully objects to the trial schedule attached to the Court's Order and to the plan for using evidence summaries as part of the schedule. State Farm asks that the Court reschedule the trial to start on November 5, 2018, or explore other possibilities to ensure six contiguous weeks of trial.

Respectfully submitted,

Dated: August 22, 2018

| | | |
|---|---|---|
| Michael P. Kenny | Patrick D. Cloud, #06282672 | */s/ Ronald S. Safer* |
| Alston & Bird LLP | Heyl, Royster, Voelker & Allen | Ronald S. Safer #6186143 |
| One Atlantic Center | Mark Twain Plaza III, Suite 100 | Joseph A. Cancila, Jr., #6193252 |
| 1201 West Peachtree St. | 105 W. Vandalia St. | Nick Kahlon, #6280309 |
| Atlanta, Georgia 30309 | Edwardsville, IL 62025 | Riley Safer Holmes & Cancila LLP |
| | | 70 W. Madison St., Ste. 2900 |
| | | Chicago, IL 60602 |

| | |
|---|---|
| J. Timothy Eaton, #0707341 | Of Counsel: |
| Taft Stettinius & Hollister LLP | Sheila L. Birnbaum |
| 111 East Wacker | Douglas W. Dunham |
| Suite 2800 | Ellen P. Quackenbos |
| Chicago, IL 60601 | Dechert LLP |
| | Three Bryant Park |
| | 1095 Avenue of the Americas |
| | New York, New York 10036 |

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of Defendant State Farm Mutual Automobile Insurance Company's Objections to Trial Schedule and Plan was served upon all counsel of record on August 22, 2018, via the Court's CM/ECF system.

Dated: August 22, 2018　　　　　　　　　　　*/s/ Ronald S. Safer*