IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK HALE, TODD SHADLE,
and LAURIE LOGER, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,

Defendants.   No. 12-0660-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

The Court entered an order on August 16, 2018 (Doc. 894) which placed the parties on notice of some of the logistical issues associated with the scheduled jury trial of this matter on August 29, 2018. For example, the Court constructed a trial calendar (Exhibit 2 of the order) to advise which days the Court would be in trial and which days it would not be in trial. The Court also advised the parties that it intended to use mid-trial summaries of the evidence to assist the jury in keeping the evidence in mind despite the hiatuses created by the Court recessing for extended periods. For example, in September the Court will hear evidence for four straight days (fourth through the seventh). During the next week the Court will be adjourned four out of the five days; the tenth to honor Rosh Hashanah and the twelfth through the fourteenth due to the undersigned judge's required

attendance of the Judicial Conference of the United States Courts in Washington, D.C. The following week the Court will take evidence the seventeenth and eighteenth, will be in recess the nineteenth for Yom Kippur and will hear evidence the twentieth and twenty-first. The following week, the Court will hear evidence five contiguous days, the twenty-fourth through the twenty-eighth. The same the following week, October first through the fifth. Therefore, at that point in time, the Court will have been in session for nineteen days. Also, the Court advised the parties that Columbus Day, the eighth, will close the courthouse and that the undersigned judge has an irreconcilable conflict in the schedule and would remain in recess until October fifteenth. The Court could return to session on that date for five contiguous days through the nineteenth. Under the proposed schedule, the Court will then be in recess through November second, rendering ten contiguous days without week day sessions. The Court could, under that proposed schedule, return to session, if needed the fifth through the ninth for five contiguous days.

The defendants objected to the non-contiguous nature of the schedule and to the mid-trial summaries intended by the Court. In doing so, defendants relied on two trial court orders finding breaks in the evidence to "severely interrupt the presentation of the case and substantially interfere with the jury's ability to stay engaged." *United States v. Neuman*, 11-CR-00247, 2013 WL 5787176, at 15 (D. Or. Oct. 28, 2013). Defendants cited Principle 12 of the ABA Principles for Juries and Jury Trials (2005) as well as the Seventh Circuit American Jury Project

(2008) at 45. The material at the Seventh Circuit citation by defendants is the same as the ABA citation; Principle 12.

Principle 12, relied upon by defendants, is relevant to this case, but not for the reasons cited by defendants. Instead of focusing on a principle that there should not be delays and interruptions in trial, the focus of Principle 12 is to encourage courts to place time limits on cases, "The court, after conferring with the parties, should impose and enforce time limits on the trial or portions thereof." Seventh Circuit American Jury Project (2008) at page 45. Principle 12 only confirms the conclusion this Court had drawn when reading the defendants' objections.

Therefore, the Court will impose time restrictions in this case. There are nineteen available days for evidence through October 5, 2018. Following that there is a hiatus of one week before five trial days available the fifteenth through the nineteenth. August the twenty-ninth is listed on the proposed calendar as jury selection beginning and was originally intended for the jurors to only come in to fill out the parties' joint questionnaire. In light of what has now been brought to the Court's attention regarding this schedule, the Court and the parties will conduct voir dire on the twenty-ninth. The jurors will be brought into the courtroom and will be read the pertinent contents of the proposed order which the Court provided as Exhibit 1 of the aforementioned order (894). They will then be directed to return to the jury assembly room to fill out the questionnaires and then instructed to return at 1:00 PM for voir dire.

