IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK HALE, TODD SHADLE,
and LAURIE LOGER, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,

Defendants.                                                No. 12-0660-DRH

## ORDER

**HERNDON, District Judge:**

This order is entered for case management purposes.

As a follow-up to the Court's order, August 23, 2018 (doc. 915), the Court directs the parties as follows. A revised trial calendar has been developed by the Court and will be provided to the parties as a separate document in cm/ecf. On Wednesday, August 29, 2018, the Court will have the venire panel brought to the courtroom at 9:00 AM. At that time, the Court will advise them of their schedule for the next six days. The Court will also advise the panel of the nature of the case, consistent with the one adopted by the parties for the purpose of the Final Pretrial Order. The Court will introduce the jury to the chief trial lawyer for each defendant, who will then introduce the rest of the counsel for that party.

The Court directs that if a lawyer will take any role in the trial; chief, second, examiner of witnesses, role playing for a witness in a written deposition to be presented to the jury, opening statement or closing argument that lawyer shall be present for the 9:00 AM introductions to the jury. While the Court, of course, will make room for all counsel necessary, the Court discourages any counsel from being in the courtroom for this part of voir dire as seating space will be at a premium.

The jury will be directed to return to the jury assembly room to complete the task of orientation, including the completion of the parties' questionnaire, as well as the Court's, with the admonishment to return in time for a 1:00 PM start for the balance of voir dire.

After the jury has been returned to the jury room, the Court will have a discussion in chambers with the lead counsel for each party, lead counsel defined as the lawyers who have authority within the groups of lawyers to direct the prosecution or defense of the case and make decisions about trial strategy and settlement issues including those who will be chief trial counsel. That discussion will be limited to those principals.

Following that discussion, depending on time, the Court will begin to take up, in open court, the issues pending for ruling, beginning with any issues that impact voir dire. The trial schedule, the days of which are reflected in the revised trial calendar, will be that the Court will begin at 8:30 AM each day and end at

4:30 PM with the alternative of 5:00 PM should it be necessary. The Court will break around noon for a one hour lunch period. That schedule is subject to change if the Court discovers that we are behind schedule for minutes counted for each day (a minimum of an aggregate of 360 minutes per day for all parties). For example the lunch may be shortened (which would provoke the Court to have the district provide a lunch for the jurors in order to require them to stay in).

With regard to timing each side's timed participation, for opening statements, the Court will grant fifteen (15) minutes for plaintiffs and defendants each, and if they exceed that limit, the time spent in excess of that will be counted against the party. A direct examiner of a witness will be timed from beginning to end of such direct examination and counted against his or her side. Cross examination will be counted the same as against the side cross examining a witness. To the extent that the Court determines a witness has established a pattern of being non-responsive to a question from counsel representing the other side (resulting in the need to extend unnecessarily the time spent by that lawyer and consequently diminishing the time of that party), the Court will keep track of that time and deduct it from the side that called the witness. Obviously, it would be in each parties' interest to caution their own witnesses to respond directly to the question asked in the most efficient method possible. With respect to closing arguments the time restrictions including in the previous order will be enforced. As a consequence, once that side reaches the limit no further time will be allowed and the closing will conclude at the direction of the Court. As for the time spent

by plaintiff in the initial argument as opposed to the rebuttal, plaintiffs shall advise the Court how they want that time split. As for defendants, each of the three defendants will decide the manner of splitting time and advise the Court.

Any questions about the above procedures should be addressed to the Court in a timely fashion (before it is too late).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.27
15:57:22 -05'00'

**United States District Judge**