**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK HALE, TODD SHADLE, LAURIE LOGER, and MARK COVINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )  Case No. 12-cv-00660 DRH-SCW<br><br>Judge David R. Herndon<br><br>Magistrate Stephen C. Williams |

**DEFENDANT EDWARD MURNANE'S MOTION TO RECONSIDER
THE COURT'S ORDER DENYING MURNANE'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE REGARDING HIS LEGAL REPRESENTATION**

Defendant Edward Murnane respectfully submits this Motion to Reconsider that portion of its Memorandum and Order dated August 21, 2018 (ECF No. 905) that denied Mr. Murnane's Motion *In Limine* to Exclude Evidence Regarding His Legal Representation (ECF No. 795) (the "Motion"). Alternatively, Mr. Murnane asks leave to add Richard J. O'Brien to the Defendants' list of possible trial witnesses. If necessary, Mr. O'Brien's testimony would be offered in rebuttal to any effort by Plaintiffs to suggest that Sidley's representation of Mr. Murnane was initiated, directed, or controlled by State Farm; to explain why Sidley agreed to represent Mr. Murnane on a *pro bono* basis; and to confirm that neither State Farm nor any other person or entity has paid for Mr. Murnane's defense.

**INTRODUCTION**

Briefly recapping the Motion, Mr. Murnane asked that evidence and argument be excluded on (a) the circumstances under which Mr. Murnane engaged his counsel, Sidley Austin LLP; (b) the terms under which Sidley represents Mr. Murnane, including the *pro bono* nature of

the representation; and (c) whether Mr. Murnane or any other party or non-party is paying or has

paid Sidley to represent him.  (ECF No. 795 at 1)  The Court denied the motion, stating in part:

> Plaintiffs [contend] that this is relevant evidence regarding the issue of bias
> arguing that if another party is paying for [Murnane's] legal representation then
> his testimony might be inclined to favor that party.  The Court finds that this
> information is relevant to the issue of bias and can be explored in the light of the
> equivocation in Murnane's testimony in his deposition.

(ECF No. 905 at 47)  The Court also found the "probative value outweighs the potential

prejudice."  (*Id.*)

## ARGUMENT

The Court described its rulings on *in limine* motions as "speculative in effect; essentially,

they are advisory opinions."  (*Id.* at 2)  A motion to reconsider "is a request that the court

reexamine its decision in light of additional legal arguments, a change of law, or perhaps an

argument or aspect of the case which was overlooked."  *Lightspeed Media Corp. v. Smith*, 3:12-

CV-889-DRH-SCW, 2015 WL 3545253 at *4 (S.D. Ill. June 5, 2015) (*citing Ahmen v. Ashcroft*,

388 F.3d 247, 249 (7th Cir. 2004), *aff'd in relevant part*, 830 F.3d 500 (7th Cir. 2016).  Thus, "a

court 'may reconsider a prior decision ... when the court misunderstands a party's arguments, or

when the court overreaches by deciding an issue not properly before it.'"  *Id.* (*quoting U.S. v.

Ligas,* 549 F.3d 497, 501 (7th Circ. 2008).

Mr. Murnane submits that certain language of the Court's ruling on the subject motion *in

limine* suggests that it may have overlooked an important fact:  State Farm is *not* paying for Mr.

Murnane's representation in this case.  Put another way, there will be no testimony from any

witness that State Farm, or any other person or entity, is paying for Mr. Murnane's

representation.  Thus, it would be improper for Plaintiffs' counsel to use cross-examination to

invite jurors to draw that exact inference (that State Farm is paying for Mr. Murnane's expense) – an inference that is simply not based on fact.[1]

Plaintiffs have argued that testimony about Sidley's representation of Mr. Murnane is "highly relevant to the issue of bias."  (ECF No. 876 at 1)  The Court agreed, in part because it found "equivocation" in Mr. Murnane's deposition testimony.  Mr. Murnane was asked: "Is State Farm paying the expenses?"  He answered, "Not to my knowledge."  (ECF No. 795-3 at 38) That deposition was taken October 27, 2015.  More than a year later, the Plaintiffs propounded a Second Set of Interrogatories to Mr. Murnane in which they asked him specifically to "[i]ndicate all parties that have agreed to pay or paid for your legal representation" at any time from the start of the case to the present.  On February 6, 2017, Mr. Murnane answered the interrogatory unequivocally by stating: "None."  (ECF No. 795-4 at No. 3)  If anything had happened since February 6, 2017 to change the answer, Mr. Murnane would have supplemented his declaration in response to the interrogatory.  As an officer of this Court, the undersigned counsel can confirm that no one has paid or agreed to pay Sidley for Mr. Murnane's legal representation since February 6, 2017, either.

