IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, LAURIE LOGER, and MARK COVINGTON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>Defendants. | Case No. 12-cv-00660 DRH-SCW |

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S SEPARATE SUBMISSION IN SUPPORT OF PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through counsel, respectfully provides this separate submission in support of preliminary approval of the proposed class settlement.

### INTRODUCTION

State Farm firmly believes that all claims that have been or are asserted against it and the other defendants in this case to be factually and legally without merit. That is why it has defended so vigorously against this litigation. State Farm likewise believes that, in view of its strong factual and legal defenses in this case, it would prevail at trial, upon appeal to the United States Court of Appeals for the Seventh Circuit, or at both stages. But this case has already gone on for over six years, and the predecessor case, *Avery v. State Farm*, lasted even longer. There are uncertainties in any litigation, especially class litigation. As part of the proposed class settlement, Plaintiffs' Second Amended Complaint adds an unjust enrichment claim, which provides a vehicle for State Farm to end the entire litigation with the class. These considerations have led State Farm to

determine that the proposed class settlement in this case is in the best interests of its policyholders. State Farm, accordingly, supports this proposed class settlement and requests the Court's preliminary approval of the settlement.

## DISCUSSION

### I. The Proposed Class Settlement is Fair, Reasonable and Adequate in View of the Strength of State Farm's Defenses to the Asserted Claims.

State Farm submits that the terms of the proposed settlement are exceedingly fair, reasonable and adequate for the class, especially in view of its very strong factual and legal defenses to Plaintiffs' claims. Among other things, in the absence of a settlement, State Farm believes that the evidence at trial would establish that: i) the challenged briefs that it filed in the *Avery* case were truthful and accurate; ii) State Farm made no contributions to Justice Karmeier's election efforts of either a direct or indirect nature; iii) there was no reason for Justice Karmeier to recuse himself from the Illinois Supreme Court's decision in the *Avery* case, which decision was correctly decided; and iv) Justice Karmeier's participation in Avery made no difference to the Illinois Supreme Court's reversal of the *Avery* judgment.

In addition, State Farm believes that it has strong legal defenses that would have enabled State Farm to prevail upon appeal, including among others, *Rooker Feldman*, *res judicata*, collateral estoppel, statute of limitations, *Noerr-Pennington*, and Plaintiffs' inability to meet myriad elements of their asserted RICO claims. These legal defenses have been set out in the briefs that State Farm filed in support of its motion to dismiss [21], motion for reconsideration [71], and motions for summary judgment [646, 827].

Finally, the proposed class settlement also is fair, reasonable and adequate because it avoids the manageability challenges that a class trial would have otherwise brought in the event of an appeal after trial. In a litigation class context, Defendants have a Seventh Amendment and due

process right to litigate individual issues of causation, injury and damages. *See, e.g., Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 343, 345 (4th Cir. 1998); *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 231-32 (2d Cir. 2008); *Cimino v. Raymark Indus., Inc.*, 151 F3d 297, 311-22 (5th Cir. 1998). However, a class settlement will eliminate the manageability issues presented by such individualized litigation proofs as the settlement would provide for stipulated per capita distribution of the settlement fund to class members.

## CONCLUSION

For all the foregoing reasons, State Farm respectfully requests that the Court preliminarily approve the proposed class settlement in the form agreed to by the Parties, as attached to Plaintiffs' motion for preliminary approval.

Dated: September 4, 2018

Respectfully submitted,

*/s/ Ronald S. Safer*

| | | |
|---|---|---|
| Michael P. Kenny<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree St.<br>Atlanta, Georgia 30309 | Patrick D. Cloud, #06282672<br>HEYL, ROYSTER, VOELKER<br>& ALLEN<br>Mark Twain Plaza III, Suite 100<br>105 W. Vandalia St.<br>Edwardsville, IL 62025 | Ronald S. Safer #6186143<br>Joseph A. Cancila, Jr., #6193252<br>Nick Kahlon, #6280309<br>Riley Safer Holmes &<br>   Cancila LLP<br>70 W. Madison St., Ste. 2900<br>Chicago, IL 60602 |
| J. Timothy Eaton,<br>#0707341<br>TAFT STETTINIUS &<br>HOLLISTER LLP<br>111 East Wacker<br>Suite 2800<br>Chicago, IL 60601 | Of Counsel:<br>Sheila L. Birnbaum<br>Douglas W. Dunham<br>Ellen P. Quackenbos<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, New York 10036 | |

*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Separate Submission in Support of Preliminary Approval of Proposed Class Settlement was served upon all counsel of record on September 4, 2018 via the Court's CM/ECF system.

Dated: September 4, 2018                             */s/ Ronald S. Safer*