IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ED MURNANE, WILLIAM G. SHEPHERD,<br><br>        Defendants. | Case No. 3:12-cv-00660-DRH-SCW |

**ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL**

This matter came before the Court on Plaintiffs' unopposed motion for preliminary approval of the proposed class action Settlement Agreement on the deadline set by this Court. Based on this Court's thorough review of the Settlement-related submissions, including the Court's review of the briefs, the Settlement Agreement, and proposed forms of class notice; and informed by its continuous supervision over and intimate familiarity with this action from its commencement to the completion of discovery and all pretrial proceedings to this date, and with trial set to commence:

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>.  The Court has jurisdiction over the subject matter of this Action, the Settling Parties, and all Class Members.

3. <u>Scope of Settlement Agreement</u>.  Subject to final approval, the Settlement Agreement resolves the Action, including all claims alleged in the Second Amended Complaint, attached as Exhibit A to the Settlement Agreement, and releases all claims as set forth in the Settlement Agreement.

4. <u>Preliminary Approval of Settlement Agreement</u>.  The Court has conducted a review of the Settlement Agreement preliminary to its ultimate determination as to fairness, adequacy, and reasonableness under Rule 23(e), guided by the jurisprudence of the Seventh Circuit on class action settlements. *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (articulating the "*Isby*" factors for class settlement approval in this Circuit); *Kaufman v. American Express Travel*, 877 F3d 276 (7th Cir. 2017); *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701 (7th Cir. 2015); *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002).  Based on this evaluation, the Court finds that: (i) the Court has ample information, given its familiarity with the claims and issues in this case, developed through motions practice, appeals, and completion of extensive discovery and pre-trial proceedings, to determine that the Settlement Agreement is fair, reasonable, and adequate, and within the range of ultimate final approval; (ii) the Settlement Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case, and overseen by experienced and Court-appointed mediators; and (iii) the

proposed forms and methods of notice provide the material terms of the Settlement Agreement to Class Members for their consideration and reaction, and such notice is appropriate and warranted. Therefore, the Court GRANTS preliminary approval of the Settlement Agreement and directs that notice be given to the Class as set forth herein.

5. <u>Class Certification</u>. The Court has previously certified the Class pursuant to Rule 23(a) and Rule 23(b)(3). The Class is defined as follows:

> *All persons in the United States, except those residing in Arkansas and Tennessee, who, in between July 28, 1987, and February 24, 1998, (1) were insured by a vehicle casualty insurance policy issued by Defendant State Farm and (2) made a claim for vehicle repairs pursuant to their policy and had non-factory authorized and/or non-OEM (Original Equipment Manufacturer) "crash parts" installed on or specified for their vehicles or else received monetary compensation determined in relation to the cost of such parts.*
>
> *Excluded from the Class are employees of Defendant State Farm, its officers, its directors, its subsidiaries, and its affiliates. In addition, the following persons are excluded from the Class: (1) All persons who resided or garaged their vehicles in Illinois and whose Illinois insurance policies were issued/executed prior to April 16, 1994, and (2) all persons who resided in California and whose policies were issued/executed prior to September 26, 1996.*
>
> *Excluded from the Class are all persons who previously opted out of the Class.*

6. <u>Class Representatives</u>. The Court previously appointed and confirms Mark Hale, Todd Shadle and Laurie Loger as Class representatives.

7. <u>Claims Administrator</u>. Pursuant to the Settlement Agreement, the Court appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") to serve as

Claims Administrator.  Epiq, in consultation with its notice expert, Cameron R. Azari, Esq. of Hilsoft Notifications ("Hilsoft"), previously provided the notice to the Class and reported to the Court regarding the implementation of the prior notice plan and opt outs.  Epiq as Claims Administrator shall be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

8.  Final Approval Hearing.  At 9:00 a.m. on December 13, 2018, in Judge Herndon's courtroom at the United States Courthouse, 750 Missouri Avenue, East St. Louis, Illinois, or at such other date and time later set by Court Order, this Court will hold a Final Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (i) final approval of the Settlement Agreement should be granted, and (ii) Class Counsel's application for attorneys' fees and expenses, and service awards to Class Representatives should be granted, and in what amount.  No later than October 16, 2018, which is thirty-one (31) days prior to the deadline for Class Members to object to the Settlement, Class Plaintiffs must file papers in support of final settlement approval, and Class Counsel's application for attorneys' fees and expenses and the requested service awards to the Class Representatives.  No later than December 6, 2018, which is seven (7) days prior to the Final Approval Hearing, Class Plaintiffs must file reply papers in support of final approval of the Settlement Agreement and respond to any written objections.  Defendants may (but are not required to) file papers in support of final approval of the Settlement

1616181.1

Agreement and in response to written objections, so long as Defendants do so no later than December 6, 2018.

