IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>Defendants. | Case No. 3:12-cv-00660-DRH-SCW<br><br>Judge David R. Herndon<br><br>Magistrate Judge Stephen C. Williams |

### DECLARATION OF RICHARD H. TAYLOR IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

I, Richard H. Taylor, am a member in good standing of the State Bar of Alabama and a partner in the law firm of Taylor Martino P.C ("Taylor Martino"). I was one of the counsel for Plaintiffs until my withdrawal on October 20, 2015. I provide this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs.

1. I have reviewed the time and expense records submitted by Taylor Martino in this litigation and attest that they are accurate.

2. I further attest that the billing rates used to calculate the lodestar reflect the customary billing rates of the timekeepers at the time the services were rendered.

3. A true and correct copy of Taylor Martino's resume is attached as Exhibit "A" to this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15th 2018, in Mobile, Alabama.

/s/ *Richard H. Taylor*
RICHARD H. TAYLOR

## EXHIBIT "A"

1. *Joseph Mayhall, et al. v. General Motors Corporation*, CV-93-0047-BH-M, Transferred from the United States District for the Southern District of Alabama, Southern Division. This action was combined with the Multi-District Litigation filed in the United States District Court for the Eastern District of Pennsylvania, Master File No.: 92-6450, MDL Docket No.: 961. In the MDL, a class was certified and the case settled. Claims administration is complete.

2. *Lorene Nealy, et al. v. Woodmen of the World Life Insurance Society, a fraternal organization*, 3:93-CV-536(BN), in the United States District Court, Southern District of Mississippi, Jackson Division. In this action, a national settlement class was certified, a settlement reached and claims administration completed. This law firm served as lead counsel for the Plaintiff Class.

3. *Earl Hollingshead, et al. v. Delta Pride Catfish, Inc., et al.*, CV-92-1711, in the Circuit Court of Mobile County, Alabama. In this action, a settlement was reached, approved by the Court and a settlement class certified. Claims administration is complete. This law firm served as lead counsel for the Plaintiff Class.

4. *John N. Peterson, et al. v. Chrysler Corporation*, Circuit Court of Mobile County, Alabama. This case was removed to the U.S. District Court, Southern District of Alabama, Southern Division, and remanded to State court. Certification issue was stayed pending the outcome of the case listed below.

5. *Stuart Hanlon, et al. v. Chrysler Corporation*, in the United States District Court for the Northern District of California, Case No. C-95-2010-MHP. This is a case involving 100 named plaintiffs filing under the Magnuson-Moss Act for the certification of a settlement class. The class was certified and a settlement was reached and approved by the court. Claims administration is complete.

6. *Quinn and Tamalyn Breland, et al., etc. v. Shell Oil Company d/b/a Shell Chemical Company, et al.*, Circuit Court of Mobile County, Alabama. This action was stayed pending the class certification and outcome of the case listed below.

7. *Tina Cox v. Shell Oil Company d/b/a Shell Chemical Company, et al.*, in the Chancery Court of Obion County, Tennessee, at Union City Tennessee, Case No. 18,844. A national class was certified in this action in July of 1995 and a settlement of a minimum of $950,000,000.00 was reached and approved by the Court. Claims administration is complete.

8. *Bettner v. Georgia Pacific Corporation*, in the Circuit Court of Mobile County, Alabama. A national class was certified in November, 1995. This case has been settled. Claims administration is complete.

9. *Annette Maddox, et al., v. Alltel Mobile Communications of Arkansas, Inc.*, in the Circuit Court of Saline County, Arkansas, First Division, Case No.: CV-98-776. This multi-

state class action case involved the rounding-up of cellular usage time and the overcharging of use rates. The settlement of this matter included the consolidated cases of *Moulton v. Alltel Mobile Communications* and *Bennett v. Alltel Mobile Communications of Alabama, Inc.*, from the Circuit Court of Montgomery County, Alabama and the Circuit Court of Lowndes County, Alabama, respectively. The class was certified, settled and claims administration completed. This law firm served as lead counsel for the Plaintiff Class.

