**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs | Case No. 3:12-cv-00660-DRH-SCW |
| v. | Judge David R. Herndon |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD, | Magistrate Judge Stephen C. Williams |
| Defendants. | |

**SUPPLEMENTAL DECLARATION OF ROBERT J. NELSON IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND MOTION FOR
FINAL APPROVAL OF SETTLEMENT**

I, Robert J. Nelson, am a member in good standing of the State Bar of California and a partner in the law firm of Lieff Cabraser Heimann & Bernstein LLP ("Lieff Cabraser"). I am one of the counsel for Plaintiffs and Court-appointed Class Counsel in the above-captioned action. I provide this Supplemental Declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs and Motion for Final Approval of Settlement.

**I.      Class Counsel turned down earlier settlement offers to obtain more for the Class.**

1.      In *Young v. County of Cook*, No. 06 C 552, 2017 WL 4164238, at *4-5 (N.D. Ill. Sept. 20, 2017), Judge Kennelly concluded that a declining percentage fee award was "not appropriate" because of "the high risk of non-payment," the "enormous amount of work that went into" the litigation, and the fact that counsel had turned down an earlier settlement offer of $20 million in a successful effort to obtain more for the class. As discussed in my previous declaration ([954-4]), Class Counsel's application for attorneys' fees ([954]), and Plaintiffs' Reply, this case, too, entailed a very high risk of non-payment and an enormous amount of work.

-1-

2.      The third *Young* factor is also present here.  As the Court is aware, the parties

engaged in two separate mediation processes, the first of which lasted for more than one year and

was overseen by Judge Holderman (Ret.).  Over the course of that mediation process, the

Defendants offered to settle the case in a monetary range that was ***significantly*** lower than the

$250 million settlement that was ultimately reached.  Class Counsel rejected that offer in order to

obtain a better recovery for the Class, and, after considerable additional litigation, pre-trial

proceedings, and after jury selection once trial had commenced, they did just that.

II.     **Class Counsel incurred substantial additional costs subsequent to their motion for attorneys' fees and reimbursement of costs.**

3.      At the time they submitted their motion for attorneys' fees and reimbursement of

costs on October 16, 2018, Class Counsel had not received final bills from many of their experts,

including much of the work performed by their jury and trial consultants.  The total of these

additional costs amounts to more than $500,000.  Class Counsel are not seeking reimbursement

for any of these trial-related costs because these costs were not a part of their motion filed on

October 16, 2018.  That motion was posted on the settlement website,

www.halevstatefarmclassaction.com, shortly after it was filed.

4.      Class Counsel also continue to incur expenses related to the Settlement approval

process, and likely will continue to incur Settlement-related expenses until the Settlement is

effective, the claims period closes, and the Settlement distributions are complete.

5.       Class Counsel also incurred expert costs associated with their motion for

attorneys' fees and costs.  None of those costs are a part of Class Counsel's motion for

reimbursement of costs.

III.     **Each of the Class Representatives has submitted declarations attesting to the work that they each performed in connection with the prosecution of this case.**

6.     Attached as Exhibits 1, 2 and 3 to this Supplemental Declaration are the declarations of each of the Class representatives.  Mark Hale's declaration is attached hereto as Exhibit 1; Todd Shadle's declaration is attached hereto as Exhibit 2; and Laurie Loger's declaration is attached as Exhibit 3.  Each Class representative describes the work that he or she did in connection with the prosecution of this action, as well as the work he or she did in connection with the *Avery* case.  Each of these Class representatives has been a Class representative in *Hale* and in the underlying *Avery* matter for approximately 20 years.

7.     Each of the Class representatives testified in their declarations that they agreed to pay counsel 40% of any recovery in this case due to the substantial risks associated with bringing this novel lawsuit.

IV.     **The Effort to Depose Objector Marlow to Confirm Her Class Membership has been Unsuccessful to Date.**

8.     On November 13, 2018, Mark Downton filed an application to appear pro hac vice as counsel for Lisa Marlow.  [957].  On November 15, 2018, I telephoned Mr. Downton and left a voicemail message asking that he please call me.  I also emailed Mr. Downton.  A true and correct copy of that email is attached as Exhibit 4.  The purpose of those communications was to try to discuss any concerns Ms. Marlow had about the proposed Settlement.  I also called Mr. Downton the following day and left a second voicemail message.  I did not receive a response.

