Case 6:18-mc-00060-PGB-KRS Document 1-5 Filed 12/04/18 Page 1 of 29 PageID 23

# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARK HALE, TODD SHADLE, and
LAURIE LOGER, on behalf of themselves and
all others similarly situated,

        Plaintiffs

    v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, EDWARD
MURNANE, and WILLIAM G. SHEPHERD,

        Defendants.

Case No. 3:12-cv-00660-DRH-SCW

Judge David R. Herndon

Magistrate Judge Stephen C. Williams

## SETTLEMENT AGREEMENT

1616298.1

This Settlement Agreement is made and entered into this 4th day of September 2018, by and between Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Edward Murnane, and William G. Shepherd (collectively, the "Defendants"), and Class Representatives Mark Hale, Todd Shadle and Laurie Loger (collectively, "Class Plaintiffs"), for themselves and on behalf of the Class[1] in *Hale v. State Farm Mutual Automobile Insurance Co.,* No. 12-cv-00660-DRH-SCW (S.D. Ill.) (Herndon, J.). This Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, Class Plaintiffs have alleged, among other things, in the Second Amended Class Action Complaint that Defendants (1) violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., in particular, §§ 1962(c), (d); and 1964 for perpetrating a scheme through an enterprise specifically designed to defraud Plaintiffs and the Class out of a $1.05 billion judgment; (2) were unjustly enriched at Class Members' expense; and (3) these acts caused Class Members to incur monetary damages;

WHEREAS, Class Plaintiffs attach a copy of the Second Amended Class Action Complaint as Exhibit A to this Agreement;

WHEREAS, Defendants deny all of the allegations contained in Plaintiffs' claims asserted and have substantial legal and factual defenses to such claims, and in fact continue to deny (1) each and all of the claims and allegations of wrongdoing made by Class Members in the Action and maintain that they have meritorious defenses, including *Noerr-Pennington, Rooker-Feldman, res judicata*, collateral estoppel, causation, and statute of limitations; (2) all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or

---

[1] All capitalized terms shall have the meaning set forth herein in the text or in ¶ 1 of this Agreement.

omissions alleged, or that could have been alleged, in the Action, and contend that the factual allegations made in the Action relating to them are false and materially inaccurate; and (3) that Class Plaintiffs or any Class Member were harmed by any conduct of Defendants alleged in the Action or otherwise;

WHEREAS, Defendants, and each of them, deny liability, expressly deny any wrongdoing, deny they violated RICO or any other statute, deny that they committed any act the effect of which was to unjustly enrich the Defendants, consider Plaintiffs' claims to be without merit, consider they are settling under the unjust enrichment claim, and that the Settlement is made simply to end the entire litigation with the Class;

WHEREAS, Class Plaintiffs, for themselves and the Class, and Defendants agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be a concession as to any claim, an admission, or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Action;

WHEREAS, arm's length settlement negotiations have taken place, through counsel, between Defendants and Class Plaintiffs and two mediators, one Court-appointed, and this Agreement embodies all of the terms and conditions of the Settlement between Defendants and Class Plaintiffs, both individually and on behalf of each Class Member; and

WHEREAS, Class Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Action, the legal and factual defenses thereto and the applicable law, that (i) it is in the best interests of the Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class and (ii) the

Settlement set forth herein is fair, reasonable and adequate and in the best interests of Class Members,

        NOW, THEREFORE, IT IS HEREBY AGREED by and among the Class Plaintiffs (for themselves and the Class) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Action as against Defendants shall be finally and fully settled and releases extended, as set forth below.

    A.    **Definitions**As used in this Agreement the following capitalized terms have the meanings specified below.

        (a)    "Action" means *Hale v. State Farm Mutual Automobile Insurance Co., No. 12-cv-00660-DRH-SCW (S.D. Ill.) (Herndon, J.)*, which is currently pending in the U.S. District Court for the Southern District of Illinois. A copy of the Second Amended Class Action Complaint is attached hereto as Exhibit A.

        (b)    "Agreement" means this Settlement Agreement, together with any exhibits attached hereto, which are incorporated herein by reference.

        (c)    "Authorized Claimant" means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Settlement Fund pursuant to any Distribution Plan or Order of this Court.

        (d)    "State Farm" means State Farm Mutual Automobile Insurance Company.

