# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>   Defendants. | Case No. 3:12-cv-00660-DRH-SCW<br><br>Judge David R. Herndon<br><br>Magistrate Judge Stephen C. Williams |

## PLAINTIFFS' REPLY TO OBJECTOR'S FILING RE CONTEMPT SANCTION

1673377.3

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1
II. ARGUMENT ....................................................................................................................... 3
    A. The Court Properly Exercised its Discretion and Authority. .................................... 3
    B. Plaintiffs Seek Sanctions Pursuant to Marlow's Willful Noncompliance with the Court's Preliminary Approval Order, and Not Pursuant to Rule 45. .......... 5
    C. This Court Did Not Abuse its Discretion When It Granted the Request for Judicial Notice. .......................................................................................................... 5
    D. Judge Herndon, and Not Magistrate Judge Williams, Is Charged with Overseeing the Fairness of this Settlement and Compliance with His Orders. ......... 6
    E. Neither Marlow's Nor Downton's Rights Have Been Abridged. ............................. 6
    F. Class Counsel Did Not Engage in Any Improper Conduct. ..................................... 8
    G. Striking the Objection Is an Appropriate Remedy for an Objector's Willful Misconduct. ............................................................................................................... 9
III. CONCLUSION .................................................................................................................. 10

## I. INTRODUCTION

Plaintiffs respectfully submit this reply in response to Objector Lisa Marlow's 20-page opposition to Plaintiffs' motion for contempt. Exceptional circumstances—including a significant number of new arguments and declarations filed in opposition—justify this 10-page reply, and Plaintiffs therefore seek leave to file it. *See* S.D. Ill. L.R. 7.1(c).

Because an objector to a class action settlement has the ability to delay implementation of a settlement that class members want and that the trial court has determined to be in the best interests of the class, the trial court, charged with ensuring the fair and orderly conduct of all proceedings before it and as the ultimate guardian of the class's interests, has the authority to issue an order allowing class counsel to take discovery of an objector to a class action settlement. Consistent with that authority, the Court here properly exercised its discretion when it ordered that Class Counsel shall be afforded the opportunity to take the deposition of an objector on issues relating to class membership and motives relating to the objection. [942] ¶ 11.

That need for a deposition is particularly apparent here, where the objector previously stated under oath that she did NOT have non-OEM parts installed or specified on her vehicle, essentially stating under oath that she is not a class member, and sought to change her answer two weeks after the fact. Additionally, this lone objector has staked out a position contrary to 99.9999% of the class after an extensive notice program, circumstances that suggest an atypical if not inappropriate motivation. As to motive, it is certainly legitimate to inquire why she would object to this Settlement when it appears that the amount she will receive under this Settlement exceeds the value of the repair part she claims establishes her class membership.

Pursuant to the Court's Preliminary Approval Order, Class Counsel sought to depose Ms. Marlow. Class Counsel notified Marlow's counsel of their desire to take Marlow's deposition pursuant to the Court's Order allowing them to do so. Class Counsel provided notice of deposition at a location convenient to Marlow. Rather than comply with the Court's Order, or seek relief from this Court, Marlow advised that she would not voluntarily appear and suggested that a subpoena

was necessary. When Class Counsel subpoenaed Marlow, she filed a motion to quash, and did not appear for her deposition, despite the existence of a valid subpoena requiring her to do so.

This motion for an order to show cause followed. The Court previously set the show cause hearing for December 10, 2018. Counsel for Marlow then advised that he was unable to appear in person at the show cause hearing, but would not state why, other than that he was planning on being in Boston that day. In response, and as an apparent accommodation, the Court continued the show cause hearing until December 13, 2018, the date set for the final approval hearing. Again, consistent with its authority to efficiently run the proceedings, the Court ordered that Class Counsel shall have the opportunity at that time to cross examine Marlow.

