SHORT RECORD
NO. 18-3626
FILED 12/11/18

NO. _____

---

# In the United States Court of Appeals
# For the Seventh Circuit

---

In re Lisa Marlow,
Petitioner,

---

On Petition for a Writ of Mandamus to the
United States District Court Southern District of Illinois
No. 3:12-cv-00660-DRH-SCW
The Honorable David R. Herndon, Presiding

---

## PETITION FOR WRIT OF MANDAMUS

---

Mark J. Downton
2706 Larmon Avenue
Nashville, TN 37204
Telephone: (615) 275-6480

*Attorney for Petitioner, Lisa D. Marlow*

**DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Seventh Circuit Rule 26.1, Lisa

D. Marlow states that she is an individual citizen of the State of Florida and the following attorney

has represented her in this case:  Mark J. Downton.

# TABLE OF CONTENTS

DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   RELIEF SOUGHT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   FACTUAL AND PROCEDURAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.    REASONS WHY THE WRIT SHOULD ISSUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      A.    This Court Has Authority to Issue the Requested Writ. . . . . . . . . . . . . . . . . . 11

      B.    The District Court Clearly Exceeded its Authority and  Immediate Relief Is
            Required to Prevent Irreparable Harm. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VI.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## PETITION FOR WRIT OF MANDAMUS

Pursuant to 28 U.S.C. § 1651(a) and Fed. R. App. P. 21, Petitioner Lisa Marlow ("Petitioner") respectfully requests that the Court issue a writ of mandamus.

## I. INTRODUCTION

Plaintiffs in this action alleged State Farm Mutual Automobile Insurance Co. ("State Farm") and others violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by perpetrating a far-reaching scheme of judicial corruption in order to undo a $1.05 billion state court class action judgment in favor of 4.7 million policyholders. Plaintiffs alleged that while an appeal of the judgment was pending before the Illinois Supreme Court in 2003-04, State Farm recruited Lloyd Karmeier to run for a seat on that Court and managed and largely financed his campaign. In return, Plaintiffs alleged State Farm secured Karmeier's support to defraud them of their judgment. Six years after suing State Farm and others under RICO laws, the United States District Court for the Southern District of Illinois (the "District Court") preliminarily approved a $250,000,000 class action settlement between the parties on September 4, 2018 and set a final approval hearing for this Thursday, December 13, 2018.

Petitioner, Lisa D. Marlow ("Mrs. Marlow"), through her counsel, Mark J. Downton ("Downton"), filed the lone objection to the settlement, challenging the amount of the settlement as inadequate and arguing that Class Counsel's requested fee of *one-third of the $250,000,000 gross settlement fund* was excessive, among other things. This Petition is necessitated by District Court Judge David R. Herndon's unrelenting and progressively punitive treatment of Mrs. Marlow and Downton, aimed at deterring her from pursuing her objection, protecting Class Counsel's unprecedented fee ($83,333,333) and expense request ($6,971,852.80), totaling $90,305,185.80 (over 36% of the megafund settlement) and impairing Mrs. Marlow's eventual appellate rights.

1

Specifically, since Petitioner filed her objection on November 17, 2018, Judge Herndon[1] –

who has announced his retirement effective next month – has issued multiple notices and orders

interfering with and thwarting Petitioner's fundamental right to object to the settlement and Class

Counsel's ridiculously excessive fee request and to have her objection considered by the Court.  *See*

*Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002) ("Rule 23(e) entitles all class members to an

opportunity to object").  The harm inflicted on the Petitioner and her attorney by these recent notices

and orders is irreparable and cannot adequately be cured by a subsequent appeal, as the District

Court – in direct conflict with the class notice – is demanding their presence at the final approval

hearing, requiring the non-lawyer Petitioner to argue the objection herself and directing that

Petitioner be subject to cross-examination by the parties without even permitting her own attorney

to examine her.

The extraordinary circumstances of this case warrant mandamus relief, as routine,

end-of-case review of Judge Herndon's recent notices and orders can neither prevent nor undo the

substantial harm precipitated by them.  There will be no possibility of correcting the damaging

factual and legal errors endorsed by these notices and orders and obtaining vindication on appeal.

This is the rare case in which mandamus review is warranted.

