## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK HALE, TODD SHADLE, and LAURIE LOGER, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs<br><br>   v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, EDWARD MURNANE, and WILLIAM G. SHEPHERD,<br><br>        Defendants. | Case No. 3:12-cv-00660-MJR<br><br>Judge Michael J. Reagan |

## PLAINTIFFS' OPPOSITION TO NON-PARTY LISA MARLOW'S MOTION TO SUPPLEMENT APPELLATE RECORD

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

I.      Marlow forfeited her right to appeal and lacks standing to seek the
        requested relief. .................................................................................................... 1

II.     Marlow's request is untimely .............................................................................. 3

III.    Class Counsel's internal allocation agreement was never part of the
        record, and Judge Herndon did not rely on it in granting the fee motion. ............. 4

IV.     Marlow's objection in this Court did not raise any issue relating to the
        internal allocation agreement, and she has therefore waived any appellate
        arguments related to it. .......................................................................................... 5

V.      If the internal allocation agreement is to be included in the appellate
        record, it should be lodged with the Court of Appeals *in camera*. ........................ 6

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## Cases

*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*,
  289 F.3d 589 (9th Cir. 2002) ..................................................................................... 4

*Baxter Int'l, Inc. v. Abbott Labs.*,
  297 F.3d 544 (7th Cir. 2002) ..................................................................................... 7

*Bowling v. Pfizer, Inc.*,
  102 F.3d 777 (6th Cir. 1996) ..................................................................................... 5

*Culbert v. Young*,
  834 F.2d 624 (7th Cir. 1987) ..................................................................................... 3

*Duthie v. Matria Healthcare, Inc.*,
  No. 07 C 5491, 2008 WL 1829721 (N.D. Ill. Apr. 23, 2008) ................................... 4

*In re Auto. Parts Antitrust Litig.*,
  No. 2:12-CV-00202, 2017 WL 3480261 (E.D. Mich. July 14, 2017) ....................... 5

*In re Polyurethane Foam Antitrust Litig.*,
  168 F. Supp. 3d 985 (N.D. Ohio 2016) ...................................................................... 5

*In re Special Feb. 1977 Grand Jury*,
  570 F.2d 674 (7th Cir. 1978) ..................................................................................... 7

*In re Subway Footlong Sandwich Mktg. & Sales Practices Litig.*,
  316 F.R.D. 240 (E.D. Wis. 2016) ............................................................................... 5

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004) ...................................................................................... 5

*Mark Hale, et al v. Lisa Marlow*,
  No. 19-1080 (7th Cir. Jan. 29, 2019) ........................................................................ 3

*Riordan v. State Farm Mut. Auto. Ins. Co.*,
  589 F.3d 999 (9th Cir. 2009) ..................................................................................... 4

*Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*,
  825 F.3d 299 (6th Cir. 2016) ..................................................................................... 6

*Taubenfeld v. Aon Corp.*,
  415 F.3d 597 (7th Cir. 2005) ..................................................................................... 6

*Thomas v. McElroy*,
  Civ. No. 10-424, 2011 WL 4383565 (S.D. Ill. Sept. 20, 2011) ................................ 4

*United States ex rel. Liotine v. CDW-Government, Inc.*,
  No. 3:05-cv-00033, 2013 WL 6069443 (S.D. Ill. Nov. 18, 2018) ............................ 6

*United States v. Consol. Packaging Corp.*,
  575 F.2d 117 (7th Cir. 1978) ..................................................................................... 7

*Wong v. Accretive Health, Inc.*,
  773 F.3d 859 (7th Cir. 2014) ..................................................................................... 6

**TABLE OF AUTHORITIES**
(continued)

**Page**

**Rules**

Fed. R. Civ. P. 5(d) ................................................................................................... 4

Fed. R. Civ. P. 5(d)(2)(A) ......................................................................................... 4

Fed. R. Civ. P. 5(d)(2)(B) ......................................................................................... 4

Seventh Circuit Rule 10(a)(3) .................................................................................... 3

