## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARK HALE, TODD SHADLE, | * | |
| and LAURIE LOGER, on behalf of | * | |
| themselves and all others similarly | * | |
| situated, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | No. 3:12-cv-00660-MJR-SCW |
| | * | |
| STATE FARM MUTUAL AUTOMOBILE | * | Judge Michael J. Reagan |
| INSURANCE COMPANY, et al. | * | Magistrate Judge Stephen C. Williams |
| | * | |
| Defendants. | * | |
| | * | |

## OBJECTOR'S/APPELLANT'S REPLY BRIEF

COMES NOW Lisa D. Marlow, pursuant to this Court's February 18, 2019 docket text

Order and, for her reply in support of her Motion to Supplement the Appellate Record would show

unto the Court as follows:

## INTRODUCTION

The Motion before the Court is a Motion to Supplement the Record so the Court of Appeals

has before it all materials it may need to review and determine the merits of Ms. Marlow's appeal.

Despite Plaintiffs' extensive arguments related to the merits of that Appeal, those issues are for

the Seventh Circuit, not this Court, to determine. Although Plaintiffs Response attempts to shift

the argument away from the record itself, and onto Plaintiffs' general insistence that the Appeal

lacks merit, this Court must maintain its focus on producing a record for review that accurately

reflects the proceedings that led to approval of the contested settlement agreement. Based on

Plaintiffs' admission in their Response that those proceeding included an unannounced review of

the fee allocation agreement behind closed doors, there should be no doubt that documents related thereto belong in the Appellate Record.[1]

## REPLIES TO PLAINTIFFS' ARGUMENTS

**I.      The pending Motion to Supplement pertains to the integrity of the record, not the merits of the appeal which is exclusively the province of the Seventh Circuit.**

Plaintiffs dedicate a substantial portion of their response arguing issues unrelated to the proper record this Court should provide to the Court of Appeals and instead suggesting that their belief that the Appeal will not succeed supplants the need for a proper record. First, Plaintiffs again argue that Ms. Marlow lacks standing to appeal, an argument the Seventh Circuit has rejected and allowed Plaintiffs to include in their merits brief.  Second, Plaintiffs argue that Ms. Marlow waived an issue on appeal, an argument that is flawed but properly determined by the Seventh Circuit, not this Court. Both issues go to the merits of the appeal, not the contents of the record on appeal.

Preliminarily, although the issue is not one for this Court to determine, Ms. Marlow clearly has standing to Appeal, and the Seventh Circuit has explicitly allowed her appeal to proceed. Simple, inarguable facts grant her the right to appeal: (1) Ms. Marlow is a class member who (2) timely filed an objection in this Court and (3) timely filed an appeal after her objection was overruled.  *See Devlin v. Scardelletti*, 536 U.S. 1, 8-9 (2002) ("Rule 23(e) entitles all class members to an opportunity to object"). Moreover, Plaintiffs' filed a motion for summary disposition mirroring the exact arguments they make here, but the Seventh Circuit denied the motion and

---

[1] Should the Objector become aware that additional materials were provided to Judge Herndon off the record, Objector may move for inclusion of those materials as well. The record should be complete. Plaintiffs, who complain of delay, may be well served to simply divulge the extent of their clandestine interactions with the Court, as the record on appeal should include everything.

allowed Plaintiffs to present the standing issue in their merits briefs. *See Order*, attached as Exhibit A.

Second, Plaintiffs erroneously claim that Ms. Marlow waived issues related to the fee allocation agreement and cannot argue those issues on appeal, but that decision also rests with the Court of Appeals and has nothing to do with what should be included in the record. Although it should not be necessary for Ms. Marlow to convince this Court that she will also prevail on this issue, she will. Wavier requires an "intentional relinquishment or abandonment of a known right." *U.S. v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). In this case, however, Plaintiffs secret dealings with the judge pretermit waiver arguments. Ms. Marlow could not have "waived" an issue she did not know about. The fact that Plaintiffs failed to make public their dealings with the Court related to the fee agreement prevented Ms. Marlow or any other class member from knowing that Judge Herndon had, in fact, received and reviewed it. Ms. Marlow would not know that the issue even existed because the Court would not come to reference the allocation agreement and Ms. Murphy's mysterious involvement as undisclosed counsel for Plaintiffs until the transcript was made available. The fact that this information was kept off the record prevented Ms. Marlow from having the requisite knowledge to waive issues related to it. Ms. Marlow simply could not waive an issue about which she did not know, and this whole issue demonstrates the problems of secrecy in class settlement proceedings.