Counsel for each side will return on the thirtieth to take up the legal issues which the court originally intended to take up on the twenty-ninth. As indicated in the proposed schedule, the courthouse is closed on Friday, August 31, 2018 (court-wide conference) and Monday, September 3, 2018 (Labor Day). Therefore, the jury will return on Tuesday, September 4, 2018. The Court will first read the preliminary instructions, followed by opening statements from both parties. Thereafter, the evidence will be presented. For purposes of the Final Pretrial Order, the parties estimated there would need to be twenty-five court days for the trial, beginning to end. Since that time the Court has disallowed the testimony of two of plaintiffs' experts and three of defendants' experts. The Court, therefore, finds a reasonable amount of time for the evidence in the case to be no more than nineteen days and additional time will be allowed for closing. The Court hereby limits the time for evidence to be presented by all parties to no later than 5:00 PM Friday, October 5, 2018. Unless they occur sooner due to the parties not using all the time set aside for evidence, the initial final jury instructions will be read to the jury beginning Monday, October 15, 2018, at 9:00 AM, followed by the closing arguments of each side, after which the Court will read the remaining jury instructions (those bearing directly on the jury's deliberations).

In light of this schedule, the Court will limit the time for evidence presentation for both sides. Assuming nineteen evidence available days with the schedule established above, together with an average of six hours of trial time each day, the amount of time for evidence totally will be 6840 minutes. This

assumes a schedule of 8:30 AM to 12:00 noon for each morning session and 1:00 PM to 4:30 PM for each afternoon session, with an hour to accommodate minutes not charged to anyone. Applying reasonable time limits on parties has ample authority in federal jurisprudence. Fed. R. Civ. P. 16(c), Fed. R. Evid. 611(a), *MT. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1408 (7th Cir. 1991) and *MCI Communications Corp. v. Am. Tel. & Tel. Co.*, 708 F.2d 1081 (7th Cir. 1983).

In light of the plaintiffs' obligation to bear the burden of persuasion, the plaintiffs' side shall be allowed three thousand six hundred (3600) minutes of evidence time. The defendants collectively shall be allowed three thousand two hundred and forty (3420) minutes of evidence time. Defendants shall decide among themselves the division of the time between each defendant to the others. Defendants shall advise the Court of their allocation no later than close of business August 28, 2018. Defendants all agreed at the final pretrial conference that the defenses of the three parties are aligned and further agreed they could work together on jury strikes.

Defendants also objected to the evidentiary summaries (mid-trial summaries) the Court indicated it intended to use. In doing so, the defendants relied upon a number of non-precedential sources that do not provide for the Court to read the summaries as suggested by this Court. All this Court was attempting to do was to reduce as much as possible the blatant advocacy that could result from each side supplying its own summary. However, rather than force this issue, for which there is no authority prohibiting the Court's plan, the

Court will instead allow each side to present a mid-trial summary if they care to on September 17, 2018 following a three court day plus a two weekend day hiatus. Each shall use no more than ten minutes which shall be counted against that side's time. Summaries will not be necessary after the only other multi-day hiatus since closing arguments will be given on the return day from that break.

Each side shall keep track of their own time and the other party's time, and shall confer with each other at the end of the court day to come to an agreement or make a determination as to the time each side consumed that day. In making that determination, counsel shall follow these basic rules. When counsel is asking a question of a witness, the time spent asking that question as well as the answer shall be charged to the party represented by said counsel whether the question came during direct or cross examination. All objections shall be treated the same, with time that it takes to make the objection charged to the party represented by the objector. The time, if any, used by opposing counsel responding to the objection shall be charged to that counsel's represented party. If any counsel ask and are granted a sidebar, the entire time of the sidebar from the moment it is requested until the end shall be charged to the requesting party. The Court will cut short any argument in response clearly intended to burn time needlessly. Consistent with the encouragement to limit time found in ABA Principle 12, each party shall be limited in time for closing arguments, however, this will be time in addition to that allowed for evidence. Plaintiff shall be limited to four hours (240 minutes) for the initial closing, defendants shall be limited to five hours (300

minutes) for the combined closing of all three defendants, which shall be agreed upon by the defendants, advising the Court as soon as practicable after arriving at agreement. Plaintiffs shall be allowed two hours (120 minutes) for rebuttal closing.

**IT IS SO ORDERED.**

Judge Herndon
2018.08.23
15:23:40 -05'00'

**United States District Judge**