Presumably, Plaintiffs persist in trying to suggest that the jury infer that State Farm *must be* paying for Mr. Murnane's representation because they recognize the potential for extreme prejudice.  A fundamental premise of this RICO case is that State Farm and Mr. Murnane, among others, engaged in concerted, unlawful conduct.  Plaintiffs would like nothing more than for the jury to speculate that they *remain* in concert.  The very nature of a trial proceeding

---

[1] Rule 3.1 of the Illinois Rules of Professional Conduct states: "A lawyer shall not ... assert or controvert an issue ... unless there is a basis in law and fact for doing so that is not frivolous(.)"  Likewise, Rule 3.4 states that a lawyer shall not, "in trial, allude to any matter that the lawyer does not reasonably believe ... will be supported by admissible evidence(.)"  Because Plaintiffs have no evidence that State Farm is paying for Mr. Murnane's representation (and actually has evidence to the contrary), it would be improper to invite the jury to draw that inference.

wherein Mr. Murnane and State Farm will be defending the same exact claims and will be physically situated on the same side of the court room, among other things, unavoidably suggests that Mr. Murnane and State Farm are "on the same team."  To allow Plaintiffs' counsel to go further and sponsor a false narrative that State Farm is paying or has agreed to pay for Mr. Murnane's counsel unfairly exacerbates the situation.

Even more, the fundamental unfairness to Mr. Murnane would be magnified insofar as the Court granted in part – by agreement of the parties – that portion of Plaintiffs' motion *in limine* barring any testimony about how, when, or under what circumstances *Plaintiffs* chose or employed any of their attorneys.  (ECF No. 905 at 13)  Mr. Murnane's counsel does not take issue with that ruling; the likelihood that Plaintiffs' counsel are financing this litigation is not probative of any claim or defense.  By extension of the argument Plaintiffs make here, it could be said in *any* case that evidence that a plaintiff class's lawyers are funding litigation could be evidence of bias:  that is, a plaintiffs' class representative is more likely to testify in a manner consistent with the interests of the lawyers representing the class if they are funding the litigation.  But that said, courts should not and typically do not allow that evidence over objections based on Federal Rules 402 and 403.  Here, likewise, Mr. Murnane should not be singled out by being subjected to questions about the nature or terms of his representation.  Such evidence is not relevant and has the potential to be unfairly prejudicial.

In its ruling, the Court also observed:  "From an equitable position, it is possible that if a jury is inclined to find damages were coming to plaintiffs they may decide to let Murnane off the hook because he could not afford his own legal representation."  (ECF No. 905 at 47)  This observation seems to support *granting* the motion, rather than denying it.  If the motion is

granted, obviously Mr. Murnane could not testify as to the *pro bono* nature of the representation without opening the door to exactly the type of evidence he seeks to exclude.

Finally, if the Court denies this motion for reconsideration and sustains its decision to deny Mr. Murnane's motion, Mr. Murnane asks leave to add Richard J. O'Brien to the witness list for the purpose of providing rebuttal testimony.  Mr. O'Brien is the now-retired Sidley partner who took on Mr. Murnane's representation at the outset of this matter.  (ECF No. 58)

## **CONCLUSION**

For all the foregoing reasons, defendant Edward Murnane respectfully requests that the Court reconsider and reverse its August 21, 2018 ruling denying his motion *in limine* to exclude evidence or argument related to (a) the circumstances under which Mr. Murnane engaged his counsel; (b) the terms under which Sidley represents Mr. Murnane, including the *pro bono* nature of the representation; and (c) whether Mr. Murnane or any other party or non-party is paying or has paid Sidley to represent him.  (ECF No. 795 at 1)

Dated: August 27, 2018                                          Respectfully submitted,


                                                               Edward Murnane


                                                               By:/s/ Paul E. Veith
                                                                  One of His Attorneys
                                                                  Paul E. Veith
                                                                  pveith@sidley.com
                                                                  Andrew J. Chinsky
                                                                  achinsky@sidley.com
                                                                  SIDLEY AUSTIN LLP
                                                                  One South Dearborn St.
                                                                  Chicago, IL 60603
                                                                  Phone: (312) 853-7000
                                                                  Fax:  (312) 853-7036

                                                                  *Attorneys for Edward Murnane*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was served on all counsel of record via the

Court's CM/ECF system on August 27, 2018.

/s/  Andrew J. Chinsky
Andrew J. Chinsky

*Attorney for Defendant Edward Murnane*