9. <u>Class Notice</u>.  The Court previously approved a Class Notice Plan for giving notice to the Class directly through mailed and emailed notice, social media, publication notice, and through the previously established website, *HalevStateFarmClassAction.com*.  This Plan has been completed as approved. The settlement notice plan, in form, method, and content, is modelled on and supplements the previously Court-approved and completed plan, and will thus comply with the requirements of Rule 23 and due process, and, assuming completion, will constitute the best notice practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to file the Class Settlement Notice Plan with forms of notice no later than September 5, 2018 and to complete all aspects of the Settlement Notice plan no later than November 1, 2018, in accordance with the terms of the Settlement Agreement.

10. <u>Proof of Notice</u>. The Claims Administrator will file with the Court by no later than December 6, 2018, which is seven (7) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Settlement Agreement and this Order, as well as proof that notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

11. <u>Objections to the Settlement Agreement</u>.  To object to the Settlement Agreement, Class Members must follow the directions in the Notice and file a

- 5 -

1616181.1

written Objection with the Court by the Objection Deadline.  In the written Objection, the Class Member must state his or her full name, address, and affirm that he or she is a Class Member, and must state whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel.  Any documents supporting the Objection must also be attached to the Objection.  No Objection will be valid unless all of the information described above is included.  The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class.

      12.    <u>To Appear at the Final Fairness Hearing</u>.  If a Class Member does not submit a written Objection to the  Settlement Agreement or the application of Class Counsel for attorneys' fees and expenses or the service awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Class Member wishes to appear and be heard at the Final Fairness Hearing, the Class Member must (i) file a notice of intention to appear with the Court no later than the Objection Deadline; and (ii) comply with all other requirements of the Court for such an appearance.

      13.    <u>Waiver of Objections</u>.  Any Class Member who fails to comply with Paragraphs 11 and 12  (as detailed in the Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, will be deemed to have waived his or her objections, and will be forever barred from

making any objections in the Action or any other related action or proceeding. All members of the Class will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Class.

14. <u>Stay of Proceedings</u>.  Pending the final determination of whether the Settlement Agreement should be approved, and except as otherwise stated herein, all trial proceedings are stayed.  If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately lifted and trial of this matter will be expeditiously continued or re-set within 30 days, or <u>as soon thereafter as possible.</u>

15. *Status Quo Ante*. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with the Settlement Agreement will be without prejudice to the right of Defendants or Plaintiffs to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante*.

16. <u>No Admission of Liability</u>.  The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be a concession or admission of any claim, or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendants, or the truth of any of the allegations in the Action.  To this end, the negotiation and execution of the

Settlement Agreement and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement: (i) are not and will not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; and (ii) are not and will not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal.

17.   <u>Reasonable Procedures to Effectuate the Settlement Agreement</u>. Counsel for the parties are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

18.   <u>Schedule of Future Events</u>. The following are the deadlines by which certain events must occur:

| **October 16, 2018** | Deadline for Completion of Class Notice Program |
|---|---|

| | |
|---|---|
| **October 16, 2018** | Deadline for Class Plaintiffs' Motion for Attorneys' Fees and Incentive Awards |
| **November 17, 2018** | Deadline for Class Members to file Objections |
| **December 6, 2018** | Deadline for Parties to File the Following:<br><br>(1) Proof of Class Notice and CAFA Notice; and<br>(2) Motion and Memorandum in Support of Final Approval, including responses to any Objections. |
| **December 13, 2018** | Final Approval Hearing, at 9:00 am |

IT IS SO ORDERED.

Judge Herndon
2018.09.04 14:46:50
-05'00'

**United States District Judge**

1616181.1