10. *Beresky v. Hi-Lo Auto Supply,* District Court of Jefferson County, Texas, 60th Judicial District. This case involves allegations of fraudulent, negligent and wanton conduct in offering used, old and/or out of date automotive batteries for sale as new to the consuming public. This case was certified, settled and claims administration is complete. This law firm served as lead counsel for the Plaintiff Class.

11. *Jeanne M. Teter v. State Farm Mutual Automobile Insurance Company,* in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, Case No.: 97L114. This case seeks redress on behalf of a national class of individuals whose automobiles were wrongfully repaired using after market or OEM parts at the direction of the defendant. An Order conditionally certifying this national class was issued. This case was tried in the Fall of 1999 resulting in a jury verdict and judgment totaling $1.185 billion. The appeals court affirmed the verdict and slightly reduced the judgment; however, the Illinois Supreme Court reversed and rendered.

12. *Bula Higgenbottom, et al., v. Bank One, Dayton, N.A.*, in the Circuit Court of Wilcox County, Alabama, Civil Action No.: CV-97-94. This case involves allegations of fraud in the financing of consumer purchases. This class was certified, the case settled and settlement was approved by the Court in a Fairness Hearing on February 18, 1999. Claims administration is complete. This law firm served as lead counsel for the Plaintiff Class.

13. *George Abney v. GECAF, et al.*, in the Circuit Court of Wilcox County, Alabama, Civil Action No.: CV-97-91. This case involves allegations of fraud in the financing of consumer purchases. This class was certified, the case settled and settlement was approved by the Court in a Fairness Hearing in December of 1999. Claims administration is complete. This law firm served as lead counsel for the Plaintiff Class.

14. *William L. Carter and Audrey Kay Carter, et al., v. First Tennessee Bank, et al.,* in the Circuit Court of Fayette County, Tennessee, for the Twenty-Fifth Judicial District at Somerville, Civil Action No.: 3894. This case involves allegations of fraud in the financing of home satellite systems. This class was certified and a settlement was reached. This class was certified, the case settled and approved. Notice and claims administration are complete. This law firm served as lead counsel for the Plaintiff Class.

15. *Brenda A. Myers and Clausezill Myers, etc., v. First Tennessee Bank, et al.*, in the United States District Court for the Middle District of Alabama, Case No.: 96-A-783-N. The plaintiffs alleged that Defendants failed to make disclosures under the Federal Truth-In-Lending Act in the financing of home satellite systems. This class was certified, the case settled and

approved. Notice and claims administration are complete. This law firm served as lead counsel for the Plaintiff Class.

16. *Martin Hunter, et al., v. Bank One, Dayton, N.A., et al.*, in the Circuit Court of Fayette County, Tennessee, for the Twenty-Fifth Judicial District at Somerville, Civil Action No.: CV-98-3948. This case involves allegations of fraud in the financing of home satellite systems. This class was certified and settled. The Court approved the settlement of this matter at the Fairness hearing held in July of 2002. Claims administration is complete. This law firm served as co-lead counsel for the Plaintiff Class.

17. *Michael McCullar, etc., v. MGA, Inc. and Movie Gallery, Inc., et al.*, in the Chancery Court of Fayette County, Tennessee for the Twenty-Fifth Judicial District at Somerville, Civil Action No.: 13007. This case involves the over-charging or improper charging of late fees associated with movie rental returns. The class has been certified and the case has settled. Notice to the class was issued and claims administration is complete. This law firm served as co-lead counsel for the Plaintiff Class.