9.     On Saturday, November 17, 2018, Ms. Marlow filed her objection with this Court.  [961].  On November 18, 2018, Mr. Blonder emailed Mr. Downton advising him that Class Counsel wanted to take the deposition of Ms. Marlow per the Court Order allowing them to do so.  [964] at ¶ 3, Ex. 1.

10.     During the ensuing correspondence, Class Counsel again made clear that they intended to take the deposition of Lisa Marlow pursuant to the Court's Order allowing Class Counsel to do so.  Mr. Downton indicated that he would not voluntarily produce Ms. Marlow for deposition, was contemplating seeking mandamus relief to oppose a deposition of Ms. Marlow, and suggested that Class Counsel serve a subpoena on Ms. Marlow.  *Id.*

11.     Class Counsel served a deposition subpoena on Ms. Marlow that was issued on November 23, 2018, for the deposition to take place on December 5, 2018, at a location in Orlando, Florida, convenient to Ms. Marlow's residence.  *Id.* ¶ 6, Ex. 4.

12.     On December 3, 2018, Mr. Downton advised Class Counsel that he had filed a motion to quash that subpoena in the Middle District of Florida.  *Id.* ¶ 7, Ex. 5.  On December 4, 2018, Mr. Downton informed Class Counsel that neither he nor Ms. Marlow would be attending the deposition.  Nevertheless, because a valid subpoena remained pending, Class Counsel and counsel for Defendants attended the scheduled deposition on December 5, 2018, as did the court reporter.  Ms. Marlow did not attend the deposition, nor did Mr. Downton.  A true and correct copy of the record from that deposition is attached hereto as Exhibit 5.  On December 5, 2018, Magistrate Judge Spaulding of the Middle District of Florida denied the motion to quash.  [967].

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 6, 2018, in San Francisco, California.

_____

Robert J. Nelson

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARK HALE, TODD SHADLE, and
LAURIE LOGER, on behalf of themselves and
all others similarly situated,

              Plaintiffs

     v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,

          Defendants.

Case No. 3:12-cv-00660-DRH-SCW

Judge David R. Herndon

Magistrate Judge Stephen C. Williams

**DECLARATION OF MARK HALE IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL AND
MOTION FOR ATTORNEYS' FEES AND COSTS**

I, MARK HALE, am over the age of twenty-one and I have personal knowledge of the matters set forth herein and believe them to be true and correct.

1.     I have been a named plaintiff in the above-captioned action since it was filed in 2012 and was appointed by the Court as a representative of the certified Class. I was also a named plaintiff and class representative in the underlying *Avery* matter.

2.     I have expended significant time and energy to advance this litigation. Among other things, I:

       a.     Reviewed and approved the underlying complaint;

       b.     Reviewed various other briefs and filed documents throughout the course of the litigation;

       c.     Collected, reviewed, and produced documents in response to written Defendants' written discovery requests;

    d.  Helped create and review responses to three separate sets of interrogatories;

    e.  Sat for a deposition on July 9, 2015, lasting approximately six hours, and spent significant time preparing for that deposition;

    f.  Worked with my attorneys to prepare for my trial testimony; and

    g.  Remained in regular contact with my attorneys throughout the litigation in an effort to remain up to date on the litigation's status and to oversee my attorneys' efforts.

   3.  I also expended significant time and energy in the underlying *Avery* litigation. Among other things, I:

    a.  Reviewed and approved the underlying complaint;

    b.  Reviewed various other briefs and filed documents throughout the course of that litigation;

    c.  Collected, reviewed, and produced documents in response to written Defendants' written discovery requests;

    d.  Sat for a deposition on December 3, 1998, lasting approximately three hours, and spent significant time preparing for that deposition; and

    e.  Remained in contact with my attorneys throughout the litigation in an effort to remain up to date on the litigation's status and to oversee my attorneys' efforts.