        (e)    "Claims Administrator" means the Notice and/or Claims Administrator(s) to be approved by the Court. The parties will propose that Epiq Class Action & Claims Solutions, Inc. serve as Claims Administrator.

(f)     "Class" means the class previously certified by the Court in *Hale*, Dkt.
Nos. 572 and 618, defined as:

> All persons in the United States, except those residing in Arkansas
> and Tennessee, who, in between July 28, 1987, and February 24,
> 1998, (1) were insured by a vehicle casualty insurance policy
> issued by Defendant State Farm and (2) made a claim for vehicle
> repairs pursuant to their policy and had non-factory authorized
> and/or non-OEM (Original Equipment Manufacturer) "crash parts"
> installed on or specified for their vehicles or else received
> monetary compensation determined in relation to the cost of such
> parts.
>
> Excluded from the class are employees of Defendant State Farm,
> its officers, its directors, its subsidiaries, and its affiliates. In
> addition, the following persons are excluded from the class: (1) All
> persons who resided or garaged their vehicles in Illinois and whose
> Illinois insurance policies were issued/executed prior to April 16,
> 1994, and (2) all persons who resided in California and whose
> policies were issued/executed prior to September 26, 1996.

(g)     "Class Member" means a Person who is a member of the Class defined in
¶ 1(f) and has not timely and validly excluded himself or herself from the
Class on or before August 14, 2018 in accordance with the procedure
previously established by the Court.

(h)     "Class Plaintiffs" means Mark Hale, Todd Shadle and Laurie Loger.

(i)    "Class Counsel" means the law firms of Barrett Law Group, P.A.;
Clifford Law Offices; Erwin Chemerinsky, Esq.;    Hausfeld LLP; Law
Offices of Gordon Ball;  Lieff Cabraser Heimann & Bernstein, LLP; Much
Shelist, P.C.; Pendley, Baudin & Coffin, LLP; and Thrash Law Firm, P.A.

(j)    "Court" means the U.S. District Court for the Southern District of Illinois.

(k)    "Defendants" means State Farm Mutual Automobile Insurance Company,
Edward Murnane, and William G. Shepherd.

(l)    "Distribution Plan" means the plan for allocation of the Net Settlement
Fund to the Class. The Net Settlement Fund shall be distributed in equal,
per-capita shares to Class Members. Payments will be made automatically
– with no claim form requirement – to those Class Members for whom the
Claims Administrator has a valid address (except for those in Arkansas
and Tennessee who would need to submit claim forms if they were
residents of another state during the Class Period). Because the class list
used for notice includes fewer than all Class Members, other Class
Members (as well as those with addresses in Arkansas and Tennessee) will
be able to submit a claim form, either online or by mail, providing
evidence of their membership in the Class and requesting payment. Only
those Class Members for whom the Claims Administrator does not
currently have a valid email or physical address will be asked to submit a
claim form.  Distribution to the Class will take place subsequent to the
Effective Date.  This Plan of Distribution is meant to maximize Class
Member participation in the case.

(m)    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 18(a) or ¶ 18(b), below, have occurred.

(n)    "Execution Date" means the date on which this Agreement is executed by the last party to do so.

(o)    "Final" means, with respect to any order of a court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. An order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind. Any appeal or other proceeding pertaining solely to an order issued regarding the Fee and Expense Award pursuant to ¶ 16, below, shall not in any way delay or prevent the Judgment from becoming Final.

(p)    "Final Approval Order" means the Court's approval of the Settlement following preliminary approval thereof, notice to the Class and a hearing on the fairness of the Settlement.

(q)     "Gross Settlement Fund" means the Settlement Amount plus any interest that may accrue.

(r)     "Judgment" means the order of judgment and dismissal of the Action with prejudice as to Defendants, the form of which shall be mutually agreed upon by the Settling Parties, and submitted to the Court for approval thereof.

(s)     "Net Settlement Fund" means the Gross Settlement Fund, less the payments set forth in ¶ 9, below.

(t)     "Notice" means the form of notice of the proposed Settlement to be provided to Class Members as provided in this Agreement and the Preliminary Approval Order.

(u)     "Notice and Administrative Costs" means the costs of Notice and administration of the Settlement.