Counsel for Marlow portrays himself as a white knight seeking justice for his client and the Class and victimized by Class Counsel and the Court. But the reality is that Mr. Downton is seeking to delay a settlement that all 4.7 million Class members (except Marlow) want. Downton has represented Marlow for about a month, and cannot possibly have any real knowledge of the merits of this case. On the issue of fees, it is the trial court that is the guardian of the class's interests, not Downton or Marlow, and of course the Court here is fully able to apply the pertinent fee factors to the facts of the case, being infinitely more familiar with both than either the objector or her counsel. Recognizing the vulnerability of their position, Marlow and her counsel have steadfastly refused to sit for a deposition in defiance of this Court's Order.

Instead of sitting for a deposition, Marlow has played cat and mouse, first failing to respond to requests for a deposition, then suggesting that a subpoena was necessary, and then, once served a subpoena, seeking to quash the subpoena. Clearly, Marlow and counsel Downton's goal has been to delay the taking of her deposition and to run out the clock, in defiance of the Court's Order. This Court has properly resisted Downton's dilatory efforts.

If Marlow is a Class member, then she is plainly subject to the Court's orders. If Marlow or her counsel are found to be in contempt of the Court's Order, her objection should be stricken.

## II.   ARGUMENT

### A.   The Court Properly Exercised its Discretion and Authority.

Provisions allowing parties to depose objectors are routine. *See, e.g.*, *Beaver v. Tarsadia Hotels*, No. 11-cv-01842, 2017 WL 2268853, at *7 (S.D. Cal. May 24, 2017) ("the Parties may depose any objector"; "[f]ailure by an objector to make himself, herself, or itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard"); *Sabol v. Hydroxatone LLC*, No. 2:11-cv-04586, 2013 WL 12161799, at *5 (D.N.J. Mar. 28, 2013) (same); *Edwards v. N. Am. Power & Gas, LLC*, No. 3:14-cv-01714, 2018 WL 1582509, at *10 (D. Conn. Mar. 30, 2018) (same). Deposition discovery enables the court and the parties to determine whether an objector is a class member with standing to object. *Carnegie v. Househld Int'l, Inc.*, 445 F. Supp. 2d 1032, 1035 (N.D. Ill. 2006). Discovery is also needed to determine whether an objector objects for an improper purpose. *See Granillo v. FCA US LLC*, No. 16-cv-153, 2018 WL 4676057, at *6 (D.N.J. Sept. 28, 2018) (discovery provisions went to the bona fides of objectors, who "can delay the settlement process and, thus, 'undermine the administration of justice.'") (quoting *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 295 (S.D.N.Y. 2010)).

Discovery is therefore required to uncover an objector's lack of standing and bad faith motives. This point is well illustrated in *In re Hydroxycut Mktg. and Sales Practices Litig.*, Nos. 09-md-2087, 2013 WL 5275618 (S.D. Cal. Sept. 17, 2013). There, the court ordered depositions to determine the standing and good faith of an objector to a proposed class settlement. *Id.* at *1. Depositions and an evidentiary hearing showed that: (1) the objector "work[ed] closely with others who seek to represent objectors in class action lawsuits"; (2) the objector's lawyer demanded substantial monies "to make his objection go away – otherwise, he could hold the settlement process up for two to three years through the appeal process"; (3) the objector's lawyer stated that he "didn't care about changing one word of the settlement" and "filed the objections because it was a large settlement and Plaintiff's counsel stood to make millions of dollars"; and (4) the objector's lawyer intended to split fees with others once the objection was settled. *Id.* at *4-5. The court held

that the objector had not proved she was a class member and had objected "for the improper purpose of obtaining a cash settlement in exchange for withdrawing the objections." *Id.* These findings would not have been possible had the court not ordered objector depositions.