The District Court's efforts to hamstring Petitioner and her attorney by ordering them to

appear and ordering Petitioner to make her own argument and be subject to cross examination – in

direct conflict with prior notices and orders – breach the bounds of the District Court's lawful

exercise of discretion, requiring this Court's immediate intervention.

---

[1] This Court has "described the district judge as a fiduciary of the class, who is subject therefore
to the high duty of care that the law requires of fiduciaries." *Pearson v. NBTY, Inc.*, 772 F.3d
778, 780 (7th Cir. 2014) (internal quotation marks omitted).

Most notably, Judge Herndon has thus far:

(1)     ordered Petitioner and her counsel to show cause [Doc. 970] why they should not be held in contempt, potentially including striking her objection, for failure to comply with a subpoena even while proceedings to quash the subpoena under Fed. R. Civ. P. 45 remain underway in another district[2];

(2)     ordered Petitioner and her counsel to appear at the December 13 fairness hearing [Dkt 970], despite the contrary provision in the court-approved published notice to class members, which provided, "If you send an objection, you do not have to come to Court to talk about it." [Notice, at 8, https://www.halevstatefarmclassaction.com/

(3)     ordered Petitioner, who is not an attorney [individually, not by and through her counsel] "to argue the merits of her objection" and be subject to cross-examination. [Dkt#: 970].

(4)     entered an order granting Plaintiffs' request to take "judicial notice" of a magistrate's order from another jurisdiction, despite the fact that the magistrate's order remains ineffective until the district judge affirms it. [Dkt#: 968].

## II. RELIEF SOUGHT

Petitioner seeks immediate protection from this Court and respectfully requests that the Court grant this petition for a writ of mandamus and direct the District Court (1) to strike the pending motion for sanctions against Petitioner and her counsel because jurisdiction for any contempt proceeding is vested within the District Court for the Middle District of Florida and that court has not transferred the matter, and (2) to vacate its order [Dkt#: 970] requiring Petitioner and her counsel to appear at the December 13, 2018 final approval hearing and for Petitioner to argue the merits of her objection and be subject to cross-examination. Alternatively, Petitioner would request that this Court issue a writ of mandamus (1) directing the District Court to continue the

---

[2]Rule 45 dictates that the District Court for the Southern District of Illinois does not even possess jurisdiction over the discovery motion at this time – specifically including discovery sanctions.

3

December 13, 2018 final approval hearing, and (2) ordering the parties to respond to this Petition, after which the Court may consider the merits of the Petition.

### III. ISSUES PRESENTED

A.   Whether the District Court has committed manifest and injudicious errors by issuing a series of notices and/or orders directed at Petitioner that so far exceed the proper bounds of judicial discretion that its actions can fairly be characterized as lawless or, at the very least, patently wrong, and cannot be effectively reviewable at the end of the case, requiring mandamus relief.

B.   Whether Petitioner has shown the exceptional circumstances required to justify a writ of mandamus: irreparable harm, a clear and indisputable right to mandamus relief, and other appropriate grounds amounting to a judicial usurpation of power by the District Court.

### IV. STATEMENT OF FACTS AND PRIOR PROCEEDINGS

On September 4, 2018, the named Plaintiffs, Mark Hale, Todd Shadle and Laurie Loger, on behalf of themselves and all other similarly situated ("Plaintiffs"), and Defendants, State Farm, Edward Murnane and William G. Shepherd ("Defendants") entered into a settlement of the underlying Action. *See Settlement Agreement, **Appendix**, pp. 1-28.* In germane part, the Settlement Agreement provided that the Plaintiffs shall move for entry of an order preliminarily approving the settlement on or before September 5 and that said "motion shall include the proposed form of an order preliminarily approving of the Settlement." *Id., p. 11.* It further provided:

> The Notice shall also include the general terms of the Settlement set forth in this Agreement, the general terms of the proposed Distribution Plan, the general terms of the Fee and Expense Award…, and *a description of Class Members' rights to object to the Settlement and/or appear at the Settlement Hearing*.

*Id. at p. 12* (emphasis supplied).  Importantly, the Settlement Agreement *did not state, mention, or otherwise suggest* that an objector would be required to give a deposition or would be waiving or

foregoing his/her to seek protection from discovery under applicable law, statutes, and the Federal Rules of Civil Procedure.