Seventh Circuit Rule 10(b) ........................................................................................ 3

## INTRODUCTION

Lisa Marlow is the lone objector out of a class of 4.7 million to a $250 million class action settlement approved by this Court; her objection is the only thing standing in the way of class members finally obtaining compensation after many long years of litigation. Indeed, nearly 1.5 million of these class members will receive *automatic* payments shortly after Marlow's baseless appeal is resolved. In what is merely the latest in a long list of delay tactics and willful violations of court orders and rules, Marlow—who has no standing to seek relief—has now brought an untimely motion to supplement the appellate record with a document that was never filed with this Court and on which Judge Herndon did not rely in approving the settlement and fee award. This Court should deny Marlow's motion, which relies far more on innuendo than argument, and this matter should be permitted to move expeditiously to conclusion.

## ARGUMENT

### I.      Marlow forfeited her right to appeal and lacks standing to seek the requested relief.

The order granting preliminary approval set forth the procedure and requirements for objecting to the settlement and forthcoming motion for attorneys' fees and costs. Among other things, Paragraph 11 of the order required objectors to: (1) "follow the directions in the Notice"; (2) state, in the written objection, "whether he or she intends to appear at the Fairness Hearing" and (3) "attach[] to the Objection" "any documents supporting the Objection," such as "proof of your membership in the class." [942] at 5–6; [945-1] at 58. The order further stated that "[n]o Objection will be valid unless all of the information described above is included." [942] at 6.

Paragraph 11 of the preliminary approval order also provided that "[t]he Parties will have the right to depose any objector to assess whether the objector has standing or motives that are inconsistent with the interests of the Class," and explained that

> *[a]ny Class Member who fails to comply with Paragraphs 11 and 12* (as detailed in the Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, *will be deemed to have waived his or her objections*, and will be forever barred from making any objections in the Action or any other related action or proceeding.

1695987.1

[942] at 6–7 (emphasis added).

As the record clearly reflects, Marlow and her attorney, Downton, flouted the Court's orders time and time again. Marlow initially swore under oath she was not a class member. She did not state whether she intended to appear the Fairness hearing. She did not attach any proof of class membership to her objection. She repeatedly refused to sit for a deposition. And both Marlow and Downton defied the Court's order by failing to appear at a hearing to determine whether they should be sanctioned for their misconduct and noncompliance. At the final approval hearing, Judge Herndon summarized the events as follows:

> [T]he record in this case is clear on what has happened. We have an objector who, under oath, verified that she was not a class member by virtue of not having aftermarket parts, and then some two weeks later tried to withdraw or pull back that verification and in a letter to the claims administrator indicated that, oh, she was mistaken, she did not understand that question, that she, in fact, did have aftermarket parts and, therefore, was a member of the class.
>
> So the process that the Court had set up with respect to allowing any party to depose a class member with respect to the issues of whether or not he or she is, in fact, a member of the class and whether or not their interests are inconsistent with the interests of the class as a whole, she clearly was one who could have been and should have been deposed in order to fully vet those issues. But through quite a number of evasive actions taken by Mr. Downton, I read through the emails and the letters and it was clear that he was doing everything he could to simply avoid her having to give a deposition. . . .
>
> So, clearly the obstruction, evasion, refusal to comply with the numerous requests in various forms made by the plaintiffs for deposition was inappropriate and contrary to the procedure approved in the settlement of this case, and I agree for that reason that it should be stricken because it's -- they just simply didn't follow the very simple procedure that had been set up here. So in addition to denying it on its merits, as an alternative finding, I would strike the objection.

[986] at 53-54, 56.

In a subsequent order, Judge Herndon "str[uck] Marlow's objection" for "the reasons stated on the record at the Fairness Hearing" and "conclude[d] that she is foreclosed from seeking any review of the Settlement Agreement by appeal or other means." [982]. (Marlow did

not timely appeal from the order striking her objection, as her notice of appeal did not identify that order.)