Additionally, Ms. Marlow's appeal clearly implicates the propriety of the attorney fee award Judge Herndon approved. Plaintiffs list several cases for the general proposition that fee agreements should not affect a district court's determination of appropriate fees. At this point, Ms. Marlow does not need to argue whether he *should* have relied upon the fee agreement; Judge Herndon appears to have done so, rightly or wrongly. If Judge Herndon inflated the fee award to

account for the fee allocation, that decision would be clear error under the decisions cited by Plaintiffs. In any event, Judge Herndon referenced the allocation agreement when approving fees, and the approval of those fees is a primary issue of appeal. No reasonable interpretation of the issues on appeal could include a finding that this Ms. Marlow waived this issue.

In any event, Plaintiffs merits arguments cannot serve as justification to withhold documents from the appellate record. Doing so requires this Court to substitute its judgment for the ultimate decisions of the reviewing court. District courts do not determine whether an appeal has merit. Such a decision rests with the Circuit Courts. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir., 1985); *In re Am. Invs. Life Ins. Co. Annuity Mktg. and Sales Practices Litig.*, 695 F. Supp. 2d 157, 166 (E.D. Pa. 2010) ("the Court of Appeals is the best forum to litigate the merits of the appeal.").

**II.     Ms. Marlow's motion to supplement should not be denied as untimely.**

The 21-day timeframe for "[c]ounsel (i.e. *ALL* counsel, not merely the appellant) to ensure that documents are on the district court's docket" does not equate to a deadline for filing a motion to supplement the appellate record. In fact, the Seventh Circuit's Practitioner's Handbook contemplates that a motion to supplement may be filed after the initial 21 days. See, *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* at p. 123 (2017) ("If counsel, **after the record is filed in the court of appeals**, discovers that the record is incomplete, he should seek an agreement of opposing counsel to file a stipulation in the district court that a supplemental record be prepared and sent to the court of appeals by the district court clerk. However, if there is a dispute as to what is part of the record, the parties should resolve that in the district court.") (emphasis added).

Ms. Marlow sought agreement from opposing counsel, was refused and then filed her motion to supplement in the Seventh Circuit on January 25, 2019 (well within 21 days). On January 29, the Seventh Circuit instructed her to file the motion first in this court.  The Seventh Circuit did not dictate the motion be filed within any specific deadline and clearly expected this Court would make a determination of the propriety of the motion, not avoid the issue through a strained reading of the rules. Moreover, Plaintiffs cannot and do not even attempt to demonstrate any prejudice from the timing of the filing of the motion in this Court because they were fully aware of the Motion and Ms. Marlow's request before, during and after the Court of Appeals ruling encouraging the filing in this Court, long before any time period expired.[2]

## III.    A focus on the record demands inclusion of the disputed document.

All documents submitted to and relied on by the district court are part of the appellate record. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009). "The parties should be sure that **anything conceivably relevant** to the issues on appeal is included in the record." *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* at p. 122 (2017) (emphasis added).  And, as Judge Herndon stated in the *CDW-Government* case cited by Plaintiffs, "the entirety of the record is relevant for the appellate court's attorney's fees review."  *United States ex rel. Liotine v. CDW-Government, Inc.*, No. 3:05-cv-00033-DRH-PMF, 2013 U.S. Dist. LEXIS 163354, at *5-6 (S.D. IL. Nov. 18, 2013).  Although Plaintiffs imply that inclusion in the record of materials considered by the Court is discretionary, it is not. Clearly,

---

[2] Indeed, Plaintiffs' counsel also know that counsel for Objector was hospitalized the day after the Court of Appeals issued its Order for nearly a week and underwent surgery, a fact that has been litigated in the Court of Appeals, but conveniently fail to disclose that knowledge to this Court in arguing for a punitive and draconian reading of the Rule.

this Court should include "anything conceivably relevant", and that includes everything when it comes to reviewing class action fee awards.