18. *Mitchell v. H & R Block, Inc., et al.*, in the Circuit Court of Mobile County, Alabama, Civil Action No. CV-95-2067. This action asserted claims for breach of contract and breach of fiduciary duty involving H & R Block's Refund Anticipation Loan ("RAL") program. An Alabama-only, statewide litigation class was certified. While this case was pending on H & R Block's appeal of class certification, the appeal was stayed pending settlement efforts. *Mitchell*, along with *Green v. H & R Block*, a Maryland class action, was then combined with *Cummins v. H & R Block*, a West Virginia class action, Civil Action No. 03-C-134 in the Circuit Court of Kanawha County, for settlement purposes in the West Virginia courts in 2006. The proceedings in West Virginia involved a contested Fairness Hearing wherein the settlement was approved over objections. Each Alabama class member who filed a claim received a payment several times larger than the RAL license-fee payment at issue in the case. This law firm was appointed class counsel by the Alabama court for the litigation class, and I was appointed class counsel by the West Virginia court for the settlement class.

19. *Carnegie v. Household International, Inc., et al.*, in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 98 C 2178. This case arose out of claims of wrongdoing associated with H & R Block's Refund Anticipation Loan ("RAL") program. A national litigation class was certified asserting claims for RICO and breach of contract. The case was subsequently settled on a national, classwide basis, after full preparation for trial. The maximum recovery per class member was $125 per RAL obtained from H & R Block, depending on the number of claims filed. Total recovery for the class of over 1.7 million members was $39 million. The district court described this as an "excellent result." This law firm was among several appointed as co-counsel for the plaintiff class.

20. *Shamred Associates, Inc., et al., v. Texaco, Inc., et al*, in the Circuit Court of Mobile County, Alabama, Civil Action No.: CV-2001-1516. This case is brought seeking certification of a "field-wide" class of royalty owners for the underpayment of royalties for gas substances produced from the Hatter's Pond Unit with regard to deductions for processing costs, fees and expenses. A class has been certified, a settlement reached and approved by the Court,

and claims administration is complete. This law firm served as co-lead counsel for the Plaintiff Class

21. *Trice, et al., v. Union Oil Company of California*, in the Circuit Court of Mobile County, Alabama, Civil Action No.: CV- 2001-1517. This case challenged the underpayment of royalties on gas substances produced from the Chunchula Field Unit, because of excessive deductions for processing costs, fees and expenses. Settlement negotiations followed extensive motion practice and the court's announcement that it intended to deny the defendant's motion for summary judgment. A multi-state settlement class was certified and the settlement was approved by the court. The total classwide recovery was over $1.9 million, plus future relief for the royalty owners in the form of reduced cost deductions in calculating royalties. This law firm served as co-lead counsel for the Plaintiff Class.

22. *Aline Moye, etc., et al., v. Exxon Corporation, et al.*, in the Circuit Court of Monroe County, Alabama, Civil Action No.: CV-98-20. This case is brought seeking certification of a "field-wide" class of royalty owners for the underpayment of royalties for gas substances produced from the Big Escambia Creek Field with regard to deductions for processing costs, fees and expenses. The class has been certified, a settlement reached and approved by the Court. Claims administration is complete. This law firm served as co-lead counsel for the Plaintiff Class.

23. *Skelton, et al v. Central United Life Insurance Company*, Civil Action No.: CV-2008-900178 in the Circuit Court of Mobile County, Alabama. This case alleged the underpayment of benefits provided in supplemental cancer insurance policies. The policies obligated Central United to pay policyholders a benefit in the amount of the "actual charges" for chemotherapy, radiation and blood used in the treatment of cancer. The case further challenged Central United's practices concerning constant increases in premiums for its policies, which was causing increasing numbers of policyholders to lapse their policies due to unaffordability. A national settlement class was certified and the settlement approved over objections. The centerpiece of the classwide relief consisted of an 86% target loss ratio imposed on Central United by the final judgment, which is actuarily predicted to significantly decrease the frequency and extent of future premium increases for the class as a whole. Classwide relief also included monetary payments tailored to the different circumstances of class members depending on whether they had been paid "actual charges" benefits in the past and had in-force policies or had lapsed their policies. I was appointed lead class counsel by the Court.