   4.  I entered a representation agreement with my attorneys that entitles them to 40% of any recovery in attorneys' fees plus reimbursement of reasonable expenses.  I found this reasonable at the time given the riskiness of the case, among other things, and I am aware of no other attorneys that were willing to or interested in prosecuting this case.

5.      I am aware that Class Counsel have requested fees in the amount of 1/3 of the common fund, plus reimbursement of their litigation expenses.  I believe this is reasonable and fair under the circumstances.

6.      I have not been promised, nor have I received, anything or any special treatment in return for my participation in this litigation or for providing this declaration.

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 5, 2018, in Ava, New York.

Mark Hale

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MARK HALE, TODD SHADLE, and
LAURIE LOGER, on behalf of themselves and
all others similarly situated,

    Plaintiffs

  v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,

    Defendants.

Case No. 3:12-cv-00660-DRH-SCW

Judge David R. Herndon

Magistrate Judge Stephen C. Williams

<u>**DECLARATION OF TODD SHADLE IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL AND
MOTION FOR ATTORNEYS' FEES AND COSTS**</u>

   I, TODD SHADLE, am over the age of twenty-one and I have personal knowledge of the

matters set forth herein and believe them to be true and correct.

   1.  I have been a named plaintiff in the above-captioned action since it was filed in

2012 and was appointed by the Court as a representative of the certified Class.  I was also a

named plaintiff and class representative in the underlying *Avery* matter.

   2.  I have expended significant time and energy to advance this litigation.  Among

other things, I:

      a.  Reviewed and approved the underlying complaint;

      b.  Reviewed various other briefs and filed documents throughout the course

of the litigation;

      c.  Collected, reviewed, and produced documents in response to  Defendants'

written discovery requests;

       d.      Helped create and review responses to three separate sets of interrogatories;

       e.      Sat for a deposition on April 16, 2015, lasting approximately five hours, and spent significant time preparing for that deposition;

       f.      Worked with my attorneys to prepare for my trial testimony; and

       g.      Remained in regular contact with my attorneys throughout the litigation in an effort to remain up to date on the litigation's status and to oversee my attorneys' efforts.

3.      I also expended significant time and energy in the underlying *Avery* litigation. Among other things, I:

       a.      Reviewed and approved the underlying complaint;

       b.      Reviewed various other briefs and filed documents throughout the course of that litigation;

       c.      Collected, reviewed, and produced documents in response to  Defendants' written discovery requests;

       d.      Sat for a deposition on December 2, 1998, lasting approximately three hours, and spent significant time preparing for that deposition;

       e.      Gave testimony during the *Avery* trial, and spent significant time preparing for trial; and

       f.      Remained in contact with my attorneys throughout the litigation in an effort to remain up to date on the litigation's status and to oversee my attorneys' efforts.

4.      I entered a representation agreement with my attorneys that entitles them to 40% of any recovery in attorneys' fees plus reimbursement of reasonable expenses.  I found this

reasonable at the time given the riskiness of the case, among other things, and I am aware of no other attorneys that were willing to or interested in prosecuting this case.

5.      I am aware that Class Counsel have requested fees in the amount of 1/3 of the common fund, plus reimbursement of their litigation expenses.  I believe this is reasonable and fair under the circumstances.

6.      I have not been promised, nor have I received, anything or any special treatment in return for my participation in this litigation or for providing this declaration.

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 5th, 2018, in Dallas, Texas.

_____
Todd Shadle

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated, | |
| Plaintiffs | Case No. 3:12-cv-00660-DRH-SCW |
| v. | Judge David R. Herndon |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD, | Magistrate Judge Stephen C. Williams |
| Defendants. | |

**DECLARATION OF LAURIE LOGER IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL AND
MOTION FOR ATTORNEYS' FEES AND COSTS**

I, LAURIE LOGER, am over the age of twenty-one and I have personal knowledge of the matters set forth herein and believe them to be true and correct.

1.      I have been a named plaintiff in the above-captioned action since October 27, 2014, and was appointed by the Court as a representative of the certified Class.  I was also a named plaintiff in the underlying *Avery* matter.