(v)     "Person(s)" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, municipality, state, state agency, any entity that is a creature of any state, any government or any political subdivision, authority, office, bureau or agency of any government, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

(w)     "Released Claims" means all manner of civil claims, demands, debts, obligations, rights, actions, suits, causes of action, whether class,

individual or otherwise in nature, fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever, known or unknown, suspected or unsuspected, asserted or unasserted, in law or in equity, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have against Defendants, their predecessor entities, successor entities, assigns, past and present affiliates, parent entities, holding entities, direct and indirect subsidiaries, past and present employees, officers, directors, shareholders, members, owners or other equity interest holders, agents, and representatives, and as to the individual Defendants, heirs, administrators, executors, and the legatees, and the alleged unnamed co-conspirators and alleged members of the alleged RICO enterprise (including, without limitation, those identified in paragraphs 25-29 of Exhibit A), relating in any way to any conduct prior to the date of the Settlement and arising out of or related in any way to the factual predicate of the Action, or any amended complaint or pleading therein until the Effective Date. Class members will release the Defendants from all past, present and future claims relating to the subject matter of this lawsuit and the Action, including RICO claims and unjust enrichment claims, due process claims, and any and all claims, whether known or unknown, that were asserted or could have been asserted in this lawsuit or in the *Avery* lawsuit.

(x)     "Releasees" means each Defendant, its predecessors, successors and assigns, its direct and indirect parents, subsidiaries, and affiliates, and its respective current and former officers, directors, employees, managers, members, partners, agents, shareholders (in their capacity as shareholders), attorneys, and legal representatives, and the predecessors, successors, heirs, executors, administrators, legatees and assigns of each of the foregoing, and the alleged unnamed co-conspirators and alleged members of the alleged RICO enterprise (including, without limitation, those identified in paragraphs 25-29 of Exhibit A).  As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasee.

(y)     "Releasors" means Class Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective predecessors, successors and assigns, direct and indirect parents, subsidiaries and affiliates, their current and former officers, directors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing. As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

(z)     "Service Award(s)" means $25,000 U.S. Dollars that shall be paid, if approved by the Court, upon the Effective Date to each of the three named Class Plaintiffs.

(aa)    "Settlement" means the settlement of the Released Claims set forth herein.

(bb)    "Settlement Amount" means $250 million U.S. dollars. The Settlement Amount includes the amounts for the prior and future class notice, the cost of any settlement administration, service awards to the three named Class Plaintiffs, and any fees and expenses of Class Counsel.

(cc)    "Settlement Fund" means the account that will hold the Settlement Amount after payment thereof by Defendant State Farm pursuant to the terms of this Agreement.

(dd)    "Settling Parties" means Defendants and the Class Plaintiffs (for themselves and the Class).

(ee)    "Settling Party" means any Defendants or any Class Plaintiff (for itself and on behalf the Class).

**B.    Preliminary Approval Order, Notice Order, and Final Fairness Hearing**

2.    **Best Efforts to Effectuate this Settlement.** The Settling Parties agree to cooperate with one another to the extent reasonably necessary to support, promote, and obtain court approval, finality, and implementation of the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement.

3.    **Motion for Preliminary Approval.** On or before Wednesday, September 5, 2018, Class Counsel shall submit this Agreement to the Court and shall apply for entry of an order (the "Preliminary Approval Order") requesting, *inter alia*, preliminary approval of the Settlement and for a stay of all proceedings in the Action against the Releasees until the Court renders a final decision on approval of the Settlement. The motion shall include the proposed form of an order preliminarily approving the Settlement. On September 10, 2018, the Defendants shall cause the notification of the appropriate federal and state officials of this

Settlement as specified in 28 U.S.C. §§ 1715(a) & (b), and cause the filing of a notice advising the Court of same.

4. **Notice to Class.** In the event that the Court preliminarily approves the Settlement, Class Plaintiffs' Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Preliminary Approval Order, provide Class Members who previously received notice of class certification by mail or email, in accord with the notice plan submitted to the Court by Class Plaintiffs' Counsel and approved by the Court, with notice of the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of the proposed Settlement (the "Settlement Hearing"). The Notice shall also include the general terms of the Settlement set forth in this Agreement, the general terms of the proposed Distribution Plan, the general terms of the Fee and Expense Award (as defined in ¶ 16, below), and a description of Class Members' rights to object to the Settlement and/or appear at the Settlement Hearing. The cost of prior and future class notice and settlement administration will be included in the Settlement Amount.