Depositions are therefore necessary so that the parties can obtain information about an objector's "merits and motivations" and "their relationships with Counsel." *In re Netflix Privacy Litig.*, No. 5:11-cv-00379, 2013 WL 6173772, at *5 (N.D. Cal. Nov, 25, 2013). When objectors "voluntarily insert[] themselves" in class actions, their depositions "are relevant and proper." *Id.*; *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (objector "voluntarily appeared in this litigation by objecting . . . , and is properly subject to discovery"). "[C]ourts commonly require objectors to make themselves available for deposition given the power held by objectors." *Laguna v. Coverall N. Am., Inc.*, 753 F.3d 918, 926 (9th Cir. 2014). So compelling is the court's interest in the integrity of its judgment that it may order discovery of an objector and his or her counsel even after a notice of appeal is filed. *In re Itel Sec. Litig.*, 596 F. Supp. 226, 231-33 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986) (to preserve the integrity of its judgment, district court properly ordered post-judgment discovery and motion practice against an objector and his lawyer who tried to subvert a class settlement).

Marlow argues that she somehow lacked notice that an objector could be subject to a deposition. However, the Order preliminarily approving the class action settlement made clear that objectors were subject to deposition discovery. All of the various forms of notice advised class members that all relevant Orders could be found on the settlement website. The Order granting preliminary settlement approval has been posted on the *Hale* class action website since early September, and the long form and short form notices advise Class members to review the website for more information about the case. Further, Marlow's attorney applied for and was granted pro hac vice status and appeared as counsel of record on the docket, with full access to all orders that had been entered in the case. Downton seems to be arguing that he did not bother to read the order preliminarily approving the very Settlement to which his client is objecting.

Marlow states in her papers that she "is concerned the Court has surrendered its duty as

1673377.3

guardian of absent class members . . . instead of protecting their rights." Br. at 4. What Marlow is missing is that her deposition is all but *mandated* by the Court's duty to protect the class. It is Marlow, and Marlow alone, who would thwart the will of 99.9999 percent of Class members. The Court properly ordered that objectors to this Settlement be cross examined.

### B. Plaintiffs Seek Sanctions Pursuant to Marlow's Willful Noncompliance with the Court's Preliminary Approval Order, and Not Pursuant to Rule 45.

Rather than address the propriety of the Preliminary Approval Order, Marlow focuses her attention on Rule 45, and how the Magistrate Judge's order denying the motion to quash is not a final order and so cannot be the basis for the issuance of sanctions. Marlow's argument entirely misses the mark. This is because Plaintiffs do not seek sanctions pursuant to Marlow's noncompliance with the deposition subpoena issued pursuant to Rule 45. Instead, and as Plaintiffs have made clear in their motion, they are seeking sanctions because Marlow did not agree to sit for a deposition in violation of the Order granting preliminary settlement approval.

If Marlow thought that Order was unfair or somehow violated her rights, or that a deposition was not necessary, then her remedy was to bring a motion for relief before this Court. Instead, she tried an end-around, stating she would only sit for deposition if subpoenaed, and then, once subpoenaed, filing a motion to quash in the Middle District of Florida. .

Even if Rule 45 were relevant to the show cause hearing, which it is not, Marlow completely ignores that she and her lawyer have taken affirmative steps, through her objection to the Settlement, to appear in the Southern District of Illinois. This fact readily distinguishes this case from all of the cases upon which she relies. Here, then, it is not surprising that the judge in the Middle District of Florida denied Marlow's motion. The Magistrate Judge understood that this Court has authority over the litigants and attorneys who have appeared before it but who disregard its orders and properly issued subpoenas.