That same day, September 4, 2018, Plaintiffs moved the District Court for preliminary approval of the Settlement. *See Portions of the Docket Report (SD Ill) [Dkt#: 939]*, **Appendix***, pp. 29-34*. Plaintiffs represented:

> ● the Notice would inform Class members "about the settlement and their right to object...." *[Dkt#:. 939, Page ID # 39978]*;
>
> ● the settlement website, www.halevstatefarmclassaction.com, would "include *all* of the materials relating to the Settlement, including the Agreement itself, the claim form, and *all* information relating to the final fairness hearing." *[Id., emphasis supplied]*; and
>
> ● the Notice will "[d]escribe clearly the options open to the class members and the deadlines for taking action." *[Id.]*.

Significantly, Plaintiffs' Motion *did not mention, state, or otherwise suggest* that an objector would be required to give a deposition or would be waiving or foregoing his/her to seek protection from discovery under applicable law, statutes, and the *Federal Rules of Civil Procedure* and, by all appearances, did not "include the proposed form of an order preliminarily approving the Settlement," as required under the Settlement Agreement.

Again, on that same day, September 4, 2018, the District Court entered its Order Granting Preliminary Approval. *See Order Granting Preliminary Settlement Approval*, **Appendix***, pp. 35-43*. The District Court's Order:

> ● set the Final Fairness Hearing on the settlement and request for fees, expenses and service awards for December 13, 2018 *[Id., p. 38]*;
>
> ● with respect to objectors, directed that "Class Members must follow the directions in the Notice and file a written Objection with the Court by the Objection Deadline. In the written Objection, the Class Member must state his or her full name, address, and affirm that he or she is a Class Member, and must state whether he or she

5

intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Any documents supporting the Objection must also be attached to the Objection. No objection will be valid unless all the information described above is included. *The Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class*."[3]  *[Id., pp. 39-40]*;

● with respect to objectors who "fail to comply," purports to not permit them to object, to foreclose them from seeking appellate review,  and subject them to having their objections deemed waived. *[Id., p. 40.]*.

The District Court approved Notice to Class Members on September 5, 2018.  *Neither the Court-approved Postcard Notice, the Publication Notice, nor the Long Form Notice mentioned, stated, or otherwise suggested that an objector was agreeing to be deposed or that the parties had a "right to depose" an objector or that, by simply objecting, an objector would be waiving or foregoing his/her right to seek protection from discovery under applicable law, statutes, and the rules of federal civil procedure. See Notices, Appendix, pp. 44-56*. Further, the Court-approved Postcard and Publication Notices stated that an objector "may appear at the [Fairness] hearing…, but you don't have to…", and the Long Form Notice stated "No" as to whether an objector had to attend the Fairness hearing, explaining "[i]f you send an objection, you do not have to come to Court to talk about it… You may also pay your own lawyer to attend the hearing, but it is not necessary." *Appendix, pp. 46-48 and 55.*  These representations are also echoed on the frequently asked questions ("FAQs") pages of the settlement website. *See Pages from the Settlement Website,* www.halevstatefarmclassaction.com, *Appendix, pp. 57-66.*

---

[3]This "right to depose" is not mentioned anywhere in the Settlement Agreement [*Appendix*, pp. 1-28} or the Motion for Preliminary Approval.  Nor is this "right to depose" mentioned in the Notice to Class Members or on the settlement website, www.halevstatefarmclassaction.com.

On November 8, 2018, the District Court, by text entry, apparently *sua sponte* and without explanation, moved the noticed deadline *up* by two days for objecting to attorney's fees (from November 17 to November 15). ***Appendix****, pp. 31-32.* Curiously, later that same day, the District Court, again by text entry - again apparently *sua sponte* - and again without explanation, moved the deadline for objecting to attorney's fees back to November 17. **Appendix**, *p. 32.*

On November 13, 2018, Downton moved the District Court to appear pro hac vice for Class Member Lisa D. Marlow, signaling that she would be objecting to the settlement. ***Appendix***, *p. 32 [Dkt#. 957]*. Downton's Motion was granted on November 14. ***Appendix***, *p. 32 [Dkt#. 958]*. Coincidentally, *the very next day*, the District Court, by text entry, apparently *sua sponte*, without explanation, and without affording Downton/Mrs. Marlow an opportunity to be heard, completely undercut the Notices provided to Class members, and gave notice that "any objectors to the settlement are ***required to attend the hearing in person***." ***Appendix***, *p. 32 [Dkt. 959] (emphasis in original).* Again curiously, the District Court reversed course and, by text entry and again apparently *sua sponte* and without explanation, amended its notice to remove the language requiring objectors to attend the fairness hearing." ***Appendix***, *p. 32 [Dkt. 960].*