Because Marlow waived her objection and forfeited any right to appeal or seek any further review, she has no standing to seek the relief she requests here. Her motion should therefore be denied on that basis alone.

## II.    <u>Marlow's request is untimely.</u>

Even if Marlow had standing to obtain the requested relief (and she does not), her motion is untimely and must be denied for this separate reason. Seventh Circuit Rule 10(a)(3) provides that "[c]ounsel ***must*** ensure, within 21 days of filing the notice of appeal, that all electronic and non electronic documents necessary for review on appeal are on the district court docket." Cir. Rule. 10(a)(3) (emphasis added). Circuit Rule 10(b) provides that "[a] motion to correct or modify the record pursuant to Rule 10(e), Fed. R. App. P. . . . ***must*** be presented first to the district court." Cir. Rule. 10(b) (emphasis added).[1] Marlow noticed her appeal on January 11, 2019. For the reasons stated below, the documents at issue in Marlow's motion are not "necessary for review on appeal," but if they were, as Marlow contends, her deadline to ensure they were on the district court docket was February 1, 2019. She filed the instant motion on February 6, 2019, well past the deadline. As detailed above, this is merely the latest example of Marlow and her counsel disregarding the rules.

Marlow's late submission in this Court is not excused by her decision to file a similar motion in the court of appeals before the 21-day deadline. Indeed, the Seventh Circuit denied her motion on January 29, 2019, almost immediately after she filed it, based on the unambiguous requirement that such motions "must be presented first to the district court." *See Mark Hale, et al v. Lisa Marlow*, No. 19-1080, Dkt. No. 18 (7th Cir. Jan. 29, 2019).

---

[1] The use of "must" instead of "may" or "should" means that compliance is mandatory, not permissive. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987) ("The word 'should,' unlike the words 'shall,' 'will,' or 'must,' is permissive rather than mandatory.").

Even if Marlow needed the Court of Appeals to remind her of the clear language of the rule, she still had more than three full days to seek relief in the proper forum. She failed to do so, and her untimely request must be denied for this independent reason. *Thomas v. McElroy*, Civ. No. 10-424, 2011 WL 4383565, at *1 (S.D. Ill. Sept. 20, 2011) (denying as untimely motion to supplement the record filed beyond the time prescribed by Rule 10).

III.   **Class Counsel's internal allocation agreement was never part of the record, and Judge Herndon did not rely on it in granting the fee motion.**

Marlow acknowledges that the Class Counsel did ***not*** file any fee allocation agreement with the Court. And as she concedes, "papers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." [992] at 4 (quoting *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 593-94 (9th Cir. 2002)). As she further concedes, Federal Rule of Civil Procedure 5(d) deems documents delivered to a judge to be "filed" only if the judge "***agrees*** to accept it for filing." [992] at 3 (quoting Fed. R. Civ. P. 5(d)(2)(B)) (emphasis added).[2]

Class Counsel submitted the document *in camera*, as expressly permitted by the Court's November 8, 2018 order. Upon review, Judge Herndon did not direct that the document was to be included in the record or otherwise entered on the docket, even under seal. And while Judge Herndon noted at the hearing that he had reviewed the document, there is no evidence that he relied on it in approving Class Counsel's fee motion, making it inappropriate for inclusion in the appellate record. *Duthie v. Matria Healthcare, Inc.*, No. 07 C 5491, 2008 WL 1829721, at *2 (N.D. Ill. Apr. 23, 2008) (holding that the record on appeal should include unredacted materials submitted to a judge in camera ***only*** for a document "that was relevant to my decision and that I

---

[2] *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009), cited by Marlow, is not the contrary. The Ninth Circuit in *Riordan* held only that a pre-trial order that was lodged with the ***clerk*** and noted on the docket was properly "filed" under Rule 5(d)(2)(A). Marlow does not and cannot argue that the internal allocation agreement here, which was provided to the ***judge***, meets the requirements of Rule 5(d)(2)(B), since Judge Herndon neither "agree[d] to accept it for filing" nor "then note[d] the filing date on the paper and promptly sen[t] it to the clerk." Fed. R. Civ. P. 5(d)(2)(B).

did rely on," as it was "expressly referred to in my decision," but **not** other documents that were not "relevant in any way to or utilized in any way in ruling on the Motion").