Plaintiffs only substantive argument to exclude this document from the record is their self-serving declaration that "Judge Herndon did not rely on [the allocation agreement]." This position is fundamentally contrary to his actions preceding and at the Fairness Hearing. It is undisputed that he ordered Class counsel to produce the agreement, that he reviewed the agreement and then he referenced the agreement in his ruling on attorney fees. Judge Herndon's reliance on the allocation agreement should be determined from his actions on the record, not Plaintiffs' self-serving guesses as to what was in his mind. His actions certainly lead one to conclude that his decision "conceivably" included thoughts related to the fee allocation agreement he reviewed and referenced.

## IV.    The cases cited by Plaintiffs do not support submitting the allocation agreement to the Court of Appeals *in camera*.

The last thing this case needs is more secrecy, but Plaintiffs fall-back position seeks continued murkiness in the record. Plaintiffs suggest that should this Court decides to allow access by the reviewing court at all, that review should continue to be made behind closed doors *in camera*. Such a result would continue to hide the agreement from Ms. Marlow and her counsel, as well as the class.  In addition, submitting the agreement *in camera* would be contrary to the public nature of the federal judiciary.

Documents that affect the disposition of federal litigation are presumptively open to public view. Secrecy makes it difficult for the public to know who's using the courts, to understand the grounds and motivations of a decision, why the case was brought and litigated, and what exactly was at stake in it; sometimes though, these concerns are overridden, and disclosure is not warranted. *Mueller v. Raemisch*, 740 F.3d 1128, 1135-36 (7th Cir. 2014); *Goesel v. Boley*

*International (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013); *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* at p. 124 (2017).

Indeed, secrecy surrounding fee awards is particularly troubling in class action litigation. The Seventh Circuit has noted: "To begin with, ***we disapprove the practice*** (a practice we had never heard of and can find no case law concerning) ***of encouraging or permitting the submission of fee applications in camera***. In the unlikely event that some confidential information is contained in the applications, that information can be whited out. To conceal the applications and in particular their bottom line, paralyzes objectors, even though inflated attorneys' fees are an endemic problem in class action litigation and the fee applications of such attorneys must therefore be given beady-eyed scrutiny by the district judge. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277 (7th Cir. 2002) citing *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 192 (3d Cir.2000); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1803, pp. 510–11 (2d ed.1986).

All of the cases cited by Plaintiffs supporting *in camera* submission to the Court of Appeals presented unique circumstances where proponents of secrecy carried the high burden of supporting an exception to the general rule of transparency. None of those circumstances exist or have even been suggested here. *See In re Special Feb. 1977 Grand Jury*, 570 F.2d 674, 678 (7th Cir. 1978) (contempt proceeding allowing secrecy because of "possible exposure of sensitive material affecting others, and jeopardy to witnesses and informants"); *United States v. Consol. Packaging Corp.*, 575 F.2d 117 (7th Cir. 1978) (Jencks Act case seeking notes and independent recollection of government counsel, where materials were sealed and later made a part of the record on appeal); *United States ex rel. Liotine v. CDW-Gov't, Inc.*, No. 3:05-cv-00033, 2013 WL 6069443 (detailed

billing records supporting Liotine's request for attorney fees reviewed *in camera* after provision to the other side).

In each instance, the party advocating secrecy articulated an important basis for that secrecy. Plaintiffs have not done so in this case, and the secrecy they utilized in this Court has already created appellate issues. The secrecy must end. Class action settlements, in particular, require transparency.

## CONCLUSION

For the reasons stated in Ms. Marlow's motion and this reply, the Court should supplement the appellate record with the allocation agreement which CVlass counsel improperly submitted to the Court *in camera*.

Respectfully submitted, this 22nd day of February 22, 2019.

/s/ *Mark J. Downton*
Mark J. Downton, Admitted Pro Hac Vice
2706 Larmon Avenue
Nashville, TN 37204
Telephone:  (615) 275-6480
*Attorney for Objector/Appellant Lisa D. Marlow*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.1(b), I certify that a copy of this Objection was served upon on all counsel of record registered for ECF notifications on February 22, 2019, via the Court's CM/ECF system, and to the following via U.S. Mail:


*/s/ Mark J. Downton*
Mark J. Downton