24. *Coady, et al. v. Central United Life Insurance Company*, Case No. 5291 in the Circuit Court of Fayette County, Tennessee. This case involves the alleged underpayment of benefits pursuant to "Persistency Bonus and Withdrawal Benefit Riders" issued or assumed by Central United. A multi-state settlement class was certified and the settlement approved after a fairness hearing, during which the objection of the lone objector was stricken for lack of standing. Classwide relief consisted of monetary payments tailored to the different circumstances of class members with lapsed or cashed-in riders, in-force but not matured riders, and fully matured riders, plus a two-year premium freeze for in-force riders. The court's judgment approving the settlement is now final. I was appointed by the court as class counsel.

25. *Greenwood, et al. v. CompuCredit Corporation, et al.*, No. 4:08-cv-4878 in the United States District Court for the Northern District of California. This case involves allegedly deceptive practices in the marketing of a subprime card in violation of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. 1679 et seq., and California's Unfair Competition Law ("UCL"). Plaintiffs proposed a national CROA class and a California-only UCL class. The district court denied the defendants' motion to compel arbitration of the CROA claim. The defendants appealed, and the Ninth Circuit affirmed. The Supreme Court of the United States granted certiorari, and reversed. This terminated the CROA class claim. The UCL claim proceeded separately in the district court. A California-only UCL class was certified, class notice was given, extensive discovery was taken, and motions by the defendants for summary judgment, interlocutory appeal, decertification of the class, and other relief were denied. I took most of the depositions in this case. I took the depositions of the defendants' experts. I took the lead in consulting with and preparing the plaintiffs' experts, and in settlement negotiations with the defendants. I was to act as co-lead trial counsel. I was appointed as UCL class counsel by the district court. A trial on the UCL class claim was set in August 2011. However, on April 27, 2011, the Supreme Court decided *AT&T Mobility v. Concepcion*, 131 S.Ct. 1740 (2011), which overturned longstanding California law and allowed the defendants to move to compel arbitration of the UCL claim. After oral argument, extensive briefing, and lengthy deliberation, the district court granted the motion to compel arbitration. We are now in the process of arbitrating the class representative's individual UCL claim, which is a prerequisite to an appeal of the ruling compelling arbitration.

26. *Hardy, et al. v. WhiteHall Gaming Center, LLC, et al.*, No. 2:10 cv-573-MHT in the United States District Court for the Middle District of Alabama. The plaintiffs assert that electronic bingo machines operated in the Town of White Hall, Alabama, were illegal gambling devices under Alabama law. The action is brought under Ala. Code 1975 § 8-1-150(a), which provides that all contracts founded in whole or in part on a gambling consideration are void, and that any person who has lost money on a wager can recover the money by an action commenced within six months thereafter. The case seeks certification of a class of Alabama residents who lost money in excess of their winnings playing electronic bingo machines at the White Hall Entertainment Center from August 3, 2009, thru February 3, 2010. A motion for class certification has been filed and extensively briefed. I engaged in numerous face-to-face and telephonic conferences with attorney Lloyd Copeland of my office and with our co-counsel regarding law, strategy, and tactics in this case. I attended a court-ordered inspection of the electronic bingo machines, and located and retained an expert for the merits phase of this case, with whom I have discussed the case at length. The motion for class certification is presently under submission. I will act as one of the lead trial counsel for the class if a class is certified.

27. *Hardy v. IGT, et al.*, No. 2:10-CD-901-WKW in the United States District Court for the Middle District of Alabama. Plaintiff asserted that electronic bingo machines operated by the Poarch Band of Creek Indians at casinos in Alabama constituted illegal gambling devices, and the action was brought pursuant to Ala. Code 1975 § 8-1-150(a). A class of all people in the United States who suffered gambling losses playing electronic bingo machines at the Porch Band's casinos in Alabama was proposed. The case was brought against the entities which owned, leased, or operated the electronic bingo machines at the casinos. The case was dismissed

because the Poarch Band of Creek Indians was a necessary party, but the Poarch Band could not be joined because it has sovereign immunity.