2.      I have expended significant time and energy to advance this litigation.  Among other things, I:

        a.      Reviewed and approved the underlying complaint;

        b.      Reviewed various other briefs and filed documents throughout the course of the litigation;

        c.      Collected, reviewed, and produced documents in response to written Defendants' written discovery requests;

        d.      Helped create and review responses to three separate sets of interrogatories;

        e.      Sat for a deposition on May 7, 2015, lasting approximately five hours, and spent significant time preparing for that deposition;

        f.      Worked with my attorneys to prepare for my trial testimony; and

        g.      Remained in regular contact with my attorneys throughout the litigation in an effort to remain up to date on the litigation's status and to oversee my attorneys' efforts.

3.      I also expended significant time and energy in the underlying *Avery* litigation. Among other things, I:

        a.      Reviewed and approved the underlying complaint;

        b.      Reviewed various other briefs and filed documents throughout the course of that litigation;

        c.      Collected, reviewed, and produced documents in response to written Defendants' written discovery requests;

        d.      Sat for a deposition in July 1998,  and spent significant time preparing for that deposition; and

        e.      Remained in contact with my attorneys throughout the litigation in an effort to remain up to date on the litigation's status and to oversee my attorneys' efforts.

4.      I entered a representation agreement with my attorneys that entitles them to 40% of any recovery in attorneys' fees, plus reimbursement of reasonable expenses.  I found this reasonable at the time given the riskiness of the case, among other things, and I am aware of no other attorneys that were willing to or interested in prosecuting this case.

5.      I am aware that Class Counsel have requested fees in the amount of 1/3 of the common fund, plus reimbursement of their litigation expenses.  I believe this is reasonable and fair under the circumstances.

6.      I have not been promised, nor have I received, anything or any special treatment in return for my participation in this litigation or for providing this declaration.

\* \* \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 5, 2018, in LaSalle, Illinois.

Laurie Logel

☑ 003/003                                                                    12/05/2018 11:28 FAX

# EXHIBIT 4

**Nelson, Robert J.**

| | |
|---|---|
| **From:** | Nelson, Robert J. |
| **Sent:** | Thursday, November 15, 2018 10:34 AM |
| **To:** | 'mark@downtonclark.com' |
| **Subject:** | State Farm class action |

Mark:  I just left you a telephone message.  Would you kindly call me when you have a moment.  I am class counsel in the Hale matter in which you recently sought to appear on behalf of Lisa Marlow.  Thanks very much.

**Lieff
Cabraser
Heimann&
Bernstein**
Attorneys at Law

**Robert J. Nelson**
rnelson@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com

# EXHIBIT 5

Page 1

1          IN THE UNITED STATES DISTRICT COURT

2           FOR THE SOUTHERN DISTRICT OF ILLINOIS

3           Civil Action No.  3:12-cv-00660-DRH-SCW

4     _____

5   MARK HALE, ET AL.,

6             Plaintiffs,

7        vs

8   STATE FARM MUTUAL AUTOMOBILE

9   INSURANCE CO., ET AL.,

10            Defendants.

11    _____

12                 -    -    -    -    -

13           CERTIFICATE OF NON-APPEARANCE OF

14                 LISA D. MARLOW

15                 Shutts & Bowen

16          300 S. Orange Avenue, Suite 1600

17               Orlando, Florida 32801

18               December 5, 2018

19                  9:38 a.m.

20

21   Paula G. Satkin, Registered Professional Reporter

22   and Notary Public.