5. **Publication.** Class Counsel shall publish settlement notice through print and other means as proposed in the Notice Plan and approved by the Court, and in a manner consistent with the earlier class notice and media plan therein. Defendants shall not have any responsibility for approving or providing notice of this Settlement to Class Members, other than payment of reasonable notice costs as set forth herein from the Settlement Amount.

6. **Motion for Final Approval and Entry of Final Judgment.** Thirty (30) days prior to the Objection Deadline set by the Court in the Preliminary Approval Order, Class Counsel shall submit a motion for final approval of the Settlement by the Court, after notice to

Class Members of the Settlement Hearing, pursuant to ¶¶s 4 and 5 above, and the Settling Parties shall jointly seek entry of the Final Approval Order and Judgment:

(a) fully and finally approving the Settlement contemplated by this Agreement and its terms as being fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms and conditions;

(b) finding that the Notice given to Class Members as contemplated in ¶¶s 4 and 5, above, constitutes the best notice practicable under the circumstances and complies in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

(c) directing that the Action be dismissed with prejudice as to Defendants and, except as provided for herein, without costs;

(d) discharging and releasing the Released Claims as to the Releasees;

(e) permanently barring and enjoining the institution and prosecution, by Class Plaintiffs and any Class Member, of any other action against the Releasees in any court asserting any of the Released Claims;

(f) reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of this Agreement;

(g)    determining pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and directing entry of a final judgment as to Defendants; and

(h)    containing such other and further provisions consistent with the terms of this Agreement to which the Settling Parties expressly consent in writing.

Sufficiently before the Settlement Hearing, Class Counsel also will request that the Court approve the Fee and Expense Award (as defined in ¶ 16, below).  Class Counsel request that the Court approve the proposed Distribution Plan contained herein.

7.    The Settling Parties agree to collaborate in their presentations at both the preliminary approval hearing and the Settlement Hearing, because the Settling Parties believe that this Settlement is for the benefit of the Class and the Defendants.

**C.**    **Settlement Fund**

8.    **Payments made by Defendants.**    The Settlement Amount is $250,000,000 U.S. dollars, and is inclusive of Notice and Administrative Costs, Service Awards, and any reasonable fees and expenses of Class Counsel (including prior notice to the Class).  Within ten (10) business days of the Court entering the Preliminary Approval Order, State Farm shall deposit the Settlement Amount into a segregated escrow account, or its functional equivalent, at a bank located in the State of Illinois and agreed to by the Parties. Those monies, less costs of Notice advanced to the Class, shall remain in this segregated account until the Effective Date.  During this period the account shall accrue interest.  All accrued interest on the account shall belong to the Class upon the Effective Date of the Settlement; if the Settlement does not become effective, then the monies in the account shall be returned to State Farm, plus any interest accrued during the period in which the account held the

Settlement Amount. If any dispute arises regarding this account or its funding, the parties shall submit that dispute to the Court appointed mediator for resolution. Defendants Edward Murnane and William G. Shepherd will not be responsible for payment of any money pursuant to this Settlement. After the payments described herein are paid out of the Net Settlement Fund, no portion of the Net Settlement Fund shall revert to Defendant State Farm. Instead, if there is any money remaining in the Net Settlement Fund after payments to Class Members, and if Class Counsel determine that it is economically infeasible and/or otherwise impracticable to make an additional payment to Class Members, then Class Counsel shall apply to the Court, with notice to Defendants, for an equitable disposition of the remaining proceeds on behalf of the Class. Plaintiffs shall have no obligation to reimburse State Farm for any monies advanced in connection with the Notice Plan and Claims Administration if the Settlement does not become effective.

9. **Disbursements Prior to Effective Date.** Upon preliminary approval of the Settlement, Class Counsel shall establish and control a Notice and Claims Administration account. Costs of the Notice Plan and Claims Administration shall be paid from that account as incurred and invoiced by the Claims Administrator and Notice Provider. State Farm will advance payment to the Notice and Claims Administration account out of the Settlement Amount to pay for the costs of the Notice Plan and Claims Administration. Aggregate advances from State Farm to Notice and Claims Administration account to pay for the Notice Plan and Claims Administration shall not exceed $4.5 million.