### C. This Court Did Not Abuse its Discretion When It Granted the Request for Judicial Notice.

Marlow also argues that this Court improperly granted judicial notice of Judge Spaulding's

1673377.3

decision to deny her motion to quash. In support of her argument, she relies on cases that address the proper standard of review for magistrate judge orders. *See, e.g.*, *United States v. Ecker*, 923 F.2d 7, 8-9 (1st Cir. 1991); *In re Subpoena issued to Birch Commc'ns, Inc.*, No. 1:14-cv-3904, 2015 WL 2091735, at *2 (N.D. Ga. May 5, 2015); *Hartford Fire Ins. Co., v. Transgroup Express, Inc.*, No. 09 C 3473, 2009 WL 2916832 (N.D. Ill. Sept. 1, 2009). Yet these cases say nothing about the issue for which Marlow cites them—*i.e.*, the propriety of judicial notice of an order issued by a magistrate judge. Marlow cites no relevant authority to support her claim that the Court acted improperly here when it took judicial notice of the Magistrate Judge's December 5, 2018, ruling.

### D. Judge Herndon, and Not Magistrate Judge Williams, Is Charged with Overseeing the Fairness of this Settlement and Compliance with His Orders.

Marlow makes other unpersuasive arguments. For example, she argues that because the issue of her deposition is a discovery dispute, it was incumbent on Class Counsel to seek relief from Magistrate Judge Williams. Again, Marlow ignores the obvious: Judge Herndon is overseeing this Settlement and Class Counsel's fee request and Marlow is challenging the propriety of the Settlement and Class Counsel's request for fees. Moreover, the request for sanctions arises out of Marlow's unwillingness to comply with the Court's Preliminary Approval Order. If Marlow wanted relief from the Preliminary Approval Order, an Order issued by Judge Herndon, then it was incumbent on her to seek relief from Judge Herndon. Marlow chose not to go this Court, nor to Magistrate Judge Williams, and instead sought to defy this Court by seeking an end-run around this Court's Order by seeking relief in the Middle District of Florida. Marlow should have sought relief from this Court in the first instance, yet with characteristic chutzpah, Marlow criticizes Class Counsel for not seeking relief from Magistrate Judge Williams.

### E. Neither Marlow's Nor Downton's Rights Have Been Abridged.

Marlow cites *SEC v. Hyatt*, 621 F.3d 687, 696-97 (7th Cir. 2010), for the proposition that a nonparty subject to contempt sanctions has a right to notice and an opportunity to be heard. Plaintiffs agree. But *Hyatt* is readily distinguishable from the instant facts because the trial court in *Hyatt* did not give notice that it intended to consider imposing sanctions at a scheduled hearing. By

contrast, the Court here has made explicit that the contempt hearing will take place on December 13, 2018, at 9:00 am, and has given Marlow and Downton notice of such. *See id.* at 694. Interestingly, the Seventh Circuit in *Hyatt* rejected the nonparty's argument that a subpoena is not itself a court order subject to contempt sanctions if disobeyed. *Id.* at 693. The court also held that it was unnecessary for the SEC to first obtain a court order compelling the nonparty's compliance with its subpoenas before initiating contempt proceedings. *Id.* at 694.

Marlow mis-cites numerous other cases. For example, she cites *Jaffe v. Morgan Stanley & Co., Inc.*, No. C 06-3903, 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008), for the proposition that there is no absolute right to discovery in connection with the fairness of a class action settlement. Yet *Jaffe* concerned whether *objectors* had a right to *take* discovery when opposing a class action settlement, not whether a court could order an objector to participate in a deposition concerning its standing and motives, as the Court has done here. She also cites to the *Manual for Complex Litigation (Fourth)*, § 21.14 (2004), for the proposition that a party seeking discovery from an unnamed class member must first show a particularized need and seek permission from the court. But that section of the MCL is about discovery from absent class members in the litigation context, not discovery of objectors who appear in the case once it has settled. The same is true of the cases Marlow cites in footnote 8 of her brief. *See In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-2196, 2014 WL 764617 (N.D. Ohio Feb. 26, 2014); *Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882, 2012 WL 4829802, at * 4 (M.D. Tenn. Oct. 10, 2012).