Mrs. Marlow timely filed her objection on November 17. *Marlow Objection,* ***Appendix***, *pp. 67-85.* Mrs. Marlow objected to the fairness of the settlement, the reasonable of the attorney's fees and incentive awards sought, and the burdens imposed on objectors. *Id.* From the moment Downton moved to appear in the Action, Plaintiffs' counsel began engaging in heavy handed tactics bent on

intimidating and harassing Downton/Mrs. Marlow into abandoning her objection.[4] Those unsavory

tactics culminated with Plaintiffs' counsel issuing and serving a subpoena on Mrs. Marlow on

November 26, commanding her to appear on December 5 to give a deposition.

On December 3, Downton advised Plaintiffs' counsel that Mrs. Marlow would not be

appearing for the deposition and, pursuant to *Federal Rule of Civil Procedure 45*, that he had filed

a Motion to Quash[5] the subpoena on his client in the United State District Court for the Middle

District of Florida. ***Appendix****, p. 96.*  Even *before* the Middle District of Florida had taken any action

on the Motion to Quash and even *before* the time for her deposition had arrived, Plaintiffs' counsel

filed a "Motion for Order to Show Cause Against Objector Lisa Marlow."  ***Appendix****, p. 33.*  This

Motion was filed *after business hours on December 4.  The following morning on December 5,

shortly after the Clerk's Office reopened*, the District Court, by text entry - without notice or

explanation and without affording Downton/Mrs. Marlow an opportunity to be heard - set a hearing

for the morning of December 10, 2018, at 8:30 for the purpose of determining "whether the objector

Lisa A. Marlow or her attorney Mark Downton or both should be held in contempt."  The District

Court threateningly noted that Mrs. Marlow and Downton "may be subject to being held in contempt

and sanctions may be imposed including, but not limited to, striking her objection," and declaring

that "no continuances will be allowed." ***Appendix****, p. 33.*

That same morning, the Magistrate Judge in the Middle District of Florida recommended

denial of Mrs. Marlow's Motion to Quash. *Docket Report (MD Fl)*, ***Appendix****, p. 269.*  Despite the

fact this recommendation was ineffective until affirmed by the District Judge, within hours

---

[4]See *Response of Lisa D. Marlow in Opposition to Plaintiffs' Motion for Contempt, **Appendix**,*
pp. 96-192, Downton's Declaration, ***Appendix***, pp. 111-115.

[5]The Motion to Quash, a Miscellaneous Action, appears at ***Appendix***, pp. 193-267.

Plaintiffs' counsel moved the District Court to take judicial notice of the Magistrate Judge's recommendation. *Appendix*, *p. 33*. *Within hours*, again without affording Downton/Mrs. Marlow notice or an opportunity to be heard, the District Court granted the request and took judicial notice of the Magistrate Judge's recommendation. *Appendix*, *p. 33*.

Later that day, knowing he was going to be in Boston on December 10, 2018, Downton moved the District Court to allow him to participate in the hearing by telephone. *Appendix*, *p. 33*. The District Court reacted swiftly and punitively on the very next day to this innocuous request , when, by text entry, Judge Herndon not only denied Downton's Motion, but declared:

> … the Court *CONTINUES* the Show Cause Hearing to 12/13/2018 [the day of the Fairness Hearing] … [and] DIRECTS *both Lisa A. [sic] Marlow and her attorney Mark Downton to attend the hearing* to show cause why they should not be held in contempt for failing to comply with the *Court's Order Granting Preliminary Settlement Approval* requiring Marlow to be deposed. *The objector will be required to argue the merits of her objection* and is subject to either cross examination by plaintiffs' counsel or being called by plaintiffs' counsel *to either establish the merits of her objection* or to challenge them. In either situation, plaintiffs' counsel will be allowed to ask leading questions of Ms. Marlow.