Indeed, the actual order granting the fee motion does not mention allocation at all, which is consistent with the "accepted practice" that Class Counsel have the authority to allocate fees without court involvement. *See In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 n.15 (3d Cir. 2004); *see also In re Subway Footlong Sandwich Mktg. & Sales Practices Litig.*, 316 F.R.D. 240, 253 (E.D. Wis. 2016) (rejecting argument that "class counsel may not privately divide a fee"), *rev'd on other grounds*, 869 F.3d 551 (7th Cir. 2017); *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 1006-07 (N.D. Ohio 2016) ("Courts routinely permit counsel to divide common benefit fees among themselves."); *In re Auto. Parts Antitrust Litig.*, No. 2:12-CV-00202, 2017 WL 3480261, at *2 (E.D. Mich. July 14, 2017) (same).

Judge Herndon discharged his duty to the class by deciding what the "group of attorneys' work was worth and then award[ing] a fee commensurate with that worth." *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 (6th Cir. 1996). As the Sixth Circuit observed:

> How . . . class counsel ultimately divide that fee among themselves appears to be
> irrelevant. As long as class . . . counsel are paid only what their collective work is
> worth, their distributions among themselves, even if done in a manner unrelated to
> the services a particular counsel has performed for the class, will in no way harm
> the class or negatively impact the fund from which the class's benefit is measured.

*Id.* Again, in the order from which Marlow is attempting to appeal, Judge Herndon properly determined the value of Class Counsel's collective efforts and left the allocation of the awarded funds to counsel's discretion. The order did not rely on class counsel's internal allocation agreement, and Judge Herndon properly exercised his discretion in declining to include the document as part of the record.

**IV.    Marlow's objection in this Court did not raise any issue relating to the internal allocation agreement, and she has therefore waived any appellate arguments related to it.**

In her objection [961], Marlow argued that the $250 million settlement was too low and that the **total** requested attorneys' fees were too high, but she did **not** raise any issues about the

manner in which that fee would be allocated among counsel. Nor did she argue to this Court that the internal allocation agreement was in any respect relevant to the fee request or her objection, even though her objection was filed over a week *after* the Court's November 8, 2018 order.[3] For this reason, although the internal allocation agreement is irrelevant to *any* aspect of the court's approval order, to the extent that Marlow intends to include in her appeal arguments relating to that agreement, she has waived them. *See Taubenfeld v. Aon Corp.*, 415 F.3d 597, 599-600 (7th Cir. 2005) (holding that objector challenging attorneys' fee award on appeal waived the right to make arguments not presented to the district court); *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 865 (7th Cir. 2014) (holding that objector's argument was "sufficiently different from that raised below to be considered newly raised, and therefore waived"). Since any argument related to the internal allocation agreement has been waived, there is no basis for including it as part of the appellate record.

**V.     If the internal allocation agreement is to be included in the appellate record, it should be lodged with the Court of Appeals *in camera*.**

As demonstrated above, Marlow lacks standing, and her motion is untimely. Moreover, the internal allocation agreement was never part of the district court record, Judge Herndon did not rely on it in granting the motion for attorneys' fees, and it has no bearing on any issue raised in Marlow's objections. If, notwithstanding these dispositive facts—any of which would be independent reasons for denying Marlow's motion—this Court believes the agreement should be included in the record on appeal, it should be provided to the Court of Appeals *in camera*. *See United States ex rel. Liotine v. CDW-Gov't, Inc.*, No. 3:05-cv-00033, 2013 WL 6069443, at *2 (S.D. Ill. Nov. 18, 2018) (holding that documents submitted to the district court *in camera*, if