23   Job No. CHICAGO 3136177

24

25

```
                                              Page 2

  1                    A P P E A R A N C E S

  2    ON BEHALF OF THE PLAINTIFF:

  3          KRISTOFER S. RIDDLE, ATTORNEY AT LAW

  4          CLIFFORD LAW OFFICES

  5          120 N. LaSalle Street, 31st Floor

  6          Chicago, IL 60602

  7          312.899.9090

  8          KSR@CliffordLaw.com

  9    ON BEHALF OF THE DEFENDANT STATE FARM MUTUAL

 10    AUTOMOBILE INSURANCE CO.:

 11          JOSEPH A. CANCILA JR., ATTORNEY AT LAW

 12          RILEY SAFER HOLMES & CANCILA

 13          70 W. Madison Street, Suite 2900

 14          Chicago, IL 60602

 15          312.471.8750

 16          JCancila@RSHC-Law.com

 17    ON BEHALF OF THE DEFENDANT WILLIAM G. SHEPHERD:

 18          RUSSELL K. SCOTT, ATTORNEY AT LAW

 19          GREENSFELDER, HEMPKER & GALE PC

 20          12 Wolf Creek Drive, Suite 100

 21          Belleville, IL 62226

 22          618.239.3612

 23          RKS@Greensfelder.com

 24

 25
```

Page 3

1                    C O N T E N T S

2                    E X H I B I T S

3

4   EXHIBIT NO:                              PAGE NO:

5   Exhibit 1 - Subpoena                          4

6   Exhibit 2 - Proof of Service                  5

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                                              Page 4

 1              P R O C E E D I N G S

 2

 3        MR. RIDDLE:  So we're here today for a

 4    deposition of Lisa D. Marlow, pursuant to

 5    Subpoena properly issued under Rule 45 and by

 6    order of Judge Herndon granting the Plaintiffs

 7    the right to depose.

 8         Any objectors to the Class?  Any objectors

 9    to the Class Settlement.

10         And I'll attach here the subpoena that was

11    issued on November 23, 2018, indicating

12    December 5th at 9:30 a.m. the deposition would

13    take place at Shutts & Bowen, 300 South Orange

14    Avenue in Orlando, Florida.  I will mark that as

15    Exhibit 1 to the deposition of Lisa D. Marlow.

16         (Exhibit Number 1 was marked for

17    identification.)

18        MR. RIDDLE:  And so it's clear, Lisa D.

19    Marlow is not here today, nor is her attorney.

20         And I also will attach here as Exhibit 2,

21    the Proof of Service on Lisa D. Marlow.