10. **Releases.** Upon the Effective Date, the Releasors, and any other Person claiming against the Gross or Net Settlement Fund (now or in the future) through or on behalf of any Releasor, shall be deemed to have, and by operation of the Judgment shall have fully,

finally, and forever released, relinquished, and discharged all Released Claims against any and all of the Releasees and shall have covenanted not to sue any Releasee with respect to any such Released Claim, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Releasees, and the Releasees shall be given full *res judicata* effect. Each Releasor shall be deemed to have released all Released Claims against the Releasees regardless of whether any such Releasor ever seeks or obtains by any means, any distribution from the Gross or Net Settlement Fund. Class Plaintiffs and Defendants acknowledge, and the Settlement Class members shall be deemed by operation of the Final Approval Order to have acknowledged, that the foregoing waiver and release was separately bargained for and a key element of the settlement of which this Release is a part.

      11.    **Unknown Claims/California Civil Code Section 1542.** The release set forth in ¶ 10, above, constitutes a waiver of Section 1542 of the California Civil Code (to the extent it applies to the Action), which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The release set forth in ¶ 10, above, also constitutes a waiver of any similar provision, statute, regulation, rule or principle of law or equity of any other state or applicable jurisdiction. The Releasors acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to release fully, finally and forever all of the claims released in ¶ 10, above, and in furtherance of such intention, the release shall be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

### D.    Administration and Distribution of Gross Settlement Fund

       12.    **Distribution of Gross Settlement Fund.** The Claims Administrator, subject to such supervision and direction of the Court and/or Class Counsel as may be necessary or as circumstances may require, shall administer the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Distribution Plan.

       Subject to the terms of this Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

          (a)    to pay all Notice and Administrative Costs as defined above;

          (b)    to pay Service Awards to three Class Plaintiffs; and

          (c)    to pay the Fee and Expense Award.

       13.    **Distribution of Net Settlement Fund.** Upon the Effective Date and thereafter, and in accordance with the terms of this Agreement, the Distribution Plan, or such further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants. Except as otherwise ordered by the Court, each Class Member who is not eligible for an automatic distribution and fails to submit a claim form within such period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Agreement and the Settlement set forth herein, but shall in all other respects be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment;

          (a)    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Distribution Plan. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date; and

(b)     All Class Members shall be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Class Members seek or obtain by any means any distribution from the Net Settlement Fund.

14.     **No Liability for Distribution of Settlement Funds.**     Neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund, the Distribution Plan, the determination, administration, or calculation of claims, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.     Effective immediately upon the Execution Date, the Releasors hereby fully, finally, and forever release, relinquish, and discharge the Releasees and their counsel from any and all such liability pursuant to this Paragraph. No Person shall have any claim against Class Counsel or the Claims Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan, or further orders of the Court.

15.     **Balance Remaining in Net Settlement Fund.**  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), and if it is economically infeasible and/or otherwise impracticable to make a further distribution to the Class, and if, after Class Counsel has applied to the Court for an equitable disposition of the remaining proceeds, there nonetheless remains monies in the Net Settlement Fund from checks that remain uncashed for 180 days or more, the final uncashed amounts will be deemed abandoned and available to the Claims Administrator to distribute to the states of residence of those Class Members who did not cash their final checks under an early custodial escheatment procedure.

### E.   Attorneys' Fees and Reimbursement of Expenses

16.   **Payment of Fees and Expenses.**   Class Counsel shall file their application for a Fee and Expense Award, and provide notice to the Class thereof, in accord with Seventh Circuit practice.  Defendants shall leave the amount of any award to the discretion of the Court. The procedures for, and the allowance or disallowance by the Court of, the Fee and Expense Award are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement.  Any order or proceeding relating to the Fee and Expense Award, or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment and the Settlement of the Action as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award or Distribution Plan contained in this Agreement shall constitute grounds for termination of this Agreement.

17.   **No Liability for Fees and Expenses of Class Counsel.**  The Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Class Counsel pursuant to ¶ 16, above, and/or to any other Person who may assert some claim thereto, or any Fee and Expense Award that the Court may make in the Action.

### F.   Conditions of Settlement, Effect of Disapproval or Termination

18.   **Effective Date.**   The Effective Date of this Agreement shall be conditioned on the occurrence of the following events:

(a)   the Court has finally approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered

the Judgment, if no such appeal is filed and the Judgment has become Final; or

(b)    if an appeal of the Final Order and Judgment is filed, the date upon which all appellate courts with jurisdiction (including the United States Supreme Court by petition for certiorari) affirm such Final Order and Judgment, or deny any such appeal or petition for certiorari, such that no future appeal is possible.