Marlow cites *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989), for the proposition that the party seeking contempt point to a specific command that the party in contempt violated. Marlow argues that while the Order granting preliminary approval granted the parties the right to depose class members who object, it did not specifically name Marlow or order her to give a deposition. Again, this argument is too clever by half. Once Marlow filed an objection she became subject to any orders issued in this case. Her specious argument suggests that a lawyer can enter litigation after the date on which the court has issued a pre-trial order and maintain that she is not subject to its commands because it was not specifically directed at her.

Perhaps most galling is her reliance on *Kaufman v. Am. Express Travel Related Servs. Co.*, 877 F.3d 276 (7th Cir. 2017), which she cites for the proposition that district courts are fiduciaries of the class. She then says that the Court surrendered its duty as guardian of absent class members, whom she claims are entitled to greater protection than parties to the action. Of course, the Court's fiduciary duty extends to all Class members (all 4.7 million of them), not just the one Class member who seeks to delay compensation to all the others. Indeed, the Seventh Circuit in *Kaufman* noted that it had "repeatedly told district courts to consider the amount of opposition to a proposed settlement in deciding whether to approve it." *Id.* at 284. Additionally, the court remarked on the motives (and "chutzpah") of objectors and their counsel who criticize a settlement, and then seek fees claiming "that they are *solely* responsible for the settlement's success." *Id.* at 287, n.5.

Marlow and her counsel made a conscious decision to disregard this Court's Order, an Order about which she plainly had notice. Now they have been properly ordered to appear at a show cause hearing, about which they have been advised of the place and time.

### F. Class Counsel Did Not Engage in Any Improper Conduct.

Attorney Downton makes several allegations about the fact that several of Class Counsel sought to contact him after he was admitted pro hac vice in this action on behalf of his client. This is true and entirely proper. And what Downton does not acknowledge is that he elected not to respond to the voicemails and emails for at least five days, even after he filed Marlow's objection. Downton also alleges that inquiry was made to mutual acquaintances to find out what it "would take," presumably for Marlow to withdraw her objection. Downton singles out Gordon Ball for pursuing such inquiry. Mr. Ball has prepared a Declaration that accompanies this response and that responds to Downton's allegations. According to Ball, he did not seek to intimidate Downton, but only to communicate through mutual friends or acquaintances. He states that he "made these efforts to reach Mr. Downton in order to have a discussion with him about the merits of the settlement and to address his client's concerns about it. In none of my communications involving Ms. Marlow's objection did I ever ask anyone to 'pressure' Mr. Downton or ascertain what Mr.

Downton or Mrs. Marlow 'would take' to drop the objection." Ball Declaration, ¶ 6. Class Counsel's efforts have been focused on understanding the nature of Marlow's objection and trying to schedule the deposition expressly allowed by this Court's Order. Downton's claim of impropriety is entirely unfounded.

### G. Striking the Objection Is an Appropriate Remedy for an Objector's Willful Misconduct.

Courts have broad discretion to sanction objectors who do not comply with discovery orders. That power "is inherent in all courts" and "reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citation omitted) (quoting *Young v. United States ex rel.Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987)); *see also TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548, 553-54 (N.D. Cal. 2013) (holding objectors' counsel in contempt for failure to produce objectors for depositions).

Pursuant to this authority, courts can, and often do, strike objections when objectors do not comply with their orders. *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 252 (3d Cir. 2001) (affirming order striking objection and finding that courts have "broad latitude" to strike non-compliant objections); *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311, 2017 WL 3499291, at 7 (E.D. Mich. July 10, 2017) (Courts have the "'inherent authority and discretion to strike filings and materials that do not comply with the Court's rules.'") (quoting *DuBose v. Kasich*, No. 2:11-cv-00071, 2013 WL 164506, at *2 (S.D. Ohio Jan. 15, 2013)); *White v. Experian Info. Solutions, Inc.*, No. 8:05-cv-01070, 2018 WL 1989514, at *8, n. 5 (C.D. Cal. Apr. 6, 2018) (striking objections and finding objectors without standing due to their "failure to follow the Court-approved procedure for filing objections"). In *Embry v. ACER Am. Corp.*, No. C 09-01808, 2012 WL 3777163, at *1 (N.D. Cal. Aug. 29, 2012), for example, the court overruled an objection to a proposed class action settlement. When the objector appealed but did not comply with an order to