*Appendix*, *p. 33-34 (emphasis supplied)*. It is this Text Entry Order that is the primary subject of this Petition.[6]

In sum, the District Court did the following:

> ● approved and inserted a "right to depose" in its Preliminary Approval Order – a "requirement" not appearing in the Settlement Agreement or the Motion for Preliminary Approval and one not disclosed to Class Members, including Ms. Marlow, in the Postcard, Publication, and Long Form Notices and not revealed in the FAQs pages of the settlement website;

---

[6]In the interim, on December 8, Mrs. Marlow filed her Response to Plaintiffs' counsel's Motion to Show Cause. *Appendix*, pp. 96-192.

● apparently, *sua sponte* moved up the noticed deadline for objecting to attorneys' fee, and then reversed course, apparently, *sua sponte*, later that same day;

● the day after admitting Downton pro hac vice, again apparently *sua sponte*, entered an order stating that objectors were now "***required to attend the hearing in person***"— directly contradicting the Postcard, Publication, and Long Form Notices;

● the following day, again apparently *sua sponte*, reversed course and removed the requirement that objectors attend the hearing in person;

● within a few business hours of Plaintiffs' counsel's filing their Motion to Show Cause (which was filed before the time for the deposition and before the Magistrate Judge recommended that the Motion to Quash be denied) and without affording Mrs. Marlow any opportunity to respond or be heard, set a hearing for the purpose of determining "whether the objector Lisa A.Marlow or her attorney Mark Downton or both should be held in contempt."  The District Court threateningly noted that both Mrs. Marlow and Downton "may be subject to being held in contempt and sanctions may be imposed including, but not limited to, striking her objection," and stated that "no continuances will be allowed," and gave Mrs. Marlow and Downton five (5) days notice of the hearing;

● within a few business hours of Plaintiffs' counsel's filing a Request for Judicial Notice and again without affording Mrs. Marlow an opportunity to respond or be heard, entered an Order taking judicial notice of the Magistrate Judge's recommendation that Mrs. Marlow's Motion to Quash be denied -- a recommendation which is currently ineffective and still subject to review by the District Court up to and including December 19); and the *coup de gras*

● in response to a simple motion to be allowed to participate telephonically due to a real conflict, entered what can only be viewed as an inexplicably retaliatory and punitive order which flatly contradicts the Notice sent his case, and deprives Ms. Marlow of the protections of law, statutes and the *Federal Rules of Civil Procedure.*

While Petitioner and her attorney anticipated adversarial dealings with Plaintiffs' counsel, they did not expect such reckless, disproportionate and punitive actions by the District Court[7] – actions intended to compel Petitioner to abandon her objection and thwart her right to protect herself from the unjustified heavy-handed tactics of Plaintiffs' counsel.  Fearing this and other irreparable harm, Petitioner seeks immediate protection from this Court in the nature of a writ of mandamus.

## V. REASONS WHY THE WRIT SHOULD ISSUE

### A.      This Court Has Authority to Issue the Requested Writ

Under the All Writs Act, 28 U.S.C. § 1651, all federal courts are permitted to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See also* Fed. R. App. P. 21 (detailing the rules associated with petitions for writ of mandamus in federal appellate courts). The Seventh Circuit and other federal appellate courts have construed their mandamus jurisdiction to cover cases within their actual or potential appellate jurisdiction, *i.e.,* cases that are appealable to or could become appealable to that appellate court. *Gen. Elec. Co. v. Byrne,* 611 F.2d 670, 672 (7th Cir. 1979); *Application of the President and Directors of Georgetown College, Inc.,* 331 F.2d 1000, 1004 (D.C. Cir. 1964); *U.S. v. Helstoski,* 576 F.2d 511, 516 (3d Cir. 1978); *In re Virginia Elec. & Power Co.,* 539 F.2d 357, 365 (4th Cir. 1976). Courts of appeals may issue writs of mandamus "in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "When waiting until the end of the case would thwart effective correction (and the other requirements for use of the writ are met), the court of appeals steps in early." *In re BBC Int'l Ltd*, 99 F.3d 811, 812 (7th Cir., 1996) citing *FTC*

---

[7] Strangely, during this ordeal, Downton was contacted by the Court mediator, Randi Ellis, who indicated she was doing so at the behest of the District Court. Downton's Declaration, ***Appendix***, p. 113.

11

*v. Dean Foods Co.*, 384 U.S. 597 (1966) (describing the power to issue mandamus as an adjunct to the power to hear an appeal that "extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected").