---

[3] Marlow cites *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), for the proposition that class members should be able to "review the bases of the proposed settlement and the other documents supplied to the trial court." [992] at 4. Tellingly, Marlow provides neither a quote nor a page cite, which is significant because what the Sixth Circuit actually wrote concerned "the bases of the proposed settlement and the other documents *in the court record*." *Shane*, 825 F.3d at 309 (emphasis added). And of course, Marlow did not argue to this Court in her objection that review of the internal allocation agreement, which had nothing to do with the "bases of the proposed settlement," was at all necessary to her challenge to the fee award.

included in the appellate record, are to be submitted to the Seventh Circuit *in camera*); *see also In re Special Feb. 1977 Grand Jury*, 570 F.2d 674 (7th Cir. 1978) (noting *in camera* review by Court of Appeals); *United States v. Consol. Packaging Corp.*, 575 F.2d 117, 129 (7th Cir. 1978) (when *in camera* materials were included in the record, they were not provided to the other party but the Court of Appeals reviewed them and did "find them to be as represented by the Government").[4]

Of course, just because a document ***can*** be provided to the Court of Appeals *in camera* does not mean that it ***should*** be included in the record at all. Where, as here, "the district judge fairly and conscientiously examined the report and correctly found no basis for rending the confidential curtain," inclusion in the appellate record—even *in camera*—is unnecessary and unwarranted. *United States v. Anderson*, 724 F.2d 596, 599 (7th Cir. 1984).

## <u>CONCLUSION</u>

Marlow's motion to supplement the appellate record should be denied.


Dated: February 15, 2019                     Respectfully submitted,

                                             /s/ *Robert J. Nelson*
                                             Elizabeth J. Cabraser
                                             Robert J. Nelson
                                             Kevin R. Budner
                                             Lieff Cabraser Heimann & Bernstein, LLP
                                             275 Battery Street, 29th Floor
                                             San Francisco, CA 94111-3339
                                             Tel: 415-956-1000

---

[4] *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002), cited by Marlow, observed that "[t]he strong presumption of public disclosure applies only to the materials that ***formed the basis of*** the parties' dispute and ***the district court's resolution***." *Id.* at 548 (emphasis added); *see also id.* at 546 (discussing disclosure only of "the *dispositive* documents in any litigation"). As explained above, the internal allocation agreement was irrelevant to this Court's resolution of the attorneys' fee motion.

Steven P. Blonder #6215773
Jonathan L. Loew
Much Shelist, P.C.
191 N. Wacker, Suite 1800
Chicago, IL 60606-2000
Tel: 312-521-2402

John W. "Don" Barrett
Barrett Law Group, P.A.
404 Court Square North
P.O. Box 927
Lexington, MS 39095-0927
Tel: 662-834-2488

Patrick W. Pendley
Pendley, Baudin & Coffin, LLP
Post Office Drawer 71
24110 Eden Street
Plaquemine, LA 70765
Tel: 888-725-2477

Thomas P. Thrash
Marcus N. Bozeman
Thrash Law Firm, P.A.
1101 Garland Street
Little Rock, AR 72201
Tel: 501-374-1058

Robert A. Clifford #0461849
George S. Bellas
Kristofer S. Riddle
Clifford Law Offices
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602
Tel: 312-899-9090

Brent W. Landau
Jeannine M. Kenney
Hausfeld LLP
325 Chestnut Street
Suite 900
Philadelphia, PA 19106
Tel: 215-985-3273

Erwin Chemerinsky
University of California, Berkeley School of
Law
215 Boalt Hall,
Berkeley, CA 94720
Tel: 510- 642-6483

Richard R. Barrett
Law Offices of Richard R. Barrett, PLLC
2086 Old Taylor Road, Suite 1011
Oxford, Mississippi 38655
Tel: 662-380-5018

Gordon Ball
Gordon Ball PLLC
550 Main Street
Bank of America Center, Ste. 600
Knoxville, TN 37902
Tel: 865-525-7028

*Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 7.1(b), I certify that a copy of the foregoing was served upon counsel via the Court's CM/ECF system.

<u>/s/ *Robert J. Nelson*   </u>