22         She was served on 11/26 at 8:27 a.m. at

23    her home address, 6710 Hundred Acre Drive,

24    Cocoa, Florida.  And she was served by Daniel L.

25    Reese.
```

Page 5

1          (Exhibit Number 2 was marked for

2      identification.)

3          Just prior to the deposition beginning

4      here today with Lisa Marlow and her attorney not

5      in attendance I called the clerk of the Florida

6      in Orlando and asked them if a Motion to Quash

7      had been filed on behalf of Lisa D. Marlow and

8      they indicated to me that none had been filed

9      yet.

10         Would you guys like to say anything on the

11     record?

12         MR. CANCILA:  Just to enter appearances,

13     Kris, so I just want to make sure that the

14     appearance for State Farm Mutual Automobile

15     Insurance Company is reflected on the record.

16         This is Joseph Cancila.

17         MR. SCOTT:  Likewise, this is Russell

18     Scott and I'm appearing today on behalf of the

19     Defendant, William G. Shepherd.

20         MR. RIDDLE:  Thanks, gentlemen.  This is

21     Kristofer Riddle on behalf of Plaintiffs.

22         Okay.  That's it.  We can go off record.

23         (Adjourned at 9:41 a.m.)

24

25

Page 6

1              CERTIFICATE OF NOTARY PUBLIC

2          I, Paula G. Satkin, the officer before whom

3     the foregoing proceedings were taken, do hereby

4     certify that the foregoing proceeding was taken by

5     me in stenotype and thereafter reduced to

6     typewriting under my direction; that said

7     proceedings is a true record of the proceeding; that

8     I am neither counsel for, related to, nor employed

9     by any of the parties to the action in which these

10    proceedings were taken; and, further, that I am not

11    a relative or employee of any attorney or counsel

12    employed by the parties hereto, nor financially or

13    otherwise interested in the outcome of the action.

14    My commission #FF105606 expires March 24, 2022.

15

16

17    *Paula G. Satkin* (signature)

18       PAULA G. SATKIN

         Notary Public in and for the

19       State of Florida

20

21

22

23

24

25

[& - holmes]

| & | |
|---|---|
| **&** 1:15 2:12,19 4:13 | |

| 0 |
|---|
| **00660** 1:3 |

| 1 |
|---|
| **1** 3:5 4:15,16 |
| **100** 2:20 |
| **11/26** 4:22 |
| **12** 2:20 |
| **120** 2:5 |
| **1600** 1:16 |

| 2 |
|---|
| **2** 3:6 4:20 5:1 |
| **2018** 1:18 4:11 |
| **2022** 6:14 |
| **23** 4:11 |
| **24** 6:14 |
| **2900** 2:13 |

| 3 |
|---|
| **300** 1:16 4:13 |
| **312.471.8750** 2:15 |
| **312.899.9090** 2:7 |
| **3136177** 1:23 |
| **31st** 2:5 |
| **32801** 1:17 |
| **3:12** 1:3 |

| 4 |
|---|
| **4** 3:5 |
| **4250** 6:17 |
| **45** 4:5 |

| 5 |
|---|
| **5** 1:18 3:6 |
| **5th** 4:12 |

| 6 |
|---|
| **60602** 2:6,14 |
| **618.239.3612** 2:22 |

| 62226 2:21 |
|---|
| **6710** 4:23 |

| 7 |
|---|
| **70** 2:13 |

| 8 |
|---|
| **8:27** 4:22 |

| 9 |
|---|
| **9:30** 4:12 |
| **9:38** 1:19 |
| **9:41** 5:23 |

| a |
|---|
| **a.m.** 1:19 4:12,22 5:23 |
| **acre** 4:23 |
| **action** 1:3 6:9,13 |
| **address** 4:23 |
| **adjourned** 5:23 |
| **al** 1:5,9 |
| **appearance** 1:13 5:14 |
| **appearances** 5:12 |
| **appearing** 5:18 |
| **asked** 5:6 |
| **attach** 4:10,20 |
| **attendance** 5:5 |
| **attorney** 2:3,11,18 4:19 5:4 6:11 |
| **automobile** 1:8 2:10 5:14 |
| **avenue** 1:16 4:14 |

| b |
|---|
| **b** 3:2 |
| **beginning** 5:3 |
| **behalf** 2:2,9,17 5:7 5:18,21 |
| **belleville** 2:21 |
| **bowen** 1:15 4:13 |

| c |
|---|
| **c** 2:1 3:1 4:1 |
| **called** 5:5 |
| **cancila** 2:11,12 5:12,16 |
| **certificate** 1:13 6:1 |