If, for any reason, the Effective Date does not occur, all claims and defenses will revert to their status as of the day before preliminary settlement approval and Defendant State Farm will not be required to pay the remaining Settlement Amount.

    19.    **Occurrence of Effective Date.**  Upon the occurrence of all of the events referenced in ¶ 18, above, State Farm shall, within five business days of the Effective Date, transfer the remaining Settlement Amount, plus all accrued interest, from the segregated account to an account to be established by Class Counsel (Robert A. Clifford or his designee) for the purpose of administering the Settlement and also paying any award of attorneys' fees and costs approved by the Court, as well as the Service Awards to Class Representatives.  Upon the Effective Date, any and all remaining interest or right of Defendants in the Settlement Amount, Settlement Fund, Gross Settlement Fund, or Net Settlement Fund, if any, shall be absolutely and forever extinguished.  Upon the Effective Date, the Claims Administrator, at the direction of Class Counsel, shall have authority to pay Authorized Claimants from the Net Settlement Fund.

    20.    **Failure of Effective Date to Occur.**  If all of the conditions specified in ¶ 18 above, are not satisfied, then this Agreement shall be terminated, subject to and in

accordance with ¶ 22, below, unless the Settling Parties mutually agree in writing to continue with it for a specified period of time.

21. **Failure to Enter Proposed Preliminary Approval Order, Final Approval Order or Judgment.** If the Court does not enter the Preliminary Approval Order, the Final Approval Order, or the Judgment, or if this Court enters the Final Approval Order and the Judgment and appellate review is sought and, on such review, the Final Approval Order or the Judgment is finally modified or reversed, then this Agreement and the Settlement incorporated therein shall be terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Preliminary Approval Order, the Final Approval Order or the Judgment as modified by the Court or on appeal. Such notice may be provided on behalf of Class Plaintiffs and the Class by Class Counsel. No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Award or Distribution Plan, or any modification or reversal on appeal of such order, shall constitute grounds for termination of this Agreement by any Settling Party. Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Action as to Defendants and full discharge of the Released Claims.

22. **Termination.** Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate, or be cancelled, or

otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Judgment is reversed or modified following any appeal taken therefrom, then:

(a)     Defendant State Farm will not be required to pay any remaining portion of the Settlement Amount, except previously expended Notice and Administrative Costs;

(b)     the Settling Parties shall be restored to their respective positions in the Action as of the Execution Date, with all of their respective legal claims and defenses, preserved as they existed on that date;

(c)     the terms and provisions of this Agreement shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Action or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

(d)     any Judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc.*

G.     **No Admission of Liability**

23.     **Final and Complete Resolution.**   The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any allegation made in the Action.   The Defendants/Releasees, and each of them, have and continue to expressly deny any violation of

RICO or other statutes alleged to have been violated and expressly deny they committed any act
the effect of which was to unjustly enrich the Defendants.

24. **Use of Agreement as Evidence.** Neither this Agreement nor the
Settlement, nor any act performed or document executed pursuant to or in furtherance of this
Agreement or the Settlement: (i) is or may be deemed to be or may be used as an admission of,
or evidence of, the validity of any Released Claims, of any allegation made in the Action, or of
any wrongdoing or liability of Releasees; or (ii) is or may be deemed to be or may be used as an
admission of, or evidence of, any liability, fault or omission of the Releasees in any civil,
criminal or administrative proceeding in any court, administrative agency or other tribunal.
Neither this Agreement nor the Settlement, nor any act performed or document executed
pursuant to or in furtherance of this Agreement or the Settlement shall be admissible in any
proceeding for any purpose, except to enforce the terms of the Settlement, and except that the
Releasees may file this Agreement and/or the Judgment in any action for any purpose,
including, but not limited to, in order to support a defense or counterclaim based on principles
of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or
any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The
limitations described in this paragraph apply whether or not the Court enters the Preliminary
Approval Order, the Final Approval Order or the Judgment.

**H.    Miscellaneous Provisions**

25. **Third Party Communications.** The Settling Parties and their counsel
have agreed on a joint press release regarding the settlement that will be disseminated to the
media. In the spirit of cooperation and good faith essential to the approval of the Settlement,
finality, and implementation of this resolution, the Settling Parties and their counsel, employees
and affiliates shall avoid any media releases or comments that disparage or misrepresent the

case, the parties, their counsel, the courts, or the Settlement. All counsel agree to represent the Settlement fully and accurately and consistently with their joint press release and statements, and all public court filings.