-9-

post an appeal bond, the court ordered the objector to post bond or dismiss his appeal. *Id.* at *2. The objector did neither. The court held him in contempt for noncompliance and "impose[d] the sanction of striking Objector's objection to the Final Settlement," meaning "the Objection has no force or effect on the Final Settlement." *Id.* Similarly, in *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 890-91 (C.D Cal. 2016), the court struck objections of three objectors who refused to comply with class counsel's discovery requests, and held: "[W]hen someone objects to a class action settlement, that person is subject to discovery related to that objection. An objector cannot refuse to participate in discovery and still have his or her objection considered by the court."

Marlow relies on *Banco Del Atlantico, S.A. v. Woods Indus.*, 591 F.3d 350, 354 (7th Cir. 2008), for the proposition that striking an objection is a sanction of last resort, only employed in rare cases. *Banco* actually involved dismissal of a lawsuit, a harsher sanction than striking an objection. Even then, *Banco* was such a "rare case" where such a sanction was warranted, driven by—as here—a party's refusal to participate in court-ordered discovery. Notably, and apropos of Marlow's argument that her offers to provide documentation satisfied her discovery obligations, the *Banco* court ruled that even when written information is provided, a party "still could be required to provide responsive answers to proper deposition questions," and affirmed dismissal of the claim as a sanction for refusal to do so. *Id*.

Thus, if this Court holds Marlow and her lawyer in contempt for their willful noncompliance with the Preliminary Approval Order, Plaintiffs submit that the appropriate relief is to strike Marlow's objection. This appropriate remedy would not prevent the Court from considering the merits of Marlow's objections, which the parties have thoroughly addressed in their briefs. *See Chambers*, 214 F. Supp. 3d at 891; *Automotive Parts*, 2017 WL 3499291, at *7; *White*, 2018 WL 1989514, at *8, n. 5.

### III.   CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court conduct the currently-scheduled show cause hearing and, if sanctions are warranted, strike Marlow's objection.

Dated: December 10, 2018

Respectfully submitted,

/s/ *Robert J. Nelson*
Elizabeth J. Cabraser
Robert J. Nelson
Kevin R. Budner
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: 415-956-1000

Steven P. Blonder #6215773
Jonathan L. Loew
Much Shelist, P.C.
191 N. Wacker, Suite 1800
Chicago, IL 60606-2000
Tel: 312-521-2402

Robert A. Clifford #0461849
George S. Bellas
Kristofer S. Riddle
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
Tel: 312-899-9090

John W. "Don" Barrett
Barrett Law Group, P.A.
404 Court Square North
P.O. Box 927
Lexington, MS 39095-0927
Tel: 662-834-2488

Brent W. Landau
Jeannine M. Kenney
Hausfeld, LLP
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
Tel: 215-985-3273

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Tel: 888-725-2477

Erwin Chemerinsky
University of California, Berkeley School of Law
215 Boalt Hall,
Berkeley, CA 94720
Tel: 510- 642-6483

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201
Tel: 501-374-1058

Richard R. Barrett
Law Offices of Richard R. Barrett, PLLC
2086 Old Taylor Road, Suite 1011
Oxford, Mississippi 38655
Tel: 662-380-5018

1673377.3

>Gordon Ball
>Gordon Ball PLLC
>550 Main Street
>Bank of America Center, Ste. 600
>Knoxville, TN 37902
>Tel: 865-525-7028

*Class Counsel*

1673377.3

-13-

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(b), I certify that a copy of the foregoing was served upon counsel via the Court's CM/ECF system.

/s/ *Robert J. Nelson*

-13-

1673377.3