Writs are granted "only in extraordinary circumstances, either 'to confine an inferior court to a lawful exercise of its *prescribed* jurisdiction or *to compel it to exercise its authority when it is its duty to do so*.'" *In re Hijazi,* 589 F.3d 401, 406 (7th Cir. 2009) (quoting *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980) (emphasis added)).

### B.    The District Court Clearly Exceeded Its Authority and Immediate Relief Is Required to Prevent Irreparable Harm

Three conditions must be satisfied in order to seek a writ of mandamus:

1.    The petitioner must have no other adequate means to attain the relief she desires – *i.e.* the writ cannot be used as a substitute for the regular appeals process.

2.    The petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable.

3.    The issuing court must be satisfied that the writ is appropriate under the circumstances.

*Cheney v. U.S. Dist. Ct. for the Dist. of Columbia,* 542 U.S. 367, 380-81 (2004).

Petitioner meets those standards here. She presented evidence to the District Court that Class Counsel attempted to force her into abandoning her objection through intimidation and back-channel communications, by threatening to depose her and by seeking to have Petitioner and her attorney held in contempt for doing nothing more than lawfully resisting a subpoena. The District Court – guardian of the rights of absent class members – entered order after order, bent on strong-arming Petitioner into abandoning her objection and foregoing a potential appeal, repeatedly failing to allow her to respond to Class Counsel's submissions, warning Petitioner that her objection might be

12

stricken, ordering her to appear at a hearing and personally present her own argument in support of her objection and ordering her to surrender herself to the parties' attorneys for cross-examination, even though class notice had told her that neither her nor her attorney needed to appear. These extraordinary circumstances warrant mandamus relief.

First, Petitioner has no other means to obtain the relief sought. The District Court's recent notices and orders make an end of the case appeal ineffectual and will leave the legitimate interests of Petitioner and other absent class members at risk. No final appeal of the District Court's orders – directing Petitioner and her attorney to appear at the final approval hearing and to personally make her argument in support of her objection and be subject to cross-examination by the numerous attorneys for the parties – can undo their harm. Without the writ, Petitioner will therefore suffer irreparable harm. *See Abelesz v. OTP Bank*, 692 F.3d 638, 652 (7th Cir. 2012); *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995) (citation omitted).

Second, Petitioner's right to issuance of the writ is clear and indisputable. Fed. R. Civ. P. 45 clearly and indisputably gives Petitioner the right to challenge the subpoena for her deposition and provides that the appropriate forum for any contempt action is the Middle District of Florida. Further, Rule 59 clearly and indisputably gives Petitioner the right to object to the Magistrate's ruling on her motion to quash.[8] The District Court's recent orders are "'at the very least, patently erroneous.'" *See U.S. v. Vinyard*, 539 F.3d 589, 591 (7th Cir. 2008) (citation omitted)).

---

[8]Although the Supreme Court has refused to include discovery orders within the class of "collateral orders," which are appealable though interlocutory, the court has made clear that mandamus provides a "safety valve" enabling appellate review of such an order in the exceptional case. *In re Petition of Boehringer Ingelheim Pharmaceuticals, Inc.*, 745 F.3d 216, 219 (7th Cir. 2014) (district judge exceeded his authority to change, as a sanction, the agreed-upon site of the depositions of certain individuals residing in a foreign country); *see also United States ex rel. Chandler v. Cook County*, 277 F.3d 969, 981 (7th Cir.2002).

Third, the writ is appropriate.   Objectors and their counsel can provide valuable counterweight to class counsel, whose fee requests often go unchallenged in the class action approval process under Rule 23.   Petitioner filed the only objection to the proposed settlement. Unless Petitioner's objection is considered, Class Counsel may walk away with a fee that exceeds the benchmark in the Circuit by more than $28 Million – money that would otherwise be distributed to the class members that Class Counsel represent.   The District Court's recent notices and orders, however, wrongly, unfairly and injudiciously jeopardize Petitioner's right to object – requiring her presence and the presence of her attorney, requiring her to personally make her own argument and requiring her to submit herself to cross examination – disregarding the fact she has demonstrated her class membership and has a fundamental right to object.   Here, discretionary review would function as an invaluable "'safety valve[] for promptly correcting'" the serious errors made by the District Court.   *See In re Whirlpool Corp.*, 597 F.3d 858, 860 (7th Cir. 2010) (citations omitted).

Because the District Court's recent notices and orders, as described herein, so far exceed the proper bounds of judicial discretion such that its actions can fairly be characterized as lawless or, at the very least, patently wrong, and cannot be effectively reviewable at the end of the case, they satisfy the conditions for mandamus relief.   *See In re Rhone- Poulenc Rorer, Inc.*, 51 F.3d 1293, 1295 (7th Cir. 1995).

## VI. CONCLUSION

Petitioner has established that she is a class member under the proposed settlement.  She has filed a claim and has complied with all requirements in the published notice to have her objection to the proposed settlement considered by the District Court.  In addition, Petitioner properly sought protection from the subpoena for her deposition under Fed. R. Civ. P. 45, by filing a motion to quash in the United States District Court for the Middle District of Florida, where compliance with the

14

subpoena would be required.  However, the District Court has repeatedly changed the rules for

Petitioner's objection to be considered and ignored the Middle District of Florida's jurisdiction over

issues regarding the subpoena and its enforcement.  *Accordingly*, Petitioner requests that this Court

issue a writ of mandamus directing the District Court (1) to strike the pending motion for sanctions

against Petitioner and her counsel because jurisdiction for any contempt proceeding is vested within

the District Court for the Middle District of Florida and that court has not transferred the matter, and

(2) to vacate its order [Dkt 970] requiring Petitioner and her counsel to appear at the December 13,

2018 final approval hearing and for Petitioner to argue the merits of her objection and be subject to

cross-examination.  *Alternatively*, Petitioner would request that the Court issue a writ of mandamus

(1) directing the District Court to continue the December 13, 2018 final approval hearing, and (2)

ordering the parties to respond to this Petition, after which the Court may consider its merits.

Dated: December 11, 2018

Respectfully submitted,

/s/ Mark J. Downton
Mark J. Downton, Esq.
2706 Larmon Avenue
Nashville, TN 37204
Telephone: (615) 275-6480

*Attorney for Petitioner, Lisa Marlow*

15

**CERTIFICATE OF COMPLIANCE
WITH TYPE-VOLUME LIMITATIONS, TYPEFACE REQUIREMENTS
AND TYPE STYLE REQUIREMENTS**

Pursuant to Fed. R. App. P. 21(d), the undersigned certifies that this Petition complies with

the length limitations of Fed. R. App. P. 21(d) because it does not exceed 7,800 words or 30 pages,

excluding documents filed under Fed. R. App. P. 21(a)(2)(C) (it includes 4681 words). Moreover,

this brief complies with the requirements of Fed. R. App. P. 32(c)(2) and 32(a), including the

typeface requirements of Fed. R. App. P. 32(a)(5)-(a)(6) and Cir. R. 32(b), because it has been

prepared using a proportionally spaced typeface using a word-processing software with 12-point

Times New Roman font.

Dated: December 11, 2018


/s/ Mark J. Downton
Mark J. Downton
2706 Larmon Avenue
Nashville, TN 37204
Telephone: (615) 275-6480

*Attorney for Petitioner Lisa Marlow*

16

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, I sent the foregoing **PETITION FOR WRIT**

**OF MANDAMUS** to the Clerk of the United States Court of Appeals for the Seventh Circuit via

electronic mail.  Copies have been sent via U.S. mail, postage prepaid, on the following individuals:

Robert A. Clifford
CLIFFORD LAW OFFICES
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602

*Attorney for Plaintiffs and the Class*

Ronald S. Safer
RILEY SAFER HOLMES &
CANCILA LLP
70 W. Madison St., Ste. 2900
Chicago, IL 60602

*Attorneys for State Farm Mutual Automobile Insurance Co.*

Paul E. Veith
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

*Attorneys for Edward Murnane*

Russell K. Scott
GREENSFELDER, HEMKER & GALE PC
12 Wolf Creek Drive, Suite 100
Swansea, IL 62226

*Attorneys for William G. Shepherd*

Honorable David R. Herndon
United States District Judge
Southern District of Illinois
750 Missouri Avenue
East St. Louis, IL 62201

17

Dated: December 11, 2018

*/s/ Mark J. Downton*
Mark J. Downton, Esq.
2706 Larmon Avenue
Nashville, TN 37204
Telephone: (615) 275-6480

*Attorney for Petitioner Lisa Marlow*

18