| **certify** 6:4 |
| **chicago** 1:23 2:6 2:14 |
| **civil** 1:3 |
| **class** 4:8,9 |
| **clear** 4:18 |
| **clerk** 5:5 |
| **clifford** 2:4 |
| **cliffordlaw.com** 2:8 |
| **cocoa** 4:24 |
| **commission** 6:14 |
| **company** 5:15 |
| **counsel** 6:8,11 |
| **court** 1:1 |
| **creek** 2:20 |
| **cv** 1:3 |

| d |
|---|
| **d** 1:14 4:1,4,15,18 4:21 5:7 |
| **daniel** 4:24 |
| **december** 1:18 4:12 |
| **defendant** 2:9,17 5:19 |
| **defendants** 1:10 |
| **depose** 4:7 |
| **deposition** 4:4,12 4:15 5:3 |
| **direction** 6:6 |
| **district** 1:1,2 |
| **drh** 1:3 |

| drive 2:20 4:23 |
|---|

| e |
|---|
| **e** 2:1,1 3:1,2 4:1,1 |
| **employed** 6:8,12 |
| **employee** 6:11 |
| **enter** 5:12 |
| **et** 1:5,9 |
| **exhibit** 3:4,5,6 4:15,16,20 5:1 |
| **expires** 6:14 |

| f |
|---|
| **farm** 1:8 2:9 5:14 |
| **ff105606** 6:14 |
| **filed** 5:7,8 |
| **financially** 6:12 |
| **floor** 2:5 |
| **florida** 1:17 4:14 4:24 5:5 6:19 |
| **foregoing** 6:3,4 |
| **further** 6:10 |

| g |
|---|
| **g** 1:21 2:17 4:1 5:19 6:2,18 |
| **gale** 2:19 |
| **gentlemen** 5:20 |
| **go** 5:22 |
| **granting** 4:6 |
| **greensfelder** 2:19 |
| **greensfelder.com** 2:23 |
| **guys** 5:10 |

| h |
|---|
| **h** 3:2 |
| **hale** 1:5 |
| **hempker** 2:19 |
| **hereto** 6:12 |
| **herndon** 4:6 |
| **holmes** 2:12 |

**home**  4:23
**hundred**  4:23

**i**

**identification**  4:17
  5:2
**il**  2:6,14,21
**illinois**  1:2
**indicated**  5:8
**indicating**  4:11
**insurance**  1:9 2:10
  5:15
**interested**  6:13
**issued**  4:5,11

**j**

**jcancila**  2:16
**job**  1:23
**joseph**  2:11 5:16
**jr**  2:11
**judge**  4:6

**k**

**k**  2:18
**kris**  5:13
**kristofer**  2:3 5:21
**ksr**  2:8

**l**

**l**  4:24
**lasalle**  2:5
**law**  2:3,4,11,18
**law.com**  2:16
**likewise**  5:17
**lisa**  1:14 4:4,15,18
  4:21 5:4,7

**m**

**madison**  2:13
**march**  6:14
**mark**  1:5 4:14
**marked**  4:16 5:1
**marlow**  1:14 4:4
  4:15,19,21 5:4,7

**motion**  5:6
**mutual**  1:8 2:9
  5:14

**n**

**n**  2:1,5 3:1,1 4:1
**neither**  6:8
**non**  1:13
**notary**  1:22 6:1,18
**november**  4:11
**number**  4:16 5:1

**o**

**o**  3:1 4:1
**objectors**  4:8,8
**officer**  6:2
**offices**  2:4
**okay**  5:22
**orange**  1:16 4:13
**order**  4:6
**orlando**  1:17 4:14
  5:6
**outcome**  6:13

**p**

**p**  2:1,1 4:1
**page**  3:4
**parties**  6:9,12
**paula**  1:21 6:2,18
**pc**  2:19
**place**  4:13
**plaintiff**  2:2
**plaintiffs**  1:6 4:6
  5:21
**prior**  5:3
**proceeding**  6:4,7
**proceedings**  6:3,7
  6:10
**professional**  1:21
**proof**  3:6 4:21
**properly**  4:5
**public**  1:22 6:1,18

**pursuant**  4:4

**q**

**quash**  5:6

**r**

**r**  2:1 4:1
**record**  5:11,15,22
  6:7
**reduced**  6:5
**reese**  4:25
**reflected**  5:15
**registered**  1:21
**related**  6:8
**relative**  6:11
**reporter**  1:21
**riddle**  2:3 4:3,18
  5:20,21
**right**  4:7
**riley**  2:12
**rks**  2:23
**rshc**  2:16
**rule**  4:5
**russell**  2:18 5:17

**s**

**s**  1:16 2:1,3 3:1,2
  4:1
**safer**  2:12
**satkin**  1:21 6:2,18
**scott**  2:18 5:17,18
**scw**  1:3
**served**  4:22,24
**service**  3:6 4:21
**settlement**  4:9
**shepherd**  2:17
  5:19
**shutts**  1:15 4:13
**signature**  6:17
**south**  4:13
**southern**  1:2
**state**  1:8 2:9 5:14
  6:19

**states**  1:1
**stenotype**  6:5
**street**  2:5,13
**subpoena**  3:5 4:5
  4:10
**suite**  1:16 2:13,20
**sure**  5:13

**t**

**t**  3:1,1,2
**take**  4:13
**taken**  6:3,4,10
**thanks**  5:20
**today**  4:3,19 5:4
  5:18
**true**  6:7
**typewriting**  6:6

**u**

**united**  1:1

**v**

**vs**  1:7

**w**

**w**  2:13
**want**  5:13
**william**  2:17 5:19
**wolf**  2:20

**x**

**x**  3:2