26. **Voluntary Settlement.** The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith under the supervision and with the assistance of court-appointed mediators by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.

27. **Consent to Jurisdiction.** Defendants and each Class Member hereby consent to this Court's jurisdiction over the Settlement to a) resolve any disputes or controversies regarding the enforcement of the Settlement and b) to have ongoing and exclusive jurisdiction over Defendants and the Class to enforce all the terms of the Settlement and to effectuate, implement, allocate and distribute the Settlement Amount.

28. **Resolution of Disputes; Retention of Exclusive Jurisdiction.** Any disputes between or among Defendants and any Class Member or Members (or their counsel) concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

29. **Binding Effect.** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Class Plaintiffs, and Class Counsel shall be binding upon all Class Members.

30. **Authorization to Enter Settlement Agreement.** The undersigned representatives of Defendants represent that they are fully authorized to enter into and to execute this Agreement on behalf of Defendants. Class Counsel, on behalf of the Class Plaintiffs, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of this Class pursuant to this Agreement to effectuate its terms and to enter into and execute this Agreement and any modifications or amendments to the Agreement on behalf of the Class that they deem appropriate.

31. **Notices.** All notices to counsel under this Agreement shall be in writing. Each such notice shall be given either by (i) e-mail; (ii) hand delivery; (iii) registered or certified mail, return receipt requested, postage pre-paid; (iv) FedEx or similar overnight courier; or (v) facsimile and first class mail, postage pre-paid, and, if directed to any Class Member, shall be addressed to Class Counsel at their addresses set forth on the signature page hereof, and if directed to Defendants, shall be addressed to its attorneys at the address set forth on the signature pages hereof or such other addresses as Class Counsel or Defendants may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

32. **No Conflict Intended.** The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

33. **No Party Deemed to Be the Drafter.** None of the parties hereto shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

34. **Choice of Law.** This Agreement and the exhibit(s) hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Illinois, and the rights and obligations of the parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois without giving effect to that State's choice of law principles.

35. **Amendment; Waiver.** This Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party. The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

36. **Execution in Counterparts.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for the parties to this Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

37. **Integrated Agreement.** This Agreement constitutes the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Agreement other than the representations, warranties and covenants contained and memorialized herein.

38. **Reservation of Rights.** This Agreement does not settle or compromise any claims by Class Plaintiffs or any Class Member asserted in the Action against any Defendants or any potential Defendants other than the Releasees. All rights of any Class

Member against any other person or entity other than the Releasees are specifically reserved by Class Plaintiffs and the Class Members.

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date set forth below.

Dated: _9/4/18_

_____

Robert A. Clifford (#6215773)
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602

*Class Counsel*

Dated: _9/4/18_

_____

Robert (Barney) Shultz, Jr.
Vice President and Counsel
Designated Corporate Representative for
State Farm Mutual Automobile Insurance
Company

_____

Sheila L. Birnbaum
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Tel: 212-612-3500

*Counsel for Defendant State Farm Mutual
Automobile Insurance Co.*

_____

Ronald S. Safer (#6186143)
Joseph A. Cancila, Jr. (#06193252)
Riley Safer Holmes & Cancila LLP
Three First National Plaza
70 W. Madison St., Ste. 2900
Chicago, IL 60602
Tel: 312-471-8700

*Counsel for Defendant State Farm Mutual
Automobile Insurance Co*

Case 3:13-cv-00660-JPG-PGB Document 974-8 Filed 12/08/18 Page 29 of 29 Page ID #61855
Case 6:18-mc-00068-PGB-KRS Document 11-8 Filed 12/04/18 Page 29 of 29 PageID 533
Case 3:12-cv-00660-DRH-SCW   Document 941   Filed 09/04/18   Page 28 of 28   Page ID #40019

Russell K. Scott (#02533642)
Greensfelder, Hemker & Gale P.C.
12 Wolf Creek Street, Suite 100
Belleville, IL 62226
Tel: 618-257-7308

*Counsel for Defendant William G. Shepherd*

Paul E. Veith      46204712
Sidley Austin, LLP
One South Dearborn St.
Chicago, IL 60603
Tel: 312-853-7000

*Counsel for Defendant Edward Murnane*

